David A. Kettel, Esq. (State Bar No. 125745)
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283
Email: dkettel@tocounsel.com

Attorneys for Claimant BOARD OF MANAGERS OF THE WALKER TOWER CONDOMINIUM, aka RESIDENTIAL SECTION OF THE WALKER TOWER CONDOMINIUM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>    Defendant.<br><br>BOARD OF MANAGERS OF THE WALKER TOWER CONDOMINIUM, aka RESIDENTIAL SECTION OF THE WALKER TOWER CONDOMINIUM,<br><br>    Claimant. | Case No. CV-16-5376-DSF-PLA<br><br>**RESPONSE OF CLAIMANT BOARD OF MANAGERS, ETC. TO COURT'S ORDER TO SHOW CAUSE RE MINOR BENEFICIARIES**<br><br>Action Filed: July 20, 2016 |

Claimant BOARD OF MANAGERS OF THE WALKER TOWER CONDOMINIUM, aka RESIDENTIAL SECTION OF THE WALKER TOWER CONDOMINIUM (the "Board") hereby responds to the Court's Order to Show Cause re Minor Beneficiaries issued on October 19, 2016. (Dkt. No. 32).

/ / /

# I. INTRODUCTION

Without any legal support therefore or prior Court approval, claimant S.A.K.A has used only her initials in connection with the following three filings: (1) Joint Stipulation for Extension of Time to Respond to Initial Complaint, etc. (Dkt. No. 14); (2) Verified Claim of 212 West 18th Street LLC, Atlantic Property Trust, and Guardian Ad Litem for Minor Children Beneficiaries (Dkt. No. 18) (the "claim"); and (3) Petition of S.A.K.A for Appointment as Guardian Ad Litem (Dkt. No. 20) (the "Guardian Petition").

# II. THE CLAIM AND GUARDIAN PETITION

In the claim, claimants assert, among other things, the following:

(1) Claimant 212 West 18th Street LLC is the titleholder and 100% owner of the defendant property;

(2) Claimant Atlantic Property Trust is the sole member of 212 West 18th Street LLC;

(3) Claimant S.A.K.A. is the Manager of 212 West 18th Street LLC and Trustee of the Trust; and

(4) Claimant S.A.K.A. is or will petition for an order appointing her the legal guardian of four minor beneficiaries of the Trust and beneficial owners of the defendant property.  (Dkt. No. 18).

In her Guardian Petition, S.A.K.A. alleges, among other things:

(1) She is the natural mother of the four minor beneficiaries referenced above; and

(2) She is competent and willing to act as guardian ad litem for the four minor children.

No one has alleged that the four minor children are actually claimants.  Thus, the Board agrees with the Court that the four minor children do not purport to be claimants.

## III. THE GOVERNMENT'S COMPLAINT

The government's Verified Complaint for Forfeiture *In Rem* (the "complaint") alleges, among other things:

> 476. On October 30, 2013, [Khadem Abdulla AI QUBAISI ("QUBAISI")] entered into a Purchase Agreement with "SMJ 210 West LLC"… for the purchase of THE WALKER TOWER PENTHOUSE for the price of $50,000,000. The agreement is signed by QUBAISI as the purchaser.
>
> 477. On January 21, 2014, QUBAISI assigned his interest in the PURCHASE Agreement to "212 West 18th Street LLC f/k/a Al Qubaisi 212 West 18th Street LLC." QUBAISI signed on behalf of himself as the assignor, and also on behalf of "Al Qubaisi 212 West 18th Street LLC as the assignee. Neil Moffitt ("Moffit") signed as the Manager of "Al Qubaisi 212 West 18th Street LLC."
>
> 478. The property was purchased by "212 West 18th Street LLC" by deed dated January 21, 2014, for a purchase price of $50,912,500. *Moffitt signed as the Manager of "212 West 18th Street LLC."* Moffitt manages or managed several properties on behalf of QUBAISI. (Emphasis added). (Dkt. No. 1).

The complaint makes no mention of a person with the initials S.A.K.A being the Manager of "212 West 18th Street LLC." Thus, it appears S.A.K.A. is not actually the Manager of 212 West 18th Street LLC, as she alleges. If she is the Manager, she likely replaced Mr. Moffitt as Manager only recently, which in itself is troubling.

/ / /

## IV. THE BOARD'S INTEREST IN THE DEFENDANT PROPERTY AND S.A.K.A.'S TRUE NAME

The owner of the defendant property (whoever that really is) has not paid the monthly "common charges" on the defendant property since May 2016 and the monthly common charges continue to accrue. Accordingly, the Board has duly recorded a "Lien for Common Charges" against the defendant property. The lien is a continuing lien which includes any additional charges that accrue after the filing date of the lien. To further protect its interest in the defendant property, the Board has filed a claim (Dkt. No. 16) and an answer to the complaint (Dkt. No. 28).

## V. ARGUMENT

There is no legal authority for S.A.K.A. to use only her initials in connection with any filings. The argument that an adult woman, who is also seeking appointment as a guardian ad litem and in so doing asserts she is "competent," should be permitted to use only her initials in filings in order to protect the identity of four minor children is absurd. Moreover, it is a stretch to argue that doing so is "consistent with the goals of [Fed.R.Civ.P. 5.2 and Local Rule 5.2-1]."

A more likely explanation is that claimants wish to conceal the true identity of the owner of the defendant property and continue to remain anonymous, just as they have been trying to do since October 30, 2013, in furtherance of their scheme to launder stolen funds.

## VI. CONCLUSION

Based upon the foregoing, the Board respectfully requests that S.A.K.A. use her true name in all future filings. The Board further requests that the claimants

/ / /

explain why S.A.K.A. is seeking to be appointed Guardian ad Litem for four non-claimants and why the Trust and the Trustee have both filed claims.

Respectfully submitted.

THEODORA ORINGHER PC

DATED:  October 20, 2016

By:   /s/ David A. Kettel
David A. Kettel
Attorneys for Claimant BOARD MANAGERS OF THE WALKER TOWER CONDOMINIUM, aka RESIDENTIAL SECTION OF THE WALKER TOWER CONOMINIUM