M. KENDALL DAY, Chief
Asset Forfeiture and Money Laundering Section (AFMLS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 514-1263
   Email:  Woo.Lee@usdoj.gov

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
   312 North Spring Street, 14th Floor
   Los Angeles, California 90012
   Telephone: (213) 894-3391/(213) 894-4493
   Facsimile: (213) 894-7177
   Email: John.Kucera@usdoj.gov
         Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK<br><br>      Defendant._____ | No. CV 16-05376-DSF(PLAx)<br><br>**JOINT RULE 26(f) REPORT** |

30012980v2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order Setting Scheduling Conference, counsel for plaintiff United States of America and claimants 212 West 18th Street LLC, Atlantic Property Trust and Minor Children Beneficiaries through their guardian ad litem Safeya Ahmed Kulaib Al Hameli ("Claimants") and claimant Board of Managers of the Walker Tower Condominium ("Board of Managers"), submit this Joint Rule 26(f) Report.

**A.   STATEMENT OF THE CASE**

*Government's Contentions*

This civil forfeiture action was commenced on July 20, 2016. The government alleges the following:

1. The Real Property Located in New York, New York (the "Defendant Asset") constitutes, and is derived from, proceeds traceable to one or more violations of: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), each of which is a specified unlawful activity under 18 U.S.C. §§ 1956(c)(7)(A), 1956(c)(7)(B)(iv), and 1956(c)(7)(D), and a conspiracy to commit such offenses.

2. The Defendant Asset is derived from, was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value

greater than $10,000 that was derived from specified unlawful activities, that is:  a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315) in violation of section 18 U.S.C. § 1957, and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).

   3. The Defendant Asset was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions involving the proceeds of specified unlawful activity, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), and were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of the specified unlawful activities in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

   4. The Defendant Asset was involved in, and is traceable to property involved in, one or more transactions or attempted transactions in violation of section 18 U.S.C. § 1956(a)(2)(B) and a conspiracy to commit such offenses in violation of section 18 U.S.C.

§ 1956(h).  Specifically, the Defendant Asset was involved in and are traceable to funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities, that is:  a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315).

*Claimants' Contentions*

Claimant 212 West 18th Street LLC, a Delaware Limited Liability Company, is the titleholder and owns 100% of the Defendant Asset.  The Atlantic Property Trust is the sole member of the LLC.  Safeya Ahmed Kulaib Al Hameli is the mother and legal guardian of the Minor Children Beneficiaries of the Trust.

As part of a sweeping government taking action, the prosecutors preemptively confiscated the Defendant Asset (along with a number of unrelated assets including paintings, motion picture rights, and other properties) on the ground that it may potentially be traced back to overseas transactions involving the alleged misappropriation

1  of money from an investment entity owned by the Malaysian government,
2  1Malaysia Development Berhad ("1MDB").  However, only about ten
3  paragraphs of the plaintiff's 135-page, 513-paragraph complaint
4  relate to the Defendant Asset.  The handful of allegations that do
5  relate to the Defendant Asset purport to be based on unsubstantiated
6  allegations asserted in foreign proceedings or on second or third
7  hand news reports or press releases.
8       Claimants are the lawful owners of the Defendant Asset.
9  Claimants intend to hold the prosecutors to the high statutory and
10 evidentiary standards required to meet their burden of proof and to
11 justify the extraordinary relief they seek in this case.  Claimants
12 also have asserted affirmative defenses, including on the ground that
13 they are innocent owners of the Defendant Asset pursuant to 18 U.S.C.
14 § 983.
15      *Board of Managers' Contentions*
16      Claimant Board of Managers of the Walker Tower Condominium, aka
17 Residential Section of the Walker Tower Condominium ("Board of
18 Managers") filed a timely Statement of Interest ("Claim") on October
19 3, 2016 and a timely answer on October 14, 2016.
20      On August 1, 2016, Board of Managers recorded against the
21 defendant real property a "Notice Under the Condominium Act for
22 Unpaid Condominium Charges" and a "Lien for Common Charges" because
23 the "owner" of the defendant real property stopped paying its monthly
24 common charges of $7,609.79 in May of 2016.  The current unpaid
25 balance for common charges is currently $60,878.32.
26      Government counsel is proposing a trial date of August 20, 2018.
27 By then, approximately $152,195 in unpaid common charges will have
28 accrued.  In order to avoid this scenario, Board of Managers has

asked counsel for the government and the "owner" if they plan to stipulate to an interlocutory sale of the defendant real property. In fact, Board of Managers is already aware of at least one interested and qualified buyer for the defendant real property. Board of Managers is unaware of the parties' positions regarding an interlocutory sale or, if one is contemplated, when it will occur.

