1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV 16-5376 DSF (PLAx) |
| Plaintiff(s), | **AMENDED ORDER RE JURY TRIAL** |
| v. | **I.  E-FILING REQUIREMENTS** |
| REAL PROPERTY LOCATED IN NEW YORK, NEW YORK, | **II.  DEADLINES:** |
|  | A.  Adding Parties or Amending Pleadings: 3/1/18; |
| Defendant(s). | B.  Discovery Cut-off: 4/7/18; |
|  | C.  Expert Witness Exchange Deadline: Initial: 4/7/18; Rebuttal: 4/21/18; Cut-off: 6/7/18; |
|  | D.  Motion Hearing Cut-off: 5/14/18; |
|  | E.  ADR Cut-off: 5/28/18; |
|  | F.  Final Pretrial Conference: 7/23/18 @ 3:00 pm; |
|  | G.  Trial Date: 8/21/18 @ 8:30 am (15 day est.) |
|  | **III.    TRIAL PREPARATION** |
|  | **IV.    CONDUCT OF ATTORNEYS AND PARTIES** |

revised 10-11

**I**

## E-FILING REQUIREMENTS

Mandatory paper Chambers copies of all e-filed documents must be delivered to Judge Fischer's box across from the Clerk's office on the first floor of the Roybal Federal Building - by noon on the day after filing.  Documents will not be considered until paper Chambers copies are submitted. Attach the NEF to the BACK of the Chambers copy.  Chambers copies delivered by Federal Express should not require the signature of the recipient.  The Court will not rule on stipulations, ex parte applications, etc. until the mandatory paper Chambers copies have been received.

**II**

## DEADLINES

A.     PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be <u>heard</u> on or before the cut-off date.  All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

B.     DISCOVERY AND DISCOVERY CUT-OFF

1. <u>Discovery Cut-off</u>:  The Court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions,</u> is to be completed.

2. <u>Discovery Disputes</u>:  Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery.  Whenever possible, the Court expects counsel to resolve discovery problems among

revised 10-11                                      - 2 -

themselves in a courteous, reasonable, and professional manner.  The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines, which can be found on the Court's website under "Attorney Information> Attorney Admissions."

3.  <u>Discovery Motions</u>:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

4.  <u>Depositions</u>:  All depositions must commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.  Given the requirements to "meet and confer," and notice requirements, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

5.  <u>Written Discovery</u>:  All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6.  <u>Expert Discovery</u>:  All disclosures must be made in writing.  The parties should begin expert discovery shortly after the initial designation of experts.  The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C.   <u>LAW AND MOTION</u>

The Court has established a cut-off date for the <u>hearing</u> of motions.  All motions must be noticed so that the <u>hearing</u> takes place on or before the motion cut-off date.  Counsel must provide Chambers with conformed Chambers copies

of all documents.  Chambers copies should not be put in envelopes.  Counsel should consult the Court's Standing Order, previously provided, to determine the Court's requirements concerning motions.  A copy of the Standing Order is also available on the Court's website at www.cacd.uscourts.gov>Judges' Procedures and Schedules>Hon. Dale S. Fischer.

D.   FINAL PRETRIAL CONFERENCE

1.  A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8.  Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to have charge of the conduct of the trial on behalf of such party.  Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and admission of exhibits.

2.  STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS.  THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES FROM THE REQUIREMENTS OF RULE 16.  Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a proposed final pretrial conference order shall be submitted in accordance with the Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  Failure of these documents to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

3.  The memoranda of contentions of fact and law, witness lists, and the joint exhibit list must be filed not later than 21 days before the final pretrial conference, and the proposed final pretrial conference order is to be lodged not later than 11 days before the final pretrial conference.

4.  In addition to the requirements of Local Rule 16, the witness lists must

include a brief (one or two paragraph) description of the testimony, and a time estimate for both direct and cross-examination (separately stated).  A separate version of the witness list containing only the names of the witness and a separate column to insert the dates on which the witness testified, and the joint exhibit list, must be submitted to the Chambers email box in Word or Word Perfect format. Mandatory paper Chambers copies must also be submitted.

5. Other documents to be filed in preparation for, and issues to be addressed at, the final pretrial conference are discussed below.

E.    ALTERNATIVE DISPUTE RESOLUTION (ADR)
      PROCEDURES/NOTICE OF SETTLEMENT

1. An ADR procedure must be identified in every case pursuant to Local Rule 16-15, et seq.  Counsel must complete an ADR proceeding no later than the date set by the Court at the scheduling conference.  Not to the exclusion of other procedures, the following are available:

    (a)    a settlement conference before the magistrate
           judge assigned to the case;

    (b)    a mediation before a neutral selected from
           the Court Mediation Panel;

    (c)    the employment (at the parties' expense) of
           a private judge, mediator, or arbitrator.

