Peter N. Villar, Bar No. 204038
peter.villar@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:   949.622.2739

Sharie A. Brown, *Pro Hac Vice*
sharie.brown@troutmansanders.com
TROUTMAN SANDERS LLP
401 9th Street, N. W. Suite 1000
Washington, D.C.  20004-2134
Telephone:  202.274.2950
Facsimile:   202.274.2994

Attorneys for Claimants
212 West 18th Street LLC, Atlantic Property
Trust, and Minor Children Beneficiaries
through their guardian

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:16-CV-05376-DSF-PLA |
| Plaintiff, | Honorable Dale S. Fischer |
| v. | **CLAIMANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER STAYING CIVIL FORFEITURE PROCEEDINGS FOR ALL PURPOSES EXCEPT THE FILING OF TIMELY CLAIMS AND ANSWERS** |
| REAL PROPERTY LOCATED IN NEW YORK, NEW YORK, | |
| Defendant. | |
| | Date:       September 18, 2017 |
| 212 WEST 18TH STREET LLC, | Time:       1:30 p.m. |
| Titleholder. | Place:       Courtroom 7D |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ...................................................................................... 1

II.   STATEMENT OF FACTS ....................................................................... 2

III.  PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO JUSTIFY A
      STAY OF THESE PROCEEDINGS ....................................................... 3

      A.    Plaintiff Failed to Comply with Local Rule 7-3 .................................. 4

      B.    Plaintiff Has Submitted No Evidence Showing That a Criminal
            Investigation Is Related to This Civil Forfeiture Case or the
            Subject Property or the Claimants ....................................................... 5

      C.    Plaintiff Fails to Show How Civil Discovery In This Case Will
            Adversely Affect the Criminal Investigation ...................................... 8

      D.    The Requested Stay Would be Inequitable and Violate
            Claimants' Due Process Rights .......................................................... 11

            1.    All the Equities Favor the Claimants ....................................... 11

            2.    Plaintiff Seeks to Violate Claimants' Due Process Rights ....... 14

IV.   THE ISSUANCE OF A PROTECTIVE ORDER IS MORE
      APPROPRIATE THAN A STAY OF ALL PROCEEDINGS ................... 16

V.    IF THE COURT GRANTS THE STAY, IT SHOULD ENTER AN
      ORDER PERMITTING THE ESCROWED FUNDS FROM THE
      SALE OF THE LAUREL WAY PROPERTY TO BE USED TO
      PRESERVE THE SUBJECT PROPERTY .............................................. 19

VI.   CONCLUSION ....................................................................................... 20

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Reiser v. Safeco Ins. Co. of Am.*,
2012 WL 12878611 (C.D. Cal. Aug. 28, 2012) ...................................................... 5

*State Comp. Ins. Fund v. Drobot*,
2016 WL 3546583 ................................................................................................. 17

*United States v. $8,850 in U.S. Currency*,
461 U.S. 555 (1983) .............................................................................................. 15

*United States v. $12,248 U.S. Currency*,
957 F.2d 1513 (9th Cir. 1991) .............................................................................. 15

*United States v. $177,844.68 in U.S. Currency*,
2015 WL 355495 (D. Nev. Jan. 27, 2015) ........................................................... 10

*United States v. $307,970.00, in U.S. Currency*
156 F. Supp. 3d 708 (E.D.N.C. 2016) .................................................................. 13

*United States v. $1,026,781.61 in Funds From Florida Capital Bank*,
2013 WL 4714188 (C.D. Cal. July 29, 2013) ............................................. 3, 7, 10

*United States v. 475 Martin Lane*,
2005 U.S. Dist. LEXIS 45777 (C.D. Cal. Aug. 17, 2005) ..................................... 8

*United States v. 2009 Dodge Challenger*,
2011 WL 6000790 (D. Or. Nov. 30, 2011) .......................................................... 11

*United States v. 3039.375 Pounds of Copper Coins*,
2008 WL 4681779 (W.D.N.C. Oct. 21, 2008) ..................................................... 11

*United States v. All Funds ($357,311.68) Contained in N. Tr. Bank of Fla.*,
2004 WL 1834589 (N.D. Tex. Aug. 10, 2004) ................................................. 8, 9

*United States v. All Funds Deposited In Account No. 20008524845, First
Union Nat'l Bank*,
162 F. Supp. 2d 1325 (D. Wyo. 2001) .......................................................... 3, 14

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*United States v. All Right, Title & Interest in Real Prop. & Bldgs. Known as*
   *228 Blair Ave., Bronx, N.Y.,*
   821 F. Supp. 893 (S.D.N.Y. 1993) .................................................... 13

*United States v. Approximately $104,770 in U.S. Currency,*
   2011 WL 2472573 (N.D. Cal. June 22, 2011) ............................. 13, 14

*United States v. Approximately $6,658.92 in U.S. Currency,*
   2015 WL 7750619 (E.D. Cal. Dec. 2, 2015)...................................... 8

*United States v. Approximately $69,577 in U.S. Currency,*
   2009 WL 1404690 (N.D. Cal. May 19, 2009) ................................ 5, 7

*United States v. Assorted Firearms, Motorcycles, & Other Personal Prop.,*
   677 F. Supp. 2d 1214 (C.D. Cal. 2009)............................................. 7

*United States v. Banco Cafetero Panama,*
   797 F.2d 1154 (2d Cir. 1986) .......................................................... 15

*United States v. Certain Real Prop.,*
   566 F. Supp. 2d 1252 (N.D. Ala. 2008) .......................................... 19

*United States v. Contents of Accounts,*
   2010 WL 2682397 (W.D. Ky. July 2, 2010)...................................... 12

