UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>          Defendant.<br><br>212 WEST 18TH STREET LLC<br><br>          Titleholder. | No. 2:16-CV-5376-DSF (PLAx)<br><br>**ORDER FOR INTERLOCUTORY SALE OF DEFENDANT REAL PROPERTY LOCATED IN NEW YORK, NEW YORK** |

   Pursuant to the stipulation and request of the parties, and good cause appearing therefor, IT IS ORDERED that the parties' Stipulation for Interlocutory Sale of Defendant Real Property Located in New York, New York is granted.

   1.   The Defendant Real Property located in Unit PH1 of the Walker Tower Condominium building at 212 West 18th Street, New York NY 10011, located in Manhattan Borough (the "Defendant Real Property"), is to be sold for fair market value, and the net proceeds of the

sale, if any, will be substituted for the Defendant Real Property as the defendant *res* in this action.

2. An interlocutory sale of the Defendant Real Property is appropriate and necessary under Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because (i) the property is at risk of deterioration and damage as it will likely be uninhabited during the pendency of this litigation if it is not sold to a third party; and (ii) the expense of keeping the property is excessive and/or is disproportionate to its fair market value.

3. The procedures set forth in 28 U.S.C. §§ 2001, 2002 and 2004 (providing for public sale of property under court control) are not reasonable, appropriate or likely to yield the highest price for the Defendant Real Property. Because of the high value of the Defendant Real Property, the limited and unique nature of the market to which the property can be marketed, as well as the expertise needed to sell and market real estate of this value and caliber to the public, the Court orders the interlocutory sale according to the terms described herein.

1. The legal description of the Defendant Real Property is:

**SCHEDULE A DESCRIPTION**

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 17TH STREET DISTANT 177 FEET 2 INCHES WESTERLY FROM THE WESTERLY SIDE OF 7TH AVENUE;

THENCE NORTHERLY AT RIGHT ANGLES TO 17TH STREET PARALLEL WITH 7TH AVENUE AND PART OF THE WAY THROUGH A PARTY WALL 44

FEET 6 INCHES TO LAND FORMERLY OF ABRAHAM BRINCKERHOFF;

THENCE WESTERLY ALONG THE LAND FORMERLY OF SAID ABRAHAM BRINCKERHOFF 51 FEET 6 INCHES;

THENCE SOUTHERLY PARALLEL WITH 7TH AVENUE AND PART OF THE WAY THROUGH A PARTY WALL 42 FEET 6 ½ INCHES TO THE NORTHERLY SIDE OF 17TH STREET;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET 51 FEET 6 INCHES TO THE POINT OR PLACE OF BEGINNING, BE SAID SEVERAL DIMENSIONS AND DISTANCES MORE OR LESS.  SAID PREMISES BEING KNOWN AS NOS. 215, 217 AND 219 WEST 17TH STREET.

ALSO, ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHWESTERLY SIDE OF 18TH STREET DISTANT 125 FEET NORTHWESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHWESTERLY SIDE OF 18TH STREET AND NORTHWESTERLY SIDE OF 7TH AVENUE;

THENCE NORTHWESTERLY ALONG 18TH STREET 50 FEET;

THENCE SOUTHWESTERLY AT RIGHT ANGLES TO SOUTHWESTERLY SIDE OF 18TH STREET 140 FEET 7 ½ INCHES;

THENCE SOUTHEASTERLY NEARLY PARALLEL WITH SAID SOUTHWESTERLY SIDE OF 18TH STREET BUT SOMEWHAT CONVERGENT THERETO, 50 FEET;

THENCE NORTHEASTERLY AT RIGHT ANGLES TO THE SAID SOUTHWESTERLY SIDE OF 18TH STREET 139 FEET 8 ½ INCHES TO THE POINT OR PLACE OF BEGINNING.  BE SAID SEVERAL DIMENSIONS MORE OR LESS.  SAID PREMISES BEING KNOWN AS NOS. 208 AND 212 WEST 18TH STREET.

ALSO, ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF

MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF 18TH STREET DISTANT 100 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF SAID SOUTHERLY SIDE OF 18TH STREET AND

WESTERLY SIDE OF 7TH AVENUE;

THENCE SOUTHERLY PARALLEL WITH 7TH AVENUE 109 FEET;

THENCE WESTERLY PARALLEL WITH SOUTHERLY SIDE OF 18TH STREET 25 FEET;

THENCE NORTHERLY AGAIN PARALLEL WITH WESTERLY SIDE OF 7TH AVENUE 109 FEET TO THE SOUTHERLY SIDE OF 18TH STREET;

THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF 18TH STREET 25 FEET TO THE POINT OR PLACE OF BEGINNING.  BE SAID SEVERAL DIMENSIONS MORE OR LESS. SAID PREMISES BEING KNOWN AS NO. 206 WEST 18TH STREET.

