DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER, Chief, International Unit
WOO S. LEE, Deputy Chief, International Unit
BARBARA Y. LEVY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney
Criminal Division
United States Department of Justice
   1400 New York Avenue, N.W., 10th Floor
   Washington, D.C. 20530
   Telephone: (202) 514-1263
   Email:  Woo.Lee@usdoj.gov
NICOLA T. HANNA
United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
MICHAEL SEW HOY (CBN: 243391)
Assistant United States Attorneys
Asset Forfeiture Section
   312 North Spring Street, 14th Floor
   Los Angeles, California 90012
   Telephone:  (213) 894-3391/3314
   Facsimile:  (213) 894-0142
   Email: John.Kucera@usdoj.gov
        Michael.R.Sew.Hoy.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 2:16-CV-5376-DSF (PLAx) |
|         Plaintiff, | ) |
|            v. | ) **JOINT EX PARTE APPLICATION TO AMEND ORDER FOR INTERLOCUTORY SALE AND SUBSTITUTE RES PURSUANT TO 18 U.S.C. §§ 981 (g)(6) and 983(j); DECLARATIONS OF EMILY BEARE, DAVID A. KETTEL, AND BARBARA LEVY** |
| REAL PROPERTY LOCATED IN NEW YORK, NEW YORK, | ) |
|         Defendant. | ) |
| 212 West 18th Street LLC, | ) |
|         Titleholder. | ) |

//

//

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff United States of America (the "Government") and claimant Board of Managers of the Walker Tower Condominium, a/k/a Residential Section of the Walker Tower Condominium (the "Board of Managers")(together with the Government, the "Movants"), by and through their respective undersigned counsel, hereby move *ex parte* to amend the order ("Interlocutory Sale Order") issued by the Court on July 3, 2019 for an interlocutory sale of the real property located at 212 West 18th Street, Unit PH1, New York, NY 10011 (Block 767, Lot 1556 located in Manhattan Borough) ("Defendant Real Property"), pursuant to 18 U.S.C. §§ 981(g)(6) and 983(j).  Specifically, Movants respectfully request that the Court issue an order amending the terms of the Interlocutory Sale Order to:

(1)   grant the Government sole discretion to accept the offer ("Offer") described herein or any offer that is within twenty-five (25) percent of the value of the Offer for the interlocutory sale of the Defendant Real Property; and

(2)   specify that the amounts due to the Board of Managers will be paid out of the proceeds of the interlocutory sale.

This *ex parte* application is brought pursuant to Civil Local Rule 7-19 and the Procedures of the Honorable Dale S. Fischer, and is based on this *Ex Parte* Application, accompanying Memorandum of Points and Authorities, the Declaration of Emily Beare ("Beare Decl."), the Declaration of David A. Kettel ("Kettel Decl."), the Declaration of Barbara Levy ("Levy Decl.")

2

1   filed simultaneously herewith, the pleadings, the record and the
2   other papers on file in this action, and upon such further
3   evidence or argument as may be presented to the Court.
4        On February 11, 2020, counsel for Movants and counsel for
5   claimants 212 West 18th Street LLC, Atlantic Property Trust, and
6   Minor Children Beneficiaries, through their guardian Safeya
7   Ahmed Kulaib Al Hameli (collectively, the "Qubaisi Claimants")
8   conferred by telephone regarding Movants' intention to accept an
9   offer (the "Offer") for the Defendant Real Property consistent
10  with the Court's Interlocutory Sale Order.  Counsel for the
11  Qubaisi Claimants did not indicate during this call whether they
12  would accept the Offer.  On March 3, 2020, counsel for the
13  Government e-mailed counsel for the Qubaisi Claimants to ask
14  again if the latter would agree to accept the Offer.  On March
15  6, 2020, counsel for the Government notified counsel for the
16  Qubaisi Claimants that Movants intended to seek an *ex parte*
17  order to amend the Interlocutory Sale Order authorizing the
18  Government to accept the Offer.  On March 9, 2020, counsel for
19  the Qubaisi Claimants notified counsel for the Government by e-
20  mail that they would not agree to accept the Offer and
21  understood Movants would seek *ex parte* relief, but did not
22  indicate whether they would oppose the request.
23       Counsel for the Qubaisi Claimants are:  Sharie A. Brown,
24  Troutman Sanders LLP, 401 9th Street, NW, Suite 1000, Washington,
25  D.C. 20004-2134, Telephone: (202) 274-2950, E-mail:
26  sharie.brown@troutmansanders.com and Peter N. Villar, Troutman
27  Sanders LLP, 5 Park Plaza, Suite 1400, Irvine, CA 92614,
28

1   Telephone: (949) 622-2700, E-mail:

2   peter.villar@troutmansanders.com.

3        A proposed order is lodged herewith.

4

5   DATED: March 16, 2020          Respectfully submitted,

6                                  DEBORAH CONNOR
                                   Chief, Money Laundering and Asset
7                                  Recovery Section (MLARS)

8                                  NICOLA T. HANNA
9                                  United States Attorney

10                                  /s/ Barbara Y. Levy
11                                 JOHN J. KUCERA
                                   MICHAEL R. SEW HOY
12                                 Assistant United States Attorneys

13                                 WOO S. LEE
14                                 Deputy Chief, MLARS
                                   BARBARA LEVY
15                                 Trial Attorney, MLARS

16                                 Attorneys for Plaintiff
17                                 UNITED STATES OF AMERICA

18  DATED: March 16, 2020           /s/ (by e-mail confirmation)
                                   DAVID KETTEL
19                                 Theodora Oringher PC

20                                 Attorneys for Claimant
21                                 Board Managers of the Walker Tower
                                   Condominium, a/k/a Residential
22                                 Section of the Walker Tower
                                   Condominium
23

24

25

26

27

28

                                    4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Movants, by and through their respective undersigned counsel, hereby respectfully submit this Joint *ex parte* motion to amend the interlocutory sale order entered by the Court on July 3, 2019 ("Interlocutory Sale Order", DN 88) for the Defendant Real Property pursuant to 18 U.S.C. §§ 981(g)(6) and 983(j).

In accordance with the sale procedures set forth in the Interlocutory Sale Order, Movants have identified a buyer for the Defendant Real Property, and have determined that the buyer's offer ("Offer") is the highest available reasonable price for the Defendant Real Property.  The Offer is time-sensitive and is likely to be withdrawn if the parties cannot respond to it within approximately one week's time.  In June 2019, the parties stipulated that an interlocutory sale of the Defendant Real Property was appropriate because, among other things, is the property was (i) falling into "further disrepair by the day;" (ii) the condition of the property would "inevitably continue to decline;" and (iii) total annual expenses of nearly $250,000 per year would continue to go unpaid by the Qubaisi Claimants if the property was not sold.  See DN 88, ¶¶ 3-5.  All of those things continue to be true.  The Qubaisi Claimants agreed that they would "execute any and all documents necessary to consummate the sale of the Defendant Real Property, to convey clear title of the property to the buyers, and to further implement the terms of the" parties' stipulation.

<u>Id.</u> at ¶ 11.  Yet, in spite of the Government's best efforts to persuade the Qubaisi Claimants to accept the Offer or, alternatively, understand the underlying basis for their concerns, the Qubaisi Claimants have declined to clarify their reasons for rejecting the Offer.

In an effort to preserve the Defendant Real Property's value, including paying off the substantial, accruing fees owed to the Board of Managers by the Qubaisi Claimants from the gross proceeds of the sale, the Movants request that the Court enter an Amended Order for Interlocutory Sale, as described below, and as set out in the proposed Amended Order lodged contemporaneously herewith.  *Ex parte* relief is necessary because the Offer is time-sensitive and not likely to be matched in the foreseeable future.  Furthermore, selling the Defendant Real Property at the present time will preserve the value of the substitute <u>res</u> available for all of the parties in this litigation.

## II.  <u>BACKGROUND</u>

On July 20, 2016, the Government initiated this civil forfeiture action alleging that the Defendant Real Property is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981 (a)(1)(C). (DN 1).  Subsequently, the United States filed a First Amended Verified Complaint for Forfeiture <u>In Rem</u> on August 4, 2017 ("FAC"). (DN 55).  Notice was given and published according to law.

On October 3, 2016 and October 11, 2017, respectively, the Board of Managers filed verified claims in response to the

Complaint (DN 16) and to the FAC.  (DN 63).  On October 7, 2016, and October 14, 2017, respectively, the Qubaisi Claimants filed verified claims in response to the Complaint (DN 18) and to the FAC.  (DN 64).  Claimant Board of Managers filed an answer to the Complaint on October 14, 2016.  (DN 28).  The Qubaisi Claimants filed an answer to the Complaint on October 28, 2016 (DN 38), and an answer to the FAC on November 10, 2017.  (DN 67).

On September 13, 2017, the Court imposed a stay for all purposes except for the filing of timely claims. (DN 62).  Aside from the Qubaisi Claimants and the Board of Managers, no other individual or entity has filed a claim or answer in this action, and the time for doing so has expired.

On June 25, 2019, the parties filed a stipulation seeking to lift the stay for the sole purpose of entering an order authorizing an interlocutory sale of the Defendant Property. (DN 85).  On June 27, 2019, the Court entered an order lifting the stay for this limited purpose.  (DN 86).

On June 28, 2019, the parties filed a stipulation for entry of an interlocutory sale order.  (DN 87).  The parties stipulated that a sale was appropriate and necessary because: "(i) the property [was] at risk of deterioration and damage as it [would] be uninhabited during the pendency of this litigation if it is not sold to a third party; and (ii) the expense of keeping the property [were] excessive and/or [were] disproportionate to its fair market value."  Id. ¶ 3.

On July 3, 2019, the Court entered the Interlocutory Sale Order (DN 88), which specified that the "sale price shall be no

less than an amount mutually agreed to by the Government and [claimant 212 West 19th Street LLC]." Id. at 8.  The Interlocutory Sale Order further provided that "[a]ny real property taxes or condominium/homeowner fees that were assessed, billed, and otherwise due prior to the date of the [Interlocutory Sale] Order will be the sole responsibility of, and paid for by" claimant 212 West 18th Street LLC.  Id. at 9.

During February 2020, counsel for the Government and the Qubaisi Claimants conferred on multiple occasions regarding the Offer.  (Levy Decl. ¶ 7.) On or about March 9, 2020, counsel for the Qubaisi Claimants notified the Government that they would not consent to the Offer, but failed to provide an explanation for their objection.  (Id. ¶ 8.)  To date, the Offer remains the highest available reasonable offer for the Defendant Real Property.  (Id. ¶ 6.)

**III.  ARGUMENT**

This Court's Standing Order recognizes that, "[e]x parte applications are solely for extraordinary relief and are rarely justified."  See DN 11 at 16 (citing Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Here, *ex parte* relief is justified because the Court has previously determined (with the concurrence of *all* the real parties in interest) that good cause exists for an interlocutory sale of the Defendant Real Property.  (DN 88.)  By opposing the current time-sensitive offer for no clear reason, the Qubaisi Claimants are acting inconsistently with their own prior consent to the Interlocutory Sale Order and the Order itself, to the

detriment of the other parties.  Rejecting the Offer with no
alternate offer in sight also results in prejudice to the other
residents of the Walker Tower Condominium, who are not parties
to this action, but are nonetheless forced to bear the costs of
the accruing condominium fees that the Qubaisi Claimants have
failed and refused to pay, notwithstanding their agreement to do
so as the titled owners of the Defendant Property.  (Kettel
Decl. ¶ 6.)

Title 18, Section 981(g)(6) of the United States Code
specifies that a court "shall enter any order necessary to
preserve the value of the property or to protect the rights of
lienholders or other persons with an interest in the property
while the stay is in effect" (emphasis added).  Section 983(j)
of Title 18 also grants courts authority to, "take any other
action to seize, secure, maintain, or preserve the availability
of property subject to civil forfeiture."

Here, an Amended Order pursuant to 18 U.S.C. §§ 981(g) and
983(j) authorizing the Government to accept the Offer is
necessary and appropriate to preserve the value of the Defendant
Real Property because the Offer is the highest available and
commercially reasonable price[1], (Levy Decl. ¶ 6; Beare Decl.
¶ 5), and time-sensitive, substantial fees owed to the Board of
Managers are continuing to accrue due to the failure of the
Qubaisi Claimants to fulfill their financial obligations arising
from their ownership of the Defendant Real Property, and current

---

[1] The government has filed contemporaneously with the application
a request for leave to disclose the material terms of the Offer,
contained in the Beare Decl., under seal.

9

market conditions do not suggest that the parties are likely to receive a comparable offer in the near future.  The Qubaisi Claimants have not articulated what prejudice, if any, they would face if Movants accepted the Offer.  Nor can they do so, as the sale of the Defendant Real Property will result in the satisfaction of the accruing fees that the Qubaisi Claimants are required but refusing to pay, and will maximize the value of the substitute res subject to litigation, as the Qubaisi Claimants acknowledged in the stipulation requesting entry of the original Interlocutory Sale Order.  See DN 87 at ¶ 3.

**A. Accepting the Current Offer Will Preserve The Value of the Defendant Real Property**

The current Offer is the highest available reasonable price for the Defendant Real Property, and is time-sensitive in nature.  (Levy Decl. ¶¶ 4, 6.)  The listing agent for the Defendant Real Property has advised counsel for both the Government and the Qubaisi Claimants that despite indications of interest by several potential buyers, there have only been three formal offers for the Defendant Real Property since the entry of the Interlocutory Sale Order.  (Id. at 4.)  Furthermore, the amount of the incoming offers have decreased over time.[2]  (Id.)

The Qubaisi Claimants, who are delinquent in their own financial obligations relating to the Defendant Real Property, resulting in a constant drain on the equity in the property, have provided no justification for their refusal to accept the Offer.  Meanwhile, the Qubaisi Claimants remain firm in their

---

[2]  The Offer is $2 million less than the price initially proposed by this buyer in or around November 2019.  (Levy Decl. ¶ 4.)

refusal to pay any of the delinquent property taxes or amounts due to the Board of Managers for which they are responsible. (Id. ¶ 9.) These taxes and fees continue to accrue, to the detriment of the Board of Managers and other residents of the Walker Tower Condominium (Kettel Decl. ¶¶ 3-6.), and represent a consistent loss of equity that will never be recouped.  The property also continues to fall into a further state of disrepair.  (Levy Decl. ¶ 5.)

## B. An Interlocutory Sale Will Preserve the Interests of the Parties

An order for interlocutory sale of property subject to a stayed civil forfeiture proceeding must be made consistent with both the requirements of Supplemental Rule G(7) for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G(7)") and Section 981(g)(6).  United States v. Real Property and Residence Located at 4816 Chaffey Lane, 699 F.3d 956, 961 (6th Cir. 2012). Pursuant to Section 981(g)(6), a court's ability to order an interlocutory sale under Rule G(7) during the pendency of a stay is limited only to situations where such sale "would diminish the asset's value or harm the rights of a lienholder or third party."  Id; see also United States v. Real Property Located at 272 Old Montauk Highway, Montauk, N.Y., 11954, 298 F.R.D. 43, 50 (E.D.N.Y. 2014) (citing 4816 Chaffey Lane).

Here, there is no question that expediting the sale of the Defendant Real Property as Movants request, will preserve the asset's value by protecting the equity in the property from being further reduced.  Far from harming the rights of any

lienholder or third party, the sale would result in the
immediate satisfaction of delinquent fees and taxes, resulting
in a direct benefit to the Board and other residents of Walker
Tower, who are utterly blameless here.  Finally, accepting the
Offer will maximize the substitute <u>res</u> available in the
forfeiture action, protecting the value of the Defendant Real
Property for the benefit of the Government and the Claimants.
<u>See</u> <u>272 Old Montauk Highway</u>, 298 F.R.D. 43 (a sale to preserve
the equity in a property when claimant has defaulted on the
mortgage is consistent with both Rule G(7) and § 981(g)(6));
<u>4816 Chaffey Lane</u>, 699 F.3d at 961-62 (upholding interlocutory
sale of yacht on which claimant had stopped paying the mortgage
because such sale preserves whatever equity claimant had in the
property and thus does not diminish its value). Conversely,
allowing the Qubaisi Claimants to both reject the Offer for no
articulable reason while allowing them to maintain their
financial delinquencies will cause direct harm to the interests
of Movants and the non-party Walker Tower residents.  The
apparent willingness of the Qubaisi Claimants to watch the value
of the Defendant Real Property erode while simultaneously
refusing to fulfill their most basic obligations concerning the
property, is – at least – a sign of their lack of confidence
that they are likely to prevail in this case and – at worst – a
naked attempt to hold the Defendant Real Property hostage in
order to gain an unfair advantage over parties that are
suffering actual damages as a result of the Qubaisi Claimants'
intransigence.

1

**IV.   CONCLUSION**

2      For the foregoing reasons, the Movants respectfully request

3 that the Court enter the proposed order lodged herewith.

4

5 DATED: March 16, 2020

6                          Respectfully submitted,

7                          DEBORAH CONNOR
                           Chief, Money Laundering and
8                          Asset Recovery Section (MLARS)

9                          NICOLA T. HANNA
10                         United States Attorney

11                         */s/ Barbara Y. Levy*
12                         BARBARA LEVY
                           Trial Attorney, MLARS
13                         JOHN KUCERA
                           MICHAEL SEW HOY
14                         Assistant United States Attorneys

15                         Attorneys for Plaintiff
16                         UNITED STATES OF AMERICA

17 DATED: March 16, 2020   */s/(per e-mail confirmation)*
18                         DAVID KETTEL
                           Theodora Oringher PC
19
20                         Attorneys for Claimant
                           Board Managers of the Walker Tower
21                         Condominium, a/k/a Residential
                           Section of the Walker Tower
22                         Condominium

23

24

25

26

27

28

                                    13

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of March 16, 2020, the foregoing NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AMENDED ORDER FOR INTERLOCUTORY SALE AND SUBSTITUTE RES PURSUANT TO 18 U.S.C. §§ 981 (g)(6) and 983(j) was served via the Court's CM/ECF System on counsel of record for all parties in accordance with Local Rule 5-3.2.1.

*/s/ Barbara Y. Levy*
 Barbara Levy
 Trial Attorney

14