Peter N. Villar, Bar No. 204038
peter.villar@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Sharie A. Brown, *Pro Hac Vice*
sharie.brown@troutmansanders.com
TROUTMAN SANDERS LLP
401 9th Street, N. W. Suite 1000
Washington, D.C. 20004-2134
Telephone: 202.274.2950
Facsimile: 202.274.2994

Attorneys for Claimants
212 West 18th Street LLC, Atlantic Property Trust, and Minor Children Beneficiaries through their guardian

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>Defendant.<br><br>212 WEST 18TH STREET LLC,<br><br>Titleholder. | Case No. 2:16-CV-05376-DSF-PLA<br><br>Honorable Dale S. Fischer<br><br>**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO AMEND ORDER FOR INTERLOCUTORY SALE AND SUBSTITUTE *RES* PURSUANT TO 18 U.S.C. §§ 981(g)(6) AND 983(j)** |

41810188

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO AMEND ORDER FOR INTERLOCUTORY SALE AND SUBSTITUTE *RES* PURSUANT TO 18 U.S.C. §§ 981(g)(6) AND 983(j)

## I.   INTRODUCTION

The Court should deny Plaintiff's *ex parte* application because it is inconsistent with the parties' prior stipulation and this Court's prior order regarding the interlocutory sale of **Claimant's property**.  Plaintiff has failed to meet its burden for such *ex parte* relief and has not shown any irreparable harm that it might sustain if Claimant's property is not immediately sold to the current bidder.  This Court's standing order is clear that *ex parte* relief should not ordinarily be granted under these circumstances.

Claimant 212 West 18th Street, LLC ("Claimant") is the titleholder and retains title over 100% of the defendant real property located at 212 West 18th Street, Unit PH1, New York, New York.  (Dkt. 87 ¶ 2.)  Claimant purchased the property in January 2014 for $50,912,500.  (Dkt. 1 ¶ 478.)  On June 27, 2019, Plaintiff and Claimant stipulated, and this Court ordered, that in the event of an interlocutory sale of the property, "[t]he listing price and the sale price shall be no less than an amount mutually agreed to by the Government and Claimant."  (Dkt. 87 ¶ 7; Dkt. 88 ¶ 3.)  The parties further agreed, and the Court further ordered, that if either party objected to the terms of a proposed sale, "[a]ny such objection shall result in the immediate cancellation of the sale."  (Dkt. 87 ¶ 8; Dkt. 88 ¶ 4.)

At present, the parties have not mutually agreed to a sales price.  Moreover, there is no factual or legal basis to grant Plaintiff "sole discretion" to sell Claimant's property at any price.  There is certainly no basis to do so on an *ex parte* basis.

## II.   PLAINTIFF HAS NOT MET ITS HEAVY BURDEN TO JUSTIFY *EX PARTE* RELIEF

Plaintiff's *ex parte* application is inconsistent with this Court's prior interlocutory sale order (Dkt 88), but Plaintiff fails to cite the legal grounds upon which its application is based.  The Court's standing order provides: "Ex parte applications are solely for extraordinary relief and are rarely granted. **See Mission**

**Power Engineering Co. v. Continental Casualty Co.**, 883 F. Supp. 488 (C.D. Cal. 1995)."

The standard for allowing *ex parte* relief is high: "[T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492. "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis – the necessity for bypassing regular motion procedures – that requires explanation." *Id.* at 493.

Plaintiff has not shown any irreparable harm that it would sustain if *ex parte* relief were not granted. Rather, Plaintiff's application is based on the assertion that an existing offer to purchase the property "is time-sensitive and not likely to be matched in the foreseeable future." (App. at 6:12-14.) Claimant would argue that this assertion is inconsistent with the offer history and that the present offer is unreasonably low.

Therefore, Plaintiff has not demonstrated any irreparable harm to justify *ex parte* relief.

**III.   CONCLUSION**

Claimant remains willing to sell its property in accordance with the parties' prior stipulation and the Court's prior order. For the foregoing reasons, the Court should deny Plaintiff's *ex parte* application.

| | | |
|---|---|---|
| 1 | Dated: March 17, 2020 | Respectfully submitted, |
| 2 | | TROUTMAN SANDERS LLP |
| 3 | | |
| 4 | | By: /s/ Peter N. Villar |
| | | Peter N. Villar |
| 5 | | Sharie A. Brown |
| 6 | | Attorneys for Claimants |
| | | 212 West 18th Street LLC, Atlantic |
| 7 | | Property Trust, and Minor Children Beneficiaries through their guardian |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

41810188

- 3 -

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO AMEND ORDER FOR INTERLOCUTORY SALE AND SUBSTITUTE *RES* PURSUANT TO 18 U.S.C. §§ 981(g)(6) AND 983(j)