The Board of Managers has asserted three affirmative defenses in its answer:

(1) failure to state a claim;

(2) innocent owner;

(3) the Board of Managers' interest in the defendant real property is not forfeitable because the Board of Managers recorded its Notice of Lien for Common Charges against the defendant real property.

**B.  BASIS FOR SUBJECT MATTER JURISDICTION**

The government contends that the basis for subject matter jurisdiction is 18 U.S.C. §§ 1345 and 1355.

**C.  LEGAL ISSUES**

*Government's Contentions*

The government alleges the Defendant Asset is property that constitutes, and is derived from, proceeds traceable to one or more violations of: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), each of which is a specified unlawful activity under 18 U.S.C. §§

1956(c)(7)(A), 1956(c)(7)(B)(iv) and 1956(c)(7)(D), and a conspiracy to commit such offenses.

The government further alleges that the Defendant Asset was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activities, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315) in violation of section 18 U.S.C. § 1957 and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).

The government further alleges that the Defendant Asset was involved in and is traceable to property involved in one or more financial transactions, attempted transactions, and a conspiracy to conduct or attempt to conduct such transactions involving the proceeds of specified unlawful activity, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315), and were designed in whole or in part to conceal or disguise the nature, the location, the source, the

ownership or the control of the proceeds of the specified unlawful activities in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

The government further alleges the Defendant Asset was involved in, and is traceable to property involved in, one or more transactions or attempted transactions in violation of section 18 U.S.C. § 1956(a)(2)(B) and a conspiracy to commit such offenses in violation of section 18 U.S.C. § 1956(h).  Specifically, the Defendant Asset was involved in and are traceable to funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities, that is: a foreign offense involving the misappropriation of public funds by or for the benefit of a public official (18 U.S.C. § 1956(c)(7)(B)(iv)); fraud by or against a foreign bank (18 U.S.C. § 1956(c)(7)(B)(iii)); wire fraud (18 U.S.C. § 1343); international transportation or receipt of stolen or fraudulently obtained property (18 U.S.C. § 2314), and receipt of stolen money (18 U.S.C. § 2315).

*Claimants' Contentions*

In addition to the issues raised in Section A above, from Claimants' perspective, the primary legal issues include (1) whether the prosecutors have admissible evidence to establish any of their causes of action and carry their burden of proof; (2) whether Khadem

Abdulla Al Qubaisi was a "public official" who misappropriated "public funds" under U.A.E. law or was otherwise acting ultra vires, and (3) whether Claimants are innocent owners of the Defendant Asset pursuant to 18 U.S.C. § 983. Claimants reserve their right to raise any additional legal issues or defenses as the case progresses.

### D. PARTIES, EVIDENCE, ETC.

The parties in the case are plaintiff United States of America and claimants 212 West 18th Street LLC, Atlantic Property Trust and Minor Children Beneficiaries through their guardian Safeya Ahmed Kulaib Al Hameli, and the Board of Managers. The government's percipient witnesses include the law enforcement and other government agents involved in the investigation of the alleged misappropriation of public funds by or for the benefit of a public official, fraud by or against a foreign bank, wire fraud, international transportation or receipt of stolen or fraudulently obtained property, receipt of stolen money, financial transactions, attempted transactions and a conspiracy to conduct or attempt to conduct such transactions in criminally derived property of a value great than $10,0000 that was derived from specified unlawful activates, financial transactions, attempted transactions and a conspiracy to conduct or attempt to conduct such transactions designed in whole or in part to conceal or disguise the nature, the location the source, the ownership or the control of the proceeds of the specified unlawful activities, and funds that were and were attempted to be, transported, transmitted, or transferred, and a conspiracy to transport, transmit, or transfer, to a place in the United States from or through a place outside the United States, with the knowledge that the funds involved in the transportation, transmission, or transfer represented the proceeds of

some form of unlawful activity and knowledge that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activities. Claimants' percipient witnesses include the parties, any third party witnesses to the alleged events referenced in the complaint, and any law enforcement personnel and other government agents involved in the investigation.

**E.   DAMAGES**

*Government's Contentions*

The government contends that damages are not involved in this case. This is an in rem civil forfeiture case, in which the government seeks to forfeit the defendant real properties.

*Claimants' Contentions*

Claimants reserve their right to seek any relief, including damages, available under the law including, but not limited to, any losses for diminution in value of the Defendant Asset, litigation costs and attorney fees.

**F.   INSURANCE**

The parties are not aware of any applicable insurance policies in this case.

**G.   MOTIONS**

*Government's Position*

The government does not anticipate filing motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

*Claimants' Position*

Claimants are contemplating filing a motion relating to documents filed under seal by the plaintiff, but which were not

1  served upon Claimants as required by Central District Local Rule 79-
2  5.3.  Specifically, in this case (Case No. 2:16-cv-05376-DSF-PLA) the
3  prosecutors filed an ex parte application to file unspecified
4  documents under seal (Dkt. 25), and a sealed declaration in support
5  of the ex parte application (Dkt. 26).  The Court issued an order
6  granting the application (Dkt. 29).  Subsequently, the prosecutors
7  filed three additional documents under seal (Dkt. 30, 33 34).
8  However, the prosecutors did not serve any of the sealed documents
9  upon Claimants in violation of L.R. 79-5.3, which states:  "Filing of
10 a document under seal does not exempt the filer from service
11 requirements imposed by federal statute, rules, or obligations, or by
12 the Local Rules of this Court."
13     Similarly, the prosecutors filed several documents under seal
14 without serving Claimants under L.R. 79-5.3 in Case No. 2:16-cv-
15 05379-DSF-PLA (Dkt. 24, 27, 28, 29).  Therefore, if this issue cannot
16 be resolved, Claimants intend to file a motion to compel plaintiff's
17 compliance with L.R. 79-5.3, and, at a minimum, disclosure of any
18 Court orders that exempt the plaintiff from compliance with the rules
19 of the Court that are applicable to all other parties.
20     In addition, Claimants may file a motion to strike the claim
21 filed by the Board of Managers of the Walker Tower Condominium (the
22 "Condo Board") on October 3, 2016 (Dkt. 16).  The Condo Board filed
23 its claim based on a "Lien for Common Charges" that it recorded in
24 the Office of the City Registry of the City of New York on August 8,
25 2016 concerning unpaid condominium charges relating to the Defendant
26 Asset.  Claimants have offered to pay those charges, and believe once
27 such payment is made, the lien should be removed under New York law
28 and the claim in this case should be dismissed.  The Condo Board's

11

contention that the common charges may continue to accrue in the future does not give the Condo Board standing to continue to pursue its claim in this case, which is solely based on a lien for alleged past due amounts that Claimants have agreed to pay.

*Board of Managers' Position*

Claimant 212 West 18th Street LLC's contemplated motion to strike the Board of Managers' claim is unwarranted. While 212 West 18th Street LLC recently made a settlement offer, it did not take into account the fact that common charges will continue to accrue. If the defendant real property is not sold via an interlocutory sale in the near future, the subsequently accrued common charges will become substantial. The Board of Managers has advised counsel for 212 West 18th Street LLC that there is an interested and qualified buyer for the defendant real property, but has not received a response back regarding this development.

**H.  MANUEL FOR COMPLEX LITIGATION**

The parties do not believe that the procedures of the Manual for Complex Litigation are necessary at this time, but reserve their right to seek relief from the Court to facilitate the management of this case.

**I.  STATUS OF DISCOVERY**

The parties have not yet exchanged any discovery, but intend to commence discovery in early 2017 as set forth in Section J below.

**J.  DISCOVERY PLAN**

1.  The parties do not believe that any changes should be made to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). This forfeiture matter is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B)(ii).

12

2. The government intends to serve special interrogatories, requests for admissions, Rule 33 interrogatories and requests for production of documents, and to depose the claimant.

3. Claimants intend to serve written and other discovery relating to the allegations in the complaint concerning the alleged violations of foreign and U.S. law and the allegations that the Defendant Asset was acquired using proceeds, property or transactions derived from, traceable to, or involved in the alleged violations of foreign and U.S. law. Claimants also intend to depose plaintiff, relevant third party witnesses, and any law enforcement personnel and other government agents involved in the investigation.

4. The parties have proposed specific discovery deadlines in Exhibit A attached hereto.

5. The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues.

6. The parties do not believe that changes should be made in the limitations, or that other limitations should be imposed, on the discovery imposed under the Federal Rules of Civil Procedure or the Local Rules.

7. All parties may file motions for summary judgment and/or summary adjudication.

**K. DISCOVERY CUT-OFF**

The parties have proposed discovery deadlines as set forth in Exhibit A attached hereto.

**L. EXPERT DISCOVERY**

The parties have proposed dates for expert witness disclosures and discovery in Exhibit A attached hereto.

13

**M.  DISPOSITIVE MOTIONS**

The parties reserve their right to file dispositive motions including, but not limited to, motions for summary judgment and motions in limine.

**N.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

The parties have not yet discussed settlement but intend to do so. Pursuant to Local Rule 16-15, the government believes that the parties should adopt ADR Procedure No. 1 (USMJ) for alternative dispute resolution purposes. Claimants believe that the parties should adopt ADR Procedure No. 2 (the Court Mediation Panel) or ADR Procedure No. 3 (private mediation).

**O.  TRIAL ESTIMATE**

Claimants have requested a jury trial, so this case will be tried before a jury. The government estimates that the trial of this matter will take 3-5 court weeks. Claimants estimate that the trial should take 3-5 court days.

**P.  TRIAL COUNSEL**

Assistant United States Attorneys John Kucera and Christen A. Sproule and Woo S. Lee and Kyle Freeny of the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section will try this case on behalf of the government. Sharie A. Brown and Peter N. Villar of Troutman Sanders LLP will try this case on behalf of Claimants. David Kettel will try this matter on behalf of the Board of Managers.

**Q.  INDEPENDENT EXPERT OR MASTER**

The parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**R. TIMETABLE**

The parties' proposed timetable of pretrial and trial dates is set forth in Exhibit A attached hereto.

**S. OTHER ISSUES**

There are several issues of which the Court should be aware or that may require Court assistance if the parties are unable to reach a compromise including, but not limited to, the following:

1. Protective Order: The parties will meet and confer to discuss a protective order regarding the exchange of confidential information in this case. If the parties cannot reach agreement, they reserve their right to seek relief from the Court.

2. Electronically Stored Information (ESI): Given the scope of the complaint and number of potential witnesses, the volume of documents will likely be substantial. The parties will meet and confer to develop ESI protocols in this case and may need assistance from the Court.

3. International/Foreign Discovery: There are numerous witnesses, information and documents located in other countries. The parties may experience restricted access to witnesses or evidence due to foreign laws, investigations or proceedings. In addition, certain witnesses may not speak English at all or fluently. The parties will discuss ways to facilitate foreign discovery, but may need assistance from the Court.

4. The parties plan to discuss a potential interlocutory sale of the Defendant Asset under Rule G(7)(b)(1) of the

15

Supplemental Rules from Admiralty or Maritime Claims and Asset Forfeiture Actions.

DATED: January 3, 2017

M. KENDALL DAY
Chief, AFMLS

EILEEN M. DECKER
United States Attorney

　　　/s/*Woo Lee*　　　
JOHN J. KUCERA
CHRISTEN A. SPROULE
Assistant United States Attorneys

WOO S. LEE
Deputy Chief, AFMLS
KYLE R. FREENY
Trial Attorney, AFMLS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: January 3, 2017

　　/s/(per confirmation)　　
Peter N. Villar
Sharie A. Brown, *Pro Hac Vice*

Attorney for Claimants

DATED: January 2, 2017

　　/s/(per confirmation)　　
David Kettel

Attorney for Board of Managers

16