If counsel have received a Notice to Parties of Court-Directed ADR Program, the parties may choose option (2) or (3) instead, but may <u>not</u> choose option (1).

2. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at an ADR proceeding.

3. If settlement is reached, it must be reported immediately to the CRD as required by Local Rule 16-15.7, regardless of the day or time settlement is reached.  In addition, counsel must immediately send a notification to the Chambers email box if a motion or other hearing is set or if trial is scheduled to

occur within 30 days.

4.  In all cases set for jury trial, the parties must notify the Court no later than the Wednesday preceding the Tuesday trial date of any settlement so that the necessary arrangements can be made to schedule a different case for trial or notify the members of the public who would otherwise be reporting for jury duty that their services are not needed on that date.

5.  Failure to comply with these notification requirements will cause counsel/parties to be charged for the costs related to processing jurors and may result in the imposition of sanctions on counsel for one or more parties, their clients, or both.

## III
## ADDITIONAL TRIAL PREPARATION

A.    MOTIONS *IN LIMINE*

All motions *in limine* must be filed at least three weeks before the final pretrial conference, or at such other time ordered by the Court.  Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, etc. and to attempt to reach an agreement that would obviate the motion.  Opposition must be filed two weeks before the final pretrial conference, or at such other time ordered by the Court. The Court generally will rule on motions *in limine* at the final pretrial conference. Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.).  Motions *in limine* should not be disguised motions for summary adjudication of issues.

B.    JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION

1.  Fourteen days before the meeting of counsel required by Local Rule 16-

2, plaintiff shall serve plaintiff's proposed jury instructions and verdict/special verdict forms, and defendant shall serve defendant's proposed jury instructions and verdict/special verdict forms.  Within ten days each shall serve objections, if any, to the other's instructions and verdict forms.  Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and attempt to come to agreement on the proposed jury instructions and verdict forms.

2.  When the <u>Manual of Model Jury Instructions for the Ninth Circuit</u> provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case.  Where language appears in brackets, the appropriate language should be selected.  All blanks should be completed.  Where California law applies, counsel should use the current edition of <u>California Jury Instructions -- Civil</u> ("BAJI" or "CACI").  If neither is applicable, counsel should consult the instructions manuals from other circuits or O'Malley, Grenig & Lee (formerly Devitt, et al.), <u>Federal Jury Practice and Instructions</u> (West Publishing Co., current edition).  When submitting other than Ninth Circuit instructions, counsel should be sure that the law on which the instruction is based is the same as Ninth Circuit law (or California law, if applicable) on the subject.  Counsel may submit alternatives to the Ninth Circuit model jury instructions, other circuit manuals, or O'Malley, Grenig & Lee instructions only if counsel has a reasoned argument that those instructions do not properly state the law or they are incomplete.  Each requested instruction shall (a) cite the authority or source of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principles of law contained in any other requested instruction.

3.  At the time of lodging the proposed final pretrial conference order, counsel shall file with the Court and submit (electronically to the Chambers email box and in paper form) a JOINT set of jury instructions on which there is agreement.  All blanks in standard forms should be filled in.  The Court expects

counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.  If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions, unless that party wishes to waive jury trial.

4.  At the same time, each party shall file with the Court and submit (electronically to the Chambers email box and in paper form) its proposed jury instructions that are objected to by any other party.  Each disputed instruction must have attached a short (one or two paragraph) statement, including points and authorities in support of the instruction as well as a brief statement, including points and authorities, in support of any objections.  A proposed alternative instruction must be provided, if applicable.  If the Court believes that there are so many disputed instructions that the trial would be unnecessarily interrupted in order for the Court to resolve disputes, the Court may determine that the matter is not yet ready to be tried, and may order counsel to continue to meet and confer until most of the disputes are resolved.

5.  Counsel must provide the documents described in paragraphs 3 and 4 to the Chambers email box in Word or WordPerfect 9 (or above) format at the time they file their proposed jury instructions.

6.  The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations.  Therefore, in addition to the copies described above, the Chambers email version must contain a "clean" set of jury instructions, containing only the text of the instruction (one per page) with the caption "Instruction No. __" at the top (eliminating titles, supporting authority, etc.).

7.  Counsel must provide an index of all instructions submitted, which must include the following:

a.  The number of the instruction;

b.  The title of the instruction;

c. the source of the instruction and any relevant case citations;

d. The page number of the instruction.

For example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Preliminary Instruction Trademark | 9th Cir.  15.0 | 7 |

8.  **FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY AND/OR ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO CONSTITUTE A WAIVER OF JURY TRIAL.**

9.  During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

10.  At the time of lodging the proposed final pretrial conference order, counsel should file a jointly prepared one or two page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

11.  The Court will conduct the voir dire.  The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire. (This is not a questionnaire to be completed by jurors.)  Counsel may, but are not required to, file and submit (electronically to the Chambers email box and in paper form) a list of proposed case-specific voir dire questions at the time they lodge the proposed final pretrial conference order.

12.  In most cases the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box.  Generally the Court will select seven or eight jurors.

13.  Each side will have three peremptory challenges.  If fourteen jurors are seated in the box and all six peremptory challenges are exercised, the remaining

1  eight jurors will constitute the jury panel.  If fewer than six peremptory challenges
2  are exercised, the eight jurors in the lowest numbered seats will be the jury.  The
3  Court will not necessarily accept a stipulation to a challenge for cause.  If one or
4  more challenges for cause are accepted, and all six peremptory challenges are
5  exercised, the Court may decide to proceed with six or seven jurors.
6      C.    TRIAL EXHIBITS, ETC.
7      1. At least one week before trial, the parties must provide a case-specific
8  glossary for the court reporter that includes applicable medical, scientific, or
9  technical terms, slang, the names and spellings of case names likely to be cited,
10 street/city/country names, all parties/entities involved in the case, names of people
11 interviewed/deposed, names of family members, friends, or others who might be
12 mentioned, and other case-specific terminology.
13     2. Counsel shall provide the courtroom deputy clerk (CRD) with the
14 following:
15         a. The party's witness list, with a column to add the date on which
16 the witness testified, which shall be sent in Word or WordPerfect format to the
17 Chambers email box no later than noon on the Monday before trial;
18         b. The joint exhibit list in the form specified in Local Rule 16-5
19 (Civil), which shall be sent in Word or WordPerfect format to the Chambers email
20 box no later than noon on the Monday before trial;
21         c. All of the exhibits (except those to be used for impeachment only),
22 with official exhibit tags attached and bearing the same number shown on the
23 exhibit list.  Exhibit tags may be obtained from the receptionist in the Public
24 Intake Section, located on the Main Street level of the courthouse at 312 North
25 Spring Street, Room G-19.  Exhibits shall be numbered 1, 2, 3, etc., NOT 1.1, 1.2,
26 etc.  The defense exhibit numbers shall not duplicate plaintiff's numbers.  If a
27 "blow-up" is an enlargement of an existing exhibit, it shall be designated with the
28 number of the original exhibit followed by an "A."  These items (and the items

revised 10-11                        - 10 -

listed in d and e below) shall be provided on the first day of trial;

        d.  A three-ring binder containing a copy of all exhibits that can be reproduced, and a copy of the witness list.  Each exhibit shall be tabbed with the exhibit number for easy referral;

        e.  A three-ring binder containing a copy of all exhibits for use by witnesses.

    3.  A copy of the exhibit list with all **admitted exhibits** will be given to the jury during deliberations.  Counsel shall review and approve the exhibit list with the CRD before the list is given to the jury.

    4.  Where a significant number of exhibits will be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented.  Counsel should consider such devices as overhead projectors, jury notebooks for admitted exhibits, or enlargements of important exhibits.  The Court has an Elmo and other equipment available for use during trial.  Information concerning training on the use of electronic equipment is available.  Details are posted on the Court's website.  To make reservations for training, call 213-894-3061.  The Court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

    5.  All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

    6.  Counsel shall not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made.

    7.  On the day of jury selection, trial will begin at 9:00 a.m.  Counsel will

appear at 8:30 a.m.  Thereafter, trial days are Tuesday through Friday, 8:00 a.m. to 2:00 p.m., with three fifteen-minute breaks during the session.  When necessary, trials may continue beyond the normal schedule.  If counsel contemplate that this schedule will be problematic due to the unavailability of witnesses, counsel should provide details to the Court at the Status Conference.

8.  On the day of jury selection, the Court reserves the time from 8:30 a.m. to 9:00 a.m. to handle legal and administrative matters.  Jury selection will commence promptly at 9:00 a.m. or as soon as jurors are available.  Thereafter, legal and administrative matters shall be addressed between 7:45 a.m. and 8:00 a.m.  All counsel are urged to anticipate matters that may need to be addressed outside of the presence of the jury and to raise them during this period, during breaks, or at the end of the day.  The Court does not make jurors wait while counsel discuss matters that should have been addressed previously.  Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues.  Short briefs addressing such disputed issues are welcome.

9.  Before trial begins, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the court of any concerns or accommodations that are requested for parties or witnesses.  During trial, if there are any matters to be discussed outside the presence of the jury, counsel shall advise the CRD of the request.  The Court discourages sidebars during trial.

10.  All orders for transcripts must be ordered through the court reporter, Pat Cuneo, who can be contacted through www.patcuneo.com.

## IV
## CONDUCT OF ATTORNEYS AND PARTIES

revised 10-11                           - 12 -

A.   OPENING STATEMENTS, EXAMINING WITNESSES, AND SUMMATION

1.  Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2.  Counsel must not consume time by writing out words, drawing charts or diagrams, etc.  Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3.  The Court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

B.   OBJECTIONS TO QUESTIONS

1.  Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2.  When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

C.   GENERAL DECORUM

1.  Counsel should not approach the CRD or the witness box without specific permission.  If permission is given, counsel should return to the lectern when the purpose has been accomplished.  Counsel should not question a witness at the witness stand.

2.  Counsel and parties should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom.

3.  Counsel should address all remarks to the Court.  Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel. If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers shall be addressed to the Court.  Such requests should be limited.  Requests may not be granted.

4. Counsel should not address or refer to witnesses or parties by first names alone.  Young witnesses (under 14) may, however, be addressed and referred to by first names.

5. Counsel must not offer a stipulation unless counsel has conferred with opposing counsel and has verified that the stipulation will be acceptable.

6. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

7. Counsel should not by facial expression, nodding, or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness.  Counsel should admonish counsel's own clients and witnesses to avoid such conduct.

8. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors.  Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D.    PROMPTNESS OF COUNSEL AND WITNESSES

1. The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The Court will not delay the trial or inconvenience jurors except under extraordinary circumstances.  The Court will advise other courts that counsel are engaged in trial in this Court on request.

2. If a witness was on the stand at a recess, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. If a witness was on the stand at adjournment, counsel must have the

witness adjacent to, but not on the stand, ready to proceed when the court session resumes.

4.  Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

5.  No presenting party may be without witnesses.  If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

6.  The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the Court in advance.

E.      EXHIBITS

1.  Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

2.  Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.  An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification.  To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

4.  Counsel are to advise the CRD of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

5.  When referring to an exhibit, counsel should refer to its exhibit number whenever possible.  Witnesses should be asked to do the same.

6.  Counsel must not ask witnesses to draw charts or diagrams nor ask the

Court's permission for a witness to do so.  If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

F.      DEPOSITIONS

1.  All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD on the first day of trial or such earlier date as the Court may order.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.  In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

a.  If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.  If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.  Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and answers.

G.      USING NUMEROUS ANSWERS TO INTERROGATORIES AND
        REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or

requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted.  Copies of this new document should be given to the Court and opposing counsel.  This procedure is intended to save time.

H.    ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine*.  See Fed. R. Evid. 103.  Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial.  THE COURT WILL NOT KEEP JURORS WAITING.

*N.B.*  **"COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *IN PROPRIA PERSONA*.**

IT IS SO ORDERED.

DATED: 1/9/17

_____
Dale S. Fischer
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)   CASE NO.  CV          DSF(    x)
)
)
)
)
Plaintiff(s),          )
)
vs.                    )   **EXHIBIT LIST**
)
)
)   *SAMPLE FORMAT*
)
Defendant(s).          )
)

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---------|-------------|------------|----------|
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |

FINAL COUNT AS WITNESS ESTIMATE FORM

CASE: _____                                    TRIAL DATE: _____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 |  |  |  |  |  |
| 2 |  |  |  |  |  |
| 3 |  |  |  |  |  |
| 4 |  |  |  |  |  |
| 5 |  |  |  |  |  |
| 6 |  |  |  |  |  |
| 7 |  |  |  |  |  |
| 8 |  |  |  |  |  |
| 9 |  |  |  |  |  |
| 10 |  |  |  |  |  |
|  | TOTAL ESTIMATES THIS PAGE: |  |  |  |  |

Instructions:

(1) List witnesses (last name first); (2) For description, be extremely brief, e.g., "eyewitness to accident" or "expert on standard of care;" (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g., if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g., "Needs interpreter;" (5) Entries may be in handwriting if very neat and legible.