*United States v. Crozier,*
   777 F.2d 1376 (9th Cir. 1985)......................................................... 15

*United States v. Currency $716,502.44,*
   2008 WL 5158291 (E.D. Mich. Dec. 5, 2008)............................... 8, 10

*United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety*
   *Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency,*
   604 F. Supp. 2d 978 (E.D. Mich. 2009) ...................... 5, 10, 12, 16, 17

*United States v. GAF Fin. Servs. Inc.,*
   335 F. Supp. 2d 1371 (S.D. Fla. 2004)............................................. 8

*United States v. One 2008 Audi R8 Coupe Quattro,*
   866 F. Supp. 2d 1180 (C.D. Cal. 2011)........................................... 10

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- iii -

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*United States v. One Assortment of Seventy–Three Firearms*,
352 F. Supp. 2d 2 (D. Me. 2005)..............................................................8

*United States v. Real Prop. & Improvements Located at 1419 Camellia Drive, E. Palo Alto, Cal.*,
2009 WL 3297321 (N.D. Cal. Oct. 13, 2009).....................................16

*United States v. Real Prop. & Premises*,
657 F. Supp. 2d 1060 (D. Minn. 2009) ..................................................9

*United States v. Real Prop. Located at 6415 N. Harrison Ave., Fresno Cty.*,
2012 WL 4364076 (E.D. Cal. Sept. 21, 2012) ...................................10

*United States v. Sum of $70,990,605*,
4 F. Supp. 3d 209 (D.D.C. 2014) ......................................8, 9, 10, 17

*United States v. Unimex, Inc.*,
991 F.2d 546 (9th Cir. 1993) ...............................................................14

*United States v. Various Vehicles, Funds & Real Props.*,
2012 WL 4050829 (D.S.C. Sept. 13, 2012) ..........................................7

**STATUTES**

18 U.S.C. § 981(g)(1) ........................................................3, 4, 11

18 U.S.C. § 981(g)(3) ....................................................11, 16, 17

18 U.S.C. § 981(g)(4) ....................................................................5

18 U.S.C. § 981(g)(6) ..............................................................19, 20

**OTHER AUTHORITIES**

Fed. R. Civ. P. 5.2.........................................................................1

Local Rule 5.2-1 ............................................................................1

Local Rule 7-3 ......................................................................1, 4, 5

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

CLAIMANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER STAYING CIVIL FORFEITURE PROCEEDINGS

Claimants 212 West 18th Street LLC, Atlantic Property Trust, and Minor Children Beneficiaries[1] (collectively "Claimants") submit this opposition to Plaintiff's motion to stay these civil forfeiture proceedings (Dkt. No. 57) relating to the condominium unit located at 212 West 18th Street, Penthouse 1, New York, New York, 10011 (the "Subject Property").

## I.   **INTRODUCTION**

Plaintiff filed this action and preemptively seized Claimants' property more than a year ago, but has yet to produce a scintilla of evidence to substantiate its claims with respect to the Subject Property.  Plaintiff's motion fails to justify any stay of this civil forfeiture case – let alone a sweeping perpetual stay of the case for all purposes pending the resolution of a criminal investigation that may take years and may not even involve the Subject Property.  The generic allegations made in Plaintiff's motion and accompanying declaration fall woefully short of meeting Plaintiff's burden of staying discovery in a case it initiated and in which it has already restrained Claimants' property.

Plaintiff's motion should not even be considered by the Court because Plaintiff failed to comply with Local Rule 7-3.  Plaintiff never contacted Claimants' counsel to discuss (in person, by phone or otherwise) the substance of the motion to stay or any potential resolution, as the rule requires.  *See* Section III.A., below.

Even if Plaintiff could overcome this rule violation, it has failed to meet its heavy burden to justify an indefinite stay of these proceedings.  Plaintiff does not even attempt to demonstrate how this civil forfeiture case specifically relates to the pending criminal investigation or how civil discovery in this case will adversely affect that investigation.  *See* Sections III.B. & III.C., below.  Plaintiff merely speculates that the disclosure of any facts beyond those set forth in the First

---

[1] Pursuant to Fed. R. Civ. P. 5.2 and Local Rule 5.2-1, the Minor Children Beneficiaries are identified by their initials Mo.Q., Ab.Q., Al.Q., and Ma.Q.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

CLAIMANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER STAYING CIVIL FORFEITURE PROCEEDINGS

1  Amended Complaint ("FAC") may negatively impact the government's ability to

2  conduct its criminal investigation.  However, Plaintiff's professed concerns are

3  premature, speculative, and exaggerated, at best, because Claimants have not yet

4  propounded any discovery or noticed the deposition of any witnesses in this case.

5      The cases Plaintiff relies on are not applicable here, and the cases Plaintiff

6  ignores demonstrate why a stay is not appropriate under these circumstances.

7  Plaintiff's request for an indefinite stay for all purposes is extraordinary and

8  inequitable, and infringes upon Claimants' due process rights.  *See* Section III.D.,

9  below.

10      Finally, to the extent the Court determines that Plaintiff has any legitimate

11  concerns with respect to the scope of discovery, the Court may issue a protective

12  order to limit discovery to the transactions, events and documents set forth in the

13  FAC and to preclude disclosure of potential targets and subjects of the

14  investigation, or methods of investigation, that are not revealed in the FAC.

15  Accordingly, a stay is not necessary.  *See* Section IV, below.

16      Claimants have a right to basic discovery upon which Plaintiff's seizure of

17  the Subject Property is based.  The longer this case takes to resolve, the longer

18  Claimants will have to endure an unfair and unjust cloud of suspicion over their

19  reputation, their business, and their families, and the more harm they will suffer as

20  their property's value continues to decline and its maintenance expenses continue to

21  increase.

22      For these reasons, Plaintiff's motion should be denied.

23  **II.**   **STATEMENT OF FACTS**

24      Claimant Atlantic Property Trust (the "Trust") is the sole member of

25  Claimant 212 West 18th Street LLC, a Delaware Limited Liability Company, which

26  is the titleholder and owns 100% of the Subject Property.  The Minor Children

27  Beneficiaries are the beneficial owners of Trust assets, including the Subject

28  Property.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 2 -

1       Plaintiff filed its original complaint on July 20, 2016, well over a year ago.

2 (Dkt. No. 1.)  By stipulation of the parties, Plaintiff recently filed the FAC on

3 August 4, 2017 (Dkt. No. 55) containing conclusory and sweeping allegations of

4 multiple alleged "conspiracies" involving numerous distinct parties, transactions

5 and events occurring over a period of many years, to launder money allegedly

6 obtained from a Malaysian investment and development company, 1Malaysia

7 Development Berhad ("1MDB").  Notably, of the 248 pages and 958 paragraphs

8 that comprise the FAC, only about ten paragraphs are devoted specifically to the

9 Subject Property.  (Dkt. No. 55, ¶¶ 650-659.)

10       More than a year after this action was filed, Plaintiff now seeks to avoid any

11 disclosure indefinitely, while maintaining control over Claimants' property, as it

12 pursues a criminal investigation that may take years and may not have anything to

13 do with Claimants or the Subject Property.

14 **III.   PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO JUSTIFY A**

15       **STAY OF THESE PROCEEDINGS**

16       A stay of a civil forfeiture proceeding is justified only "if the court

17 determines that civil discovery will adversely affect the ability of the Government

18 to conduct a related criminal investigation or the prosecution of a related criminal

19 case." 18 U.S.C. § 981(g)(1).  Accordingly, courts should grant stays only upon

20 determining that:  "(1) a related criminal investigation or prosecution exists and (2)

21 civil discovery will adversely affect the investigation or prosecution." *United*

22 *States v. $1,026,781.61 in Funds From Florida Capital Bank*, 2013 WL 4714188,

23 at *1 (C.D. Cal. July 29, 2013) (citing *United States v. All Funds ($357,311.68)*

24 *Contained in N. Tr. Bank of Fla.*, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10,

25 2004)).

26       Here, Plaintiff's motion for a stay should be denied for five separate,

27 independent reasons:  First, Plaintiff failed to comply with the District's well-

28 known meet-and-confer rules; second, Plaintiff has not shown how this case

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    specifically relates to the pending criminal investigation; <u>third</u>, Plaintiff has not

2    satisfied the adverse effect requirement of Section 981(g)(1); <u>fourth</u>, the requested

3    stay would be inequitable and would violate Claimants' due process rights; and

4    <u>fifth</u>, a stay is completely unnecessary because a carefully-tailored protective order

5    can adequately protect the interests of all parties.

### A.    Plaintiff Failed to Comply with Local Rule 7-3

7        The Court should deny Plaintiff's motion *ab initio* because it failed to

8    comply with the straightforward meet-and-confer requirements under the Central

9    District Local Rules.  Local Rule 7-3 provides in part that "counsel contemplating

10   the filing of any motion shall first contact opposing counsel to discuss thoroughly,

11   preferably in person, the substance of the contemplated motion and any potential

12   resolution."  In addition, "[i]f the parties are unable to reach a resolution which

13   eliminates the necessity for a hearing, counsel for the moving party shall include in

14   the notice of motion a statement to the following effect: 'This motion is made

15   following the conference of counsel pursuant to L.R. 7-3 which took place on

16   (date).'"  L.R. 7-3.

17       Here, Plaintiff never contacted Claimants' counsel to discuss (in person, by

18   phone or otherwise) the substance of the motion to stay or any potential resolution

19   as L.R. 7-3 mandates.  (Declaration of Peter N. Villar, "Villar Decl.", ¶ 2.)  That is

20   why Plaintiff's notice of motion does not include a date on which any conference of

21   counsel took place.  Instead, the notice (misleadingly) states that "the United States

22   conferred with counsel for Claimants . . . in July 2017, which resulted in the parties

23   stipulating to the filing of this Motion."  (Mot. 2:11-15.)  However, the *only*

24   exchange that took place during that time period regarded Plaintiff's request for a

25   stipulation to amend the complaint and the calendaring of related deadlines,

26   including, but not limited, to the motion to stay.  (Villar Decl. ¶ 3.)[2]

27   _____

28   [2]  The parties stipulated that Plaintiff may file the FAC and a motion to stay by

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Plaintiff's assertion in its notice that "Claimants did not take a position on whether they would oppose the requested stay of the case" is true only because there was no discussion at all regarding the substance of Plaintiff's motion, let alone whether Claimants would oppose it.  (Villar Decl. ¶ 4.)  Had there been a conference of counsel, as required, the parties may have been able to strike a compromise to balance Claimants' need for discovery with Plaintiff's professed concerns regarding its criminal investigation.

Failure to comply with Local Rule 7-3 is sufficient grounds to deny a motion. *See, e.g.*, *Reiser v. Safeco Ins. Co. of Am.*, 2012 WL 12878611 (C.D. Cal. Aug. 28, 2012).  Therefore, the Court should deny Plaintiff's motion for this reason alone.

### B. Plaintiff Has Submitted No Evidence Showing That a Criminal Investigation Is Related to This Civil Forfeiture Case or the Subject Property or the Claimants

"In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."  18 U.S.C. § 981(g)(4).  Though an information or indictment is not required to establish a related criminal case or investigation under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), *see United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency*, 604 F. Supp. 2d 978, 982 (E.D. Mich. 2009), there must nevertheless be "an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made."  *United States v. Approximately $69,577 in U.S. Currency*, 2009 WL 1404690, at *2 (N.D. Cal. May 19, 2009) (citing 18 U.S.C. § 981(g)(4)).

August 11, 2017.  (Dkt. No. 55.)

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Here, Plaintiff has failed to show that there is an actual criminal prosecution or investigation in progress with similar parties, witnesses, facts, and circumstances to *this* specific civil forfeiture action involving the Subject Property. In a generic and overreaching manner, Plaintiff broadly asserts that there are currently "29 related forfeiture actions pending before this Court" (which Plaintiff unilaterally, and conveniently, deems to be "related cases") arising from Plaintiff's investigation of a Malaysian investment and development company. (Mot. at 1:20-25.) However, neither the motion, the supporting declaration, nor the FAC provides any specific facts to show that Plaintiff's alleged criminal investigation is related in any way to this case or this Subject Property.

Indeed, Plaintiff acknowledges that it filed motions "essentially identical to this one" in the other forfeiture cases, without attempting to differentiate between the relationships of the parties or the transactions involving the Subject Property in this case, on the one hand, and the parties and transactions involving all unrelated assets (artwork, jewelry, corporate jets, yachts, movie rights, etc.) in other cases, on the other hand. This one-size-fits-all approach attempts to perpetuate the fiction that all parties, transactions and events are interrelated, but does not satisfy Plaintiff's heavy burden to justify a stay in this case.

Plaintiff's motion includes a *single sentence* referencing the Subject Property, without any evidentiary support. In that sentence, Plaintiff claims that "[f]unds traceable to the 'Aabar-BVI' Phase were used to finance or acquire several assets that the government is seeking to forfeit in the related actions," including the Subject Property. (Mot. at 5:23-25.) Rather than make the requisite showing that the alleged criminal investigation relates to the financing or acquisition of the Subject Property, Plaintiff merely deems the civil forfeiture proceedings to be "related" and surmises that "it is self-evident that proceeding with this civil forfeiture case will interfere" with Plaintiff's criminal investigation. (Mot. at 12:8-10.)

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    The only *evidence* Plaintiff submits to support its motion is the two-page
2    declaration of Jill Enyart, which is even less specific and more opaque than
3    Plaintiff's motion.  Ms. Enyart generally asserts "to the best of [her] knowledge and
4    belief" that Plaintiff had "commenced a criminal investigation of the events
5    described in the FAC prior to the commencement of this and the related actions."
6    (Enyart Decl. ¶¶ 1, 3.)  Ms. Enyart further asserts that the investigation is "global in
7    scope" and involves unnamed "perpetrators" that are both "entities and individuals"
8    (*id*. ¶ 4), yet does not even mention the Subject Property in this case – let alone
9    whether any person or entity associated with the financing or acquisition of the
10   Subject Property is under criminal investigation.

11       Because there is no evidence that Plaintiff's criminal investigation relates
12   specifically to this civil forfeiture case, Plaintiff's cited authorities can be readily
13   distinguished where the courts grant motions to stay after the claimants fail to
14   dispute that the civil and criminal cases are related.  *See, e.g.*, *United States v.*
15   *Assorted Firearms, Motorcycles, & Other Personal Prop.*, 677 F. Supp. 2d 1214,
16   1216 (C.D. Cal. 2009) ("Claimants do not dispute that [the filed criminal action] is
17   a criminal prosecution that is related to the civil forfeiture action."); *$1,026,781.61*
18   *in United States Currency*, 2013 WL 4714188, at *1 (granting stay where claimants
19   did not dispute relatedness to criminal prosecution); *United States v. Various*
20   *Vehicles, Funds & Real Props.*, 2012 WL 4050829, at *2 (D.S.C. Sept. 13, 2012)
21   (granting unopposed motion for stay where claimants admitted to being
22   investigated and invoked the Fifth Amendment privilege against self-
23   incrimination).  Nor is this case comparable to those cases where relatedness is
24   implied from the fact there is a criminal indictment or complaint and it is identical
25   to the civil forfeiture complaint.  *See, e.g.*, *Approximately $69,577 in U.S.*
26   *Currency*, 2009 WL 1404690, at *3 ("The court finds that based on a comparison of
27   the complaint and the indictment, the civil forfeiture case is 'related' to the criminal
28   case . . . .The underlying drug transactions and witnesses in both proceedings are

- 7 -

not only similar, but identical."); *United States v. Approximately $6,658.92 in U.S. Currency*, 2015 WL 7750619 (E.D. Cal. Dec. 2, 2015) ("[I]n some instances, the complaints are identical in both actions.").

Therefore, because Plaintiff has submitted no evidence demonstrating any degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, Plaintiff has not met its burden of showing that this forfeiture action is related to the ongoing criminal investigation.

### C.   Plaintiff Fails to Show How Civil Discovery In This Case Will Adversely Affect the Criminal Investigation

Plaintiff also has failed to demonstrate that civil discovery will adversely affect the criminal case.  The justification for staying a civil forfeiture action is to avoid compromising a criminal case through "early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." *United States v. One Assortment of Seventy–Three Firearms,* 352 F. Supp. 2d 2, 4 (D. Me. 2005).  However, to meet this standard, the plaintiff must do more than rest on "speculative and conclusory theories." *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 214–15 (D.D.C. 2014).  It must "actually show that civil discovery will adversely affect its ability to conduct the criminal investigation." *All Funds ($357,311.68) Contained in N. Tr. Bank of Fla.,* 2004 WL 1834589, at *2.

"There is no presumption that civil discovery, in itself automatically creates an adverse [e]ffect on the government's related criminal proceeding.  On the contrary, the Government must make an ***actual showing*** regarding the anticipated adverse [e]ffect." *Id.* (emphasis added)*; see also United States v. 475 Martin Lane,* 2005 U.S. Dist. LEXIS 45777, at *4 (C.D. Cal. Aug. 17, 2005) (same); *United States v. GAF Fin. Servs. Inc.,* 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004) (same). An "actual showing" must be more than the mere "fact that the Government would be subject to civil discovery," or "bare assertions of hardship by the Government[.]" *United States v. Currency $716,502.44*, 2008 WL 5158291, at *4

- 8 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

(E.D. Mich. Dec. 5, 2008).  The "Government cannot discharge its burden by claiming that the discovery process could, theoretically, impair the criminal case.  If that were true, a stay would be appropriate whenever requested by the Government in a civil-forfeiture action . . . ."  *United States v. Real Prop. & Premises*, 657 F. Supp. 2d 1060, 1063 (D. Minn. 2009).  Accordingly, "if the government fails to show that civil discovery will in fact adversely affect its criminal investigation, a stay should be denied."  *Sum of $70,990,605*, 4 F. Supp. 3d at 212.

Applying these principles, courts have denied plaintiffs' requests to stay civil proceedings where, as here, the plaintiff does nothing more than assert a hypothetical hardship that has no bearing on the actual discovery issues in the case.  *See, e.g.*, *United States v. Real Prop. & Premises*, 657 F. Supp. 2d at 1063-64 ("[T]here is nothing in the record indicating that discovery requests have been served by the parties, and the Government has not submitted *ex parte* an affidavit or other document explaining how or why civil discovery might impair the criminal case."); *All Funds ($357,311.68) Contained in N. Tr. Bank of Fla. Account*, 2004 WL 1834589, at *2 ("Indeed, the Government fails to point to any specific discovery request or abuse that has taken place, and makes no legitimate argument about the prospective ability of [claimants] to engage in discovery that could compromise its related criminal investigation.").

Likewise here, Plaintiff's motion should be denied because it has utterly failed to demonstrate any adverse effect.  The supporting Enyart declaration merely speculates that "disclosure of any facts beyond those set forth in the FAC … will have an adverse effect on the government's ability to conduct the ongoing criminal investigation."  (*See* Enyart Decl. ¶ 5.)  Ms. Enyart further argues, without any support, that "[s]uch disclosures are likely to reveal" the investigation's targets, subjects, investigation techniques, and sources of information.  (*Id*. ¶¶ 5-6.)  Ms. Enyart also voices concerns about potentially obstructive conduct.  (*Id*.)  Yet she makes absolutely no effort to explain how or why she believes any of these

- 9 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

deleterious consequences would occur.

Plaintiff's professed concerns are premature, speculative, and exaggerated, at best, because Claimants have not yet propounded any discovery or noticed the deposition of any witnesses.  Guesswork and dire predictions fall far short of the standard Plaintiff must meet to justify a stay.  *See Currency* $716,502.44, 2008 WL 5158291, at *4 (holding that bare assertions of hardship are not sufficient).  Indeed, even in cases (unlike here) where the plaintiff can point to some specific discovery concerns relating to a pending criminal investigation, courts still have denied motions to stay.  *See Sum of $70,990,605,* 4 F. Supp. 3d at 215; *United States v. $177,844.68 in U.S. Currency*, 2015 WL 355495, at *7 (D. Nev. Jan. 27, 2015).

Plaintiff improperly relies on cases where the government showed an actual adverse effect on discovery to conclude that "[t]he government need only show that an adverse impact is *likely . . . .*" (Mot. 11:11.)  But Plaintiff's cases do not support such a rule.  They are distinguishable from the facts here because courts granting stays consistently rely on <u>actual</u> – not hypothetical – procedural and discovery issues that have arisen in the case to determine that a stay is necessary.  *See, e.g.*, *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1184 (C.D. Cal. 2011) (granting stay based on specific showing of adverse effect on discovery, e.g., "[a]llowing [claimant] to depose [FBI investigator] would require him to reveal information and evidence collected in support of [defendant's] indictment, which the Government need not reveal in criminal discovery"); *$1,026,781.61 in United States Currency*, 2013 WL 4714188, at *2 (granting stay where a "critical witness" admitted that "she previously withheld information from the Grand Jury because [defendant] threatened to have her killed if she testified against him"); *United States v. Real Prop. Located at 6415 N. Harrison Ave., Fresno Cty.*, 2012 WL 4364076, at *4 (E.D. Cal. Sept. 21, 2012) (granting stay where "[t]he Government has provided, or has expressed a willingness to provide" two of the three requested categories of discovery, but "Claimants argue they

- 10 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   require all three categories of tracing to move for summary judgment"); *United*

2   *States v. 2009 Dodge Challenger*, 2011 WL 6000790 (D. Or. Nov. 30, 2011).

3         Furthermore, § 981(g)(3) expressly authorizes courts to consider *ex parte*

4   affidavits—which Plaintiff chose not to submit—in determining whether the

5   criminal investigation may be adversely affected by the civil action.  *See United*

6   *States v. 3039.375 Pounds of Copper Coins*, 2008 WL 4681779 (W.D.N.C. Oct. 21,

7   2008) (granting stay based on sealed affidavits regarding confidential investigation

8   and to protect defendant's Fifth Amendment rights).

9         In sum, the facts alleged in Plaintiff's motion and FAC are dissimilar to those

10   in cases granting a stay and more analogous to those in cases denying a stay.

11   Plaintiff has failed to identify, either in its moving papers or in an *ex parte* affidavit,

12   a *single* witness or discovery request relating to confidential information that would

13   impair its investigation.  Because Plaintiff has failed to carry its burden under §

14   981(g)(1), the Court should deny the stay.

15   **D.      The Requested Stay Would be Inequitable and Violate Claimants'**

16   **         Due Process Rights**

17   **         1.      All the Equities Favor the Claimants**

18         All equitable considerations weigh in favor of Claimants and against granting

19   a stay.

20              The government made the calculated decision to seize what

21              Defendants characterize as substantially all of their business and

22              personal assets . . . prior to an indictment or the filing of a civil

23              complaint. . . .  Now, the government seeks to stop the train it set

24              in motion by requesting a stay of civil discovery.  In essence, it

25              takes advantage of the civil forfeiture procedures, then tries to halt

26              the civil suit when it becomes inconvenient.  This might be more

27              acceptable where Defendants retained the property for the

28              pendency of the action, but it seems inequitable and unreasonable

CLAIMANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER STAYING CIVIL FORFEITURE
PROCEEDINGS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

to apply a blanket stay where the government retains the property. *United States v. Contents of Accounts*, 2010 WL 2682397, at \*2 (W.D. Ky. July 2, 2010).  *See also Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency*, 604 F. Supp. 2d at 982 ("[H]aving seized a substantial amount of money, the government is not entitled to protect its information indefinitely.").

As an initial matter, it is important to recognize that Plaintiff had initiated its parallel criminal investigation <u>prior to</u> filing this civil forfeiture action.  (Enyart Decl. ¶ 3.)  Thus, at the time Plaintiff seized and restrained Claimants' property, it undoubtedly intended to stay the forfeiture action.  Yet, rather than doing so at the time it filed the case, Plaintiff waited over a year to move for a stay.  In the interim, it put Claimants through an enormous amount of work and caused them to incur substantial legal expenses in an effort to preserve and protect their property interests.  Plaintiff subjected Claimants to these burdens while knowing that it was going to seek to prevent them from having their day in court for the entire pendency of its lengthy requested stay.  Claimants deserve their day in court and Plaintiff should not be allowed to trifle with that legitimate interest.

It is difficult to imagine any legitimate justification for Plaintiff to wait over a year before moving for this stay.  It should not be allowed to seize the property, restrain it for a year, and then bar the Claimants from litigating any aspect of this case for an unbounded period of time.  Not only is the stay unnecessary, the duration of the requested stay is far too lengthy; in fact, it has no end date at all.

Plaintiff has not filed charges in its parallel criminal investigation.  Indeed, it has not even represented to the Court that it <u>will</u> file such charges, let alone when. Rather, Plaintiff has suggested only that it will need <u>over a year</u> to complete its criminal investigation.  Specifically, in its motion for a stay, Plaintiff proposes that it only have to report to the Court on the status of its criminal investigation "every 180 days."  (Mot. 1:15.)  But how many six-month periods will pass before the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   investigation is concluded?  Will there be an indictment or not?  If so, will it

2   parallel the allegations against these Claimants' property, or not?

3        In short, the requested stay is for an indeterminate period of time, limited

4   only by an event – the filing of criminal charges that may track the forfeiture

5   allegations – that may never occur.  This is wholly unwarranted, especially given

6   that the Subject Property has already been restrained for more than a year.

7        In *United States v. $307,970.00, in U.S. Currency*, the court confronted a

8   similar request to stay a forfeiture action pending the conclusion of the

9   government's investigation.  156 F. Supp. 3d 708 (E.D.N.C. 2016).  The court

10  denied the application, because there was no definitive end to the requested stay:

11           The stay, as requested, is too indefinite.  *See, e.g., Landis v. N.*

12           *Am. Co.*, 299 U.S. 248, 257, 57 S.Ct. 163, 81 L.Ed. 153 (1936) .

13           . . .  This is not a case where the requested stay is to remain in

14           effect until the end of an already-commenced criminal

15           prosecution . . . .   Rather, here, the status of the criminal

16           investigation is fluid, and no charging decision has been made.

17           Under such circumstances, an indefinite stay might adversely

18           affect claimants' due process rights.

19  *Id.* at 726-27.  *See also United States v. Approximately $104,770 in U.S. Currency*,

20  2011 WL 2472573, at *2 (N.D. Cal. June 22, 2011) (rejecting government's request

21  for an indefinite stay and instead imposing a 90-day stay); *United States v. All*

22  *Right, Title & Interest in Real Prop. & Bldgs. Known as 228 Blair Ave., Bronx,*

23  *N.Y.*, 821 F. Supp. 893 (S.D.N.Y. 1993) (pre-CAFRA case denying stay because,

24  among other things, it would be for an indefinite period and claimant's business

25  was suffering under government management).  The same is true here.  The

26  requested stay – which is anticipated to last more than a year – is fundamentally

27  unfair and, as discussed below, would infringe Claimants' due process rights.

28        There is an additional reason that a stay would be completely inequitable:

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

- 13 -

1   The Subject Property has been seized by Plaintiff for more than a year, is not being

2   maintained, and is declining in value.  Claimants had intended to use the proceeds

3   of the sale of the property that is the subject of the forfeiture proceedings at Case

4   No.  2:16-CV-05379-DSF-PLA (C.D. Cal.) ("Laurel Way"), to pay maintenance

5   costs and other expenses for the Subject Property.[3]  However, those proceeds are

6   being held by the U.S. Marshal's Service, and Claimants do not have access to

7   those funds.  This has considerably depressed the value of the Subject Property, all

8   directly attributable to Plaintiff's actions.  Of course, this diminution in value would

9   be exacerbated by the stay requested by Plaintiff.

10          **2.      Plaintiff Seeks to Violate Claimants' Due Process Rights**

11          Plaintiff's request for an indefinite stay also clearly infringes upon

12   Claimants' due process rights.  "Due process of law must be reasonable,

13   meaningful, and timely or it has no value as a constitutional right. . . .The Supreme

14   Court has held that stays which are indefinite will not be upheld."  *United States v.*

15   *All Funds Deposited In Account No. 20008524845, First Union Nat'l Bank*, 162 F.

16   Supp. 2d 1325, 1332-33 (D. Wyo. 2001) (citing *United States v. Four (4)*

17   *Contiguous Parcels of Real Property Situated in Louisville, Jefferson County,*

18   *Kentucky,* 864 F. Supp. 652, 655 (W.D. Ky. 1994); *Landis v. North American Co.,*

19   299 U.S. 248, 257 (1936); internal quotation marks omitted); *Approximately*

20   *$104,770 in U.S. Currency*, 2011 WL 2472573, at *2 ("Indefinite stays . . . may not

21   be granted).  The Ninth Circuit has applied similar reasoning in holding in a pre-

22   CAFRA case that where the claimant is deprived of all his assets and denied an

23   opportunity for a hearing, due process rights are violated.  *See United States v.*

24   *Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993).  Undue delay of a hearing may be

25   a due process violation just as much as the outright denial of a hearing.  "[A]

26   _____

27   [3] Those expenses include property taxes, condominium association fees, utility
    costs, maintenance fees, professional service fees, and the like, totaling many

28   thousands of dollars per year.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

hearing for parties with a third party interest which takes place months or years after a restraining order is issued, cannot be construed as a hearing provided at a 'meaningful time.'"  *United States v. Crozier*, 777 F.2d 1376, 1384 (9th Cir. 1985) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Because due process entitles claimants to seek <u>timely</u> adjudication of their property rights, the Supreme Court's reasoning in *United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983), holding that due process rights prevent the government from unreasonable delay in filing civil forfeiture proceedings after seizing property, should apply here.  "To require prompt filing of a forfeiture action but allow indefinite postponement of the trial would reduce the filing requirement to a nullity."  *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2d Cir. 1986).  *See also United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1519 (9th Cir. 1991) (finding claimant was prejudiced when "[t]he government held this money for fifteen months without filing charges" and "continued to hold the money for three more years until this case finally went to trial").[4]  In sum, Claimants have been substantially disadvantaged by the actions of Plaintiff.  Plaintiff has attempted to aggravate the prejudice by:  (i) waiting for a year after tying up the Subject Property before moving for a stay; (ii) seeking a stay for an unlimited period of time; and (iii) preventing Claimants from keeping current on the costs of maintaining the Subject Property by denying Claimants access to the proceeds from the sale of the Laurel Way property, thereby further depressing the value of the Subject Property.  Plaintiff should not be allowed to further undermine Claimants' due process rights.

---

[4] Plaintiff's appeal to the Court's "inherent power to control its docket and calendar" in arguing for a stay (Mot. 13), fares no better.  The cases Plaintiff purports to rely on are not remotely applicable because none are forfeiture cases and none have analogous facts or circumstances.

- 15 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## IV. THE ISSUANCE OF A PROTECTIVE ORDER IS MORE APPROPRIATE THAN A STAY OF ALL PROCEEDINGS

In addition to failing the meet the statutory requirements, the requested stay is completely unnecessary and, hence, should be denied. Instead, a protective order which carefully limits discovery – without stopping it dead in its tracks as Plaintiff requests – would protect Plaintiff's interests while allowing certain aspects of the forfeiture action to continue. *See* 18 U.S.C. § 981(g)(3).

Under the circumstances outlined above, the more appropriate remedy is two-fold: the Court should (i) issue a protective order and (ii) release from the proceeds of the sale of the Laurel Way property sufficient funds to cover the expenses of maintaining the Subject Property, on an on-going basis. In her declaration, Ms. Enyart acknowledged that only certain disclosures in the forfeiture action would adversely impact the criminal investigation. (*See* Enyart Decl. at ¶ 5.) Claimants are willing to live within those limits, at least for a period of time, pursuant to the terms of a narrowly-tailored protective order. Section 981(g)(3) explicitly recognizes that a stay may be "unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." *Id.* That would be the case here.

Plaintiff appears concerned that in the forfeiture case, Claimants could obtain broader discovery than they could in a criminal case. But without a showing of an *adverse effect* on criminal discovery, that is no basis for granting a stay. *See United States v. Real Prop. & Improvements Located at 1419 Camellia Drive, E. Palo Alto, Cal.*, 2009 WL 3297321, at *2 (N.D. Cal. Oct. 13, 2009) (denying the government's request for a stay on the ground that, "[i]n the event that civil discovery is propounded that would intrude upon the government's criminal case, the government can move for a protective order or renew its motion to stay"). In *United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  *Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency,* 604 F. Supp. 2d

2  978, the court rejected a request for a stay, in deference to the utility of a protective

3  order:  "Section 981 is not an all-or-nothing statute . . . . If a court determines that a

4  stay is not warranted but there is still cause for some concern, section 981(g)(3)

5  authorizes entry of a protective order."  *Id.* at 982.

6      In the face of arguments similar to those made by Plaintiff here, courts have

7  found that a well-crafted protective order limiting discovery could "protect the

8  interest" of the government while preserving the ability of claimants to pursue the

9  civil case.  *See, e.g., Real Prop. & Improvements Located at 1419 Camellia Drive,*

10  *E. Palo Alto, Cal.*, 2009 WL 3297321 (denying government's motion to stay civil

11  forfeiture proceeding where appropriate protective order could be obtained if

12  necessary); *Sum of $70,990,605*, 4 F. Supp. 3d at 215; *State Comp. Ins. Fund v.*

13  *Drobot*, 2016 WL 3546583, at *8 (C.D. Cal. Feb. 29, 2016 (issuing protective order

14  "narrowly tailored to restrict discovery of what the government knows and how the

15  government is proceeding in its ongoing criminal investigation").

16      According to the Enyart declaration, "disclosure of any facts beyond those

17  set forth in the FAC . . . will have an adverse effect on the government's ability to

18  conduct the ongoing criminal investigation . . . ."  (Enyart Decl. ¶ 5) (emphasis

19  added).  This limitation to facts outside the four corners of the FAC provides the

20  parties with a pathway forward.  There are many highly relevant civil discovery

21  requests that would track the information that Plaintiff elected to publicly disclose

22  in the FAC.  To Ms. Enyart's point, for a reasonable period of time, those discovery

23  requests would not go beyond the subject matters set forth in the FAC and, hence,

24  would not impair Plaintiff's criminal investigation.  A carefully drafted protective

25  order would allow discovery into those issues and thereby permit the forfeiture case

26  to proceed, while at the same time protecting Plaintiff's interest.  The drastic step of

27  a stay is neither necessary nor fair.

28      There are numerous examples in the FAC of information and documents that

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 17 -

may be disclosed without interfering with the criminal investigation.  For example, the FAC makes reference to a "Certificate of Incumbency prepared by Aabar-BVI's registered agent in the BVI" and goes on to describe the content of that document. (FAC ¶ 218.)  Since Plaintiff elected to publicize those facts, any claims of adverse impact from providing that document in discovery would ring hollow.  Many of the occurrences alleged in the FAC appear to be memorialized or referenced in documents that Plaintiff presumably has in its possession.  For example, the FAC alleges that Qubaisi and Husseiny opened the Aabar-BVI Swiss Account.  (FAC ¶ 160.)  Assuming that fact is set forth in bank records that Plaintiff has, it strains credulity to argue that providing those documents in discovery would somehow impair the criminal investigation beyond any impact caused by this public allegation in the FAC.  Therefore, Plaintiff should be required to produce the related documents in response to a civil discovery demand.

Claimants respectfully submit that the Court should order Plaintiff to consult with Claimants and to submit within 30 days a proposed protective order suggesting limitations to discovery that will safeguard its interests while also allowing Claimants to move forward with the case.[5]  The Court should also direct Plaintiff to release from the proceeds of the sale of the Laurel Way property sufficient funds to cover the expenses of maintaining the Subject Property, on an on-going basis.

---

[5] If, despite the above arguments, the Court is nonetheless inclined to grant the stay, we respectfully request that such stay be limited in the following ways: (i) the stay relate only to deposition discovery, allowing document discovery to proceed; (ii) Plaintiff be required to report to the Court and to the Claimants every sixty (60) days on the status of its criminal investigation; and (iii) Plaintiff be required to inform the Court and Claimants if and when it decides to file an indictment or concludes that it will not indict.  Further, Claimants would request that Plaintiff be directed to release from the proceeds of the sale of the Laurel Way property sufficient funds to cover the expenses of maintaining Subject Property, on an on-going basis.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 18 -

## V.    IF THE COURT GRANTS THE STAY, IT SHOULD ENTER AN ORDER PERMITTING THE ESCROWED FUNDS FROM THE SALE OF THE LAUREL WAY PROPERTY TO BE USED TO PRESERVE THE SUBJECT PROPERTY

In the event that Court orders a stay "pending the resolution of a related federal criminal investigation" (Mot. 1:8-9), such a stay would burden Claimants by forcing them to maintain the Subject Property for an indefinite period during which the Claimants' assets would continue to be frozen.

CAFRA was intended to provide relief to claimants facing forfeiture proceedings.  As one court in the Eleventh Circuit has noted, "the stated purpose of CAFRA is 'to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures.'" *United States v. Certain Real Prop.*, 566 F. Supp. 2d 1252, 1260 (N.D. Ala. 2008) (quoting H.R.Rep. No. 106—192, at 11 (1999)).

With this salutary purpose in mind, in enacting CAFRA, Congress empowered courts to preserve the value of the affected property during a stay. CAFRA expressly provides that if the district court determines that a stay is necessary to protect the government's related criminal investigation or case, it may "enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect." 18 U.S.C. § 981(g)(6).  In this case, the Court has previously authorized the interlocutory sale of the Laurel Way property.  Those funds are currently frozen in an escrow account maintained by Plaintiff.  Claimants respectfully submit that if the Court enters an order staying the forfeiture actions, it should allow the escrowed funds to be used to pay reasonable on-going expenses relating to the maintenance of the Subject Property in New York City.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Claimants respectfully request that the Court deny Plaintiff's motion to stay this action.  In the alternative, the Court should issue a protective order governing the disclosure of confidential information.

Should the Court grant the stay, it should be limited in scope and require Plaintiff to take steps to preserve the value of the Subject Property including, but not limited to, paying all common charges and maintenance expenses, or releasing the escrowed funds from the sale of the Laurel Way property so that Claimants may preserve the value of the Subject Property.  "Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect."  18 U.S.C. § 981(g)(6).

Dated:  August 28, 2017               Respectfully submitted,

TROUTMAN SANDERS LLP


By: /s/ Peter N. Villar
     Peter N. Villar
     Sharie A. Brown, *Pro Hac Vice*

     Attorneys for Claimants
     212 West 18th Street LLC, Atlantic
     Property Trust, and Minor Children
     Beneficiaries through their guardian

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

CLAIMANTS' OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER STAYING CIVIL FORFEITURE PROCEEDINGS