ALSO, ALL THAT CERTAIN LOT PIECE OR PARCEL OF LAND, WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, KNOWN AND DESIGNATED ON A MAP OF AN ESTATE OF FITZ ROY ROAD, GREENWICH, SURVEYED MARCH 1825 BY E.W. BRIDGES AS LOTS 13, 14, 26 AND 27, AND TAKEN TOGETHER ARE BOUNDED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY LINE OF 18TH STREET DISTANT 175 FEET WESTERLY FROM THE WESTERLY LINE OF 7TH AVENUE;

THENCE SOUTHERLY AND PARALLEL WITH 7TH AVENUE; 140 FEET 7 ½ INCHES;

THENCE WESTERLY ABOUT 50 FEET;

THENCE NORTHERLY AND PARALLEL WITH 7TH AVENUE 141 FEET 5 ½ INCHES TO THE SOUTHERLY LINE OF 18TH STREET;

THENCE EASTERLY ALONG THE SOUTHERLY LINE OF 18TH STREET 50 FEET TO THE POINT OR PLACE OF BEGINNING.  BE THE SAID SEVERAL DIMENSIONS MORE OR LESS. SAID PREMISES BEING KNOWN AS NOS. 212 AND 214 WEST 18TH STREET.

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 17TH STREET, DISTANT 100 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 17TH STREET WITH THE WESTERLY SIDE OF 7TH AVENUE;

RUNNING THENCE NORTHERLY PARALLEL WITH 7TH AVENUE 75 FEET MORE OR LESS TO THE SOUTHEAST CORNER OF A LOT CONVEYED BY DANIEL D. T. CHARLES AND ELIZABETH QUIRK AS EXECUTORS OF AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF THOMAS QUIRK, DECEASED, TO CHARLES RUMENS BY DEED DATED JAN 1, 1852;

THENCE WESTERLY ALONG THE SOUTHERLY WALL OF A BRICK CARPENTER'S SHOP, SITUATED ON THE REAR OF SAID LOT CONVEYED TO SAID RUMENS, 25 FEET MORE OR LESS TO THE SOUTHWEST CORNER OF SAID RUMENS LOT, DISTANT 125 FEET WESTERLY FROM 7TH AVENUE;

THENCE SOUTHERLY ON A LINE PARALLEL WITH 7TH AVENUE 125 FEET WESTERLY THEREFROM, 29 FEET MORE OR LESS TO LAND NOW OR LATELY BELONGING TO THE ESTATE OF ABRAHAM BRINCKERHOFF, DECEASED;

THENCE EASTERLY 5 FEET MORE OR LESS TO A POINT DISTANT 45 FEET 7 INCHES NORTHERLY FROM 17TH STREET AND 120 FEET WESTERLY FROM 7TH AVENUE;

THENCE SOUTHERLY ON A LINE PARALLEL WITH 7TH AVENUE 120 FEET WESTERLY THEREFROM AND PART OF THE WAY THROUGH THE CENTRE OF A PARTY WALL 45 FEET 7 INCHES TO THE NORTHERLY SIDE OF 17TH STREET;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET 20 FEET TO THE POINT OR PLACE OF BEGINNING.  BEING THE PREMISES KNOWN AS AND BY THE STREET NO. 207 WEST 17TH STREET.

ALSO ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 17TH STREET DISTANT 120 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 17TH STREET AND THE WESTERLY SIDE OF 7TH AVENUE;

THENCE NORTHERLY PARALLEL WITH 7TH AVENUE AND ALONG THE WESTERLY SIDE OF LAND NOW OR LATE OF DUNN 45 FEET 7 INCHES TO LAND NOW OR LATE OF BRINCKERHOFF;

THENCE WESTERLY IN A DIAGONAL LINE AND ALONG THE SOUTHERLY SIDE OF LAST MENTIONED LAND 20 FEET TO LAND NOW OR LATE OF

PETER REYLES;

THENCE SOUTHERLY PARALLEL WITH 7TH AVENUE AND ALONG THE EASTERLY SIDE OF LAST MENTIONED LAND 45 FEET 2 INCHES TO THE NORTHERLY SIDE OF 17TH STREET;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET 20 FEET TO THE POINT OR PLACE OF BEGINNING.  SAID PREMISES BEING KNOWN AS AND BY THE STREET NO. 209 WEST 17TH STREET.

ALSO, ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 17TH STREET DISTANT 160 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 17TH STREET WITH THE WESTERLY SIDE OF 7TH AVENUE;

THENCE NORTHERLY PARALLEL WITH 7TH AVENUE 44 FEET 9 INCHES TO LAND FORMERLY OF ABRAHAM BRINCKERHOFF;

THENCE WESTERLY ALONG SAID LAND OF BRINCKERHOFF 17 FT 2 2/3 INCHES;

THENCE SOUTHERLY PARALLEL WITH 7TH AVENUE PART OF THE WAY THROUGH A PARTY WALL 44 FEET 5 INCHES TO THE NORTHERLY SIDE OF 17TH STREET;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET 17 FEET 2 INCHES TO THE POINT OR PLACE OF BEGINNING.  BE SAID DIMENSIONS MORE OR LESS. SAID PREMISES BEING KNOWN AS NO. 213 WEST 17TH STREET.

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 17TH STREET DISTANT 140 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF 17TH STREET WITH THE WESTERLY SIDE OF 7TH AVENUE;

THENCE NORTHERLY PARALLEL WITH 7TH AVENUE 45 FEET 2 1/5 INCHES MORE OR LESS;

THENCE WESTERLY AND ALONG LAND FORMERLY OF ABRAHAM

BRINCKERHOFF 20 FEET MORE OR LESS;

THENCE SOUTHERLY AND AGAIN PARALLEL WITH 7TH AVENUE 44 FEET 9 1/5 INCHES MORE OR LESS TO THE NORTHERLY SIDE OF 17TH STREET;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET 20 FEET TO THE POINT OR PLACE OF BEGINNING.  SAID PREMISES BEING KNOWN AS NO. 211 WEST 17TH STREET.
OVERALL

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF 18TH STREET DISTANT 100 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF 18TH STREET AND WESTERLY SIDE OF 7TH AVENUE;

THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF 18TH STREET 125 FEET;

THENCE SOUTHERLY AT RIGHT ANGLES TO THE SOUTHERLY SIDE OF 18TH STREET 141.38 FEET;

THENCE WESTERLY ON A LINE FORMING AN EXTERIOR ANGLE OF 91° 36' 15" WITH THE LAST MENTIONED COURSE, 3.67 FEET;

THENCE SOUTHERLY AT RIGHT ANGLES TO THE NORTHERLY SIDE OF 17TH STREET, 42.54 FEET TO THE NORTHERLY SIDE THEREOF;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET, 128.67 FEET;

THENCE NORTHERLY AT RIGHT ANGLES TO THE NORTHERLY SIDE OF 17TH STREET, 184.00 FEET TO THE SOUTHERLY SIDE OF 18TH STREET, THE POINT OR PLACE OF BEGINNING.

TOGETHER WITH ALL, RIGHT, TITLE AND INTEREST OF DECLARANT IN AND TO THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK,
BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF 18TH STREET DISTANT 100 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF 18TH STREET AND WESTERLY SIDE OF 7TH AVENUE;

THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF 18TH STREET 125 FEET;

THENCE SOUTHERLY AT RIGHT ANGLES TO THE SOUTHERLY SIDE OF 18TH STREET 140.5 FEET;

THENCE WESTERLY ON A LINE PARALLEL TO THE NORTHERLY SIDE OF 17TH STREET, 4.17 FEET;

THENCE SOUTHERLY AT RIGHT ANGLES TO THE NORTHERLY SIDE OF 17TH STREET, 43.5 FEET TO THE NORTHERLY SIDE THEREOF;

THENCE EASTERLY ALONG THE NORTHERLY SIDE OF 17TH STREET, 129.17 FEET;

THENCE NORTHERLY AT RIGHT ANGLES TO THE NORTHERLY SIDE OF 17TH STREET, 184.00 FEET TO THE SOUTHERLY SIDE OF 18TH STREET, THE POINT OR PLACE OF BEGINNING.

The Parties shall cause the Defendant Real Property to be sold at the highest available reasonable price.  The Parties agree that Claimant 212 West 18th Street LLC shall maintain a listing for the Defendant Real Property with the Multiple Listing Service and/or any other form to market the property to the public, and shall attempt to procure a ready, willing and able buyer.  The listing price and the sale price shall be no less than an amount mutually agreed to by the Government and Claimant.  The listing agent(s) shall be a licensed real estate broker with experience selling properties in the area where the Defendant Real Property is located.  The listing agent shall cooperate in providing any and all information relating to the Defendant Property, including its marketing plan to sell the Defendant Property, to the Parties.  If the Defendant Property is not sold within 270 days of the Court's approval of the Parties' stipulation, the Government in its sole discretion may elect to switch the listing agent to an individual or entity of the Government's choosing who is also a licensed real estate broker with

experience selling similar properties in the area where the Defendant Real Property is located.  The Parties agree and stipulate that: (i) the listing agent shall be paid a commission no more than 2 percent of the purchase price, and (ii) the purchaser's agent(s) shall be paid a commission of no more than 2 percent.

    4.   At least 5 days prior to the close of escrow with respect to any proposed sale of the Defendant Real Property pursuant to the Order, the listing agent shall provide to the Parties the following: (i) the identities of the prospective buyer(s), including current address(es) and driver's license number(s); (ii) the purchase price; and (iii) the final escrow instructions.  Either Party, through its counsel of record, shall notify the other of any objection to the proposed sale, the buyer or the proposed final escrow instructions within 2 business days.  Any such objection shall result in the immediate cancellation of the sale.

    5.   Not later than three (3) business days prior to the anticipated close of escrow as described in paragraph 6, the Plaintiff shall deliver to the escrow agent a conditional withdrawal of its lis pendens recorded against the Defendant Real Property. This conditional withdrawal may be recorded only if terms of this Order have been completely satisfied.

    6.   The proceeds of the sale of the Defendant Real Property shall be distributed as a payment or reimbursement as follows:

        a.   First, payment of the aggregate per diem costs of all outstanding real property taxes and condominium/homeowner fees assessed, billed, or otherwise due on or after the date of this stipulation, if any, to the relevant city and state tax authorities and condominium board respectively, to the date of closing of escrow.

Any real property taxes or condominium/homeowner fees that were assessed, billed, and otherwise due prior to the date of the Order will be the sole responsibility of, and paid for by, the Claimant ("Claimant Property Taxes and Fees");

  b. Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Defendant Real Property, any transaction taxes payable by the seller relating to the sale of the Defendant Real Property, and any reasonable credits against the sale price requested by the buyer(s) and agreed to by the government and Claimant 212 West 18th Street LLC;

  c. Third, to the extent funds remain, payment to any secured lienholders, whose security interests were recorded prior to the recording of Plaintiff's lis pendens in this action;

  d. Fourth, to the extent funds remain, payment to any secured lienholders, whose security interests were recorded prior to the recording of Plaintiff's lis pendens in this action.

  e. Fifth, to the extent funds remain (the "net proceeds"), the Parties agree that the net proceeds shall constitute the substitute *res* in place of the Defendant Real Property.  The net proceeds shall be wired from escrow directly to the United States Marshals Service ("USMS") and shall be held in an interest bearing account pending the resolution of this forfeiture action.  The government shall provide wiring instructions directly to the escrow company handling the sale of the Defendant Real Property.  Upon delivery of the net proceeds to the USMS, the government shall notify the Parties and this Court of the amount that has been deposited as the substitute *res* by filing a notice with the Court.

10

7. The Parties to this Stipulation will execute any and all documents necessary to consummate the sale of the Defendant Real Property, to convey clear title of the property to the buyers, and to further implement the terms of this Stipulation. Claimant Board of Managers hereby agrees to expedite consideration of the Purchase Application, Notice of Intention to Sell and all other requirements necessary to consummate the sale of the Defendant Real Property.

/ / /

/ / /

The Court shall retain jurisdiction over the Defendant Real Property to effectuate the terms of the sale and resolve any issues or disputes that may arise regarding the interlocutory sale of the property.

IT IS SO ORDERED.

DATED: July 3, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
United States Department of Justice
WOO S. LEE
BARBARA LEVY
JOSHUA SOHN
Criminal Division
U.S. Department of Justice

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_/s/Barbara Levy_____
JOHN J. KUCERA
MICHAEL R. SEW HOY
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICAUNITED STATES OF AMERICA