DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER, Chief, International Unit
WOO S. LEE, Deputy Chief, International Unit
BARBARA Y. LEVY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney
JONATHAN BAUM, Sr. Trial Attorney
Criminal Division
United States Department of Justice
  1400 New York Avenue, N.W., 10th Floor
  Washington, D.C. 20530
  Telephone: (202) 514-1263
  Email: Woo.Lee@usdoj.gov
NICOLA T. HANNA
United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
MICHAEL SEW HOY (CBN: 243391)
Assistant United States Attorneys
Asset Forfeiture Section
  312 North Spring Street, 14th Floor
  Los Angeles, California 90012
  Telephone: (213) 894-3391/3314
  Facsimile: (213) 894-0142
  Email: John.Kucera@usdoj.gov
       Michael.R.Sew.Hoy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>    Defendant. | No. 2:16-CV-5376-DSF-PLA<br><br>**STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE**<br><br>The [PROPOSED] Consent Judgment of Forfeiture Lodged Contemporaneously Herewith Is Dispositive of This Action] |

212 WEST 18th STREET LLC,
ATLANTIC PROPERTY TRUST,
GUARDIAN AD LITEM FOR MINOR
CHILDREN BENEFICIARIES, and
BOARD OF MANAGERS OF THE

WALKER TOWER CONDOMINIUM,
A/K/A RESIDENTIAL SECTION OF
THE WALKER TOWER
CONDOMINIUM,

        Claimants.

## I. INTRODUCTION

1. By the signatures of their counsel hereunder, Plaintiff United States of America ("United States" or the "government"); claimants 212 West 18th Street LLC, Atlantic Property Trust, and Minor Children Beneficiaries[1] through their guardian Safeya Ahmed Kulaib Al Hameli ("S.A.K.A.") (collectively, the "Qubaisi Claimants"); and claimant Board of Managers of the Walker Tower Condominium, a/k/a Residential Section of the Walker Tower Condominium ("Board of Managers of Walker Tower") (all together, the "Parties") respectfully request that the Court enter the [PROPOSED] Consent Judgment of Forfeiture (the "[Proposed] Consent Judgment") lodged contemporaneously herewith, to carry into effect the terms of this stipulation (the "Stipulation"), which is dispositive of this action.

## II. PROCEDURAL HISTORY

### A. The Related Forfeiture Cases

2. From 2016 through 2019, the government commenced more than 30 related civil forfeiture cases in the Central District of California against a wide variety of real and personal property defendants located in the United States and abroad, including the instant action (the "Action"). On July 20, 2016, the government commenced this Action (Docket Number ("DN") 1) alleging that the Qubaisi Claimants acquired the defendant real property through or in connection with the alleged illicit conduct of Khadem Abdulla Al Qubaisi ("Qubaisi"). A First Amended Complaint ("FAC") was filed on August 4, 2017. (DN 55). The legal description of the defendant real property is

---

[1] Pursuant to Fed. R. Civ. P. 5.2 and Local Rule 5.2-1, the Minor Children Beneficiaries are identified by their initials Mo.Q., Ab.Q., Al.Q., and Ma.Q.

2

attached hereto as Exhibit A, and incorporated herein by this reference. Notice was given and published according to law. The Board of Managers of Walker Tower filed a verified claim in response to the Complaint on October 3, 2016 (DN 16), an answer to the Complaint on October 14, 2016 (DN 28), and a verified claim in response to the FAC on October 11, 2017 (DN 63). The Qubaisi Claimants filed a verified claim in response to the Complaint on October 7, 2016 (DN 18), an answer to the Complaint on October 28, 2016 (DN 38), a verified claim in response to the FAC on October 11, 2017 (DN 64), and an answer to the FAC on November 10, 2017 (DN 67). Aside from the Qubaisi Claimants and the Board of Managers of Walker Tower, no other individual or entity has filed a claim or answer in the Action, and the time for doing so has expired.

3. On July 3, 2019, this Court entered an Order authorizing an interlocutory sale of the defendant real property. (DN 88). An Amended Order for Interlocutory Sale was entered on March 19, 2020. (DN 106).

4. On November 14, 2019, the government filed a notice recognizing the interest of the Board of Managers of Walker Tower in the defendant real property. (DN 91).

5. The Parties, collectively and individually, and with the authority and intent of their respective predecessors, assigns, subsidiaries, parent companies, and affiliated entities, have entered into this Stipulation in order to reach an agreement that forever resolves this Action. A similar (and related) Stipulation and [Proposed] Judgment between the government and the Qubaisi Claimants in another of the related actions, *United States v. Real Property Located in Beverly Hills, California,* CV 16-5379 DSF (PLAx) (the "Laurel Way Action"), are being filed contemporaneously in that action.

6. This Stipulation does not constitute an admission of guilt, fault, liability and/or any form of wrongdoing on the part of the Qubaisi Claimants. Furthermore, upon entry of the [Proposed] Consent Judgment, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, acknowledge and agree that they shall be bound by the terms of the Consent Judgment

and the doctrines of *res judicata* and collateral estoppel. Entry of the [Proposed] Consent Judgment shall resolve all of the government's asset forfeiture actions or proceedings relating to the defendant real property as they relate to the Qubaisi Claimants, arising from any acts or omissions alleged in the Action, or any related action. Nothing in this Stipulation constitutes a waiver or release by the government of criminal claims.

### III. JURISDICTION AND TERMS

#### A. Jurisdiction

7. Solely for purposes of this Stipulation and [Proposed] Consent Judgment, the Parties agree that this Court has jurisdiction over the Parties and over the subject matter of this Action. The Parties further agree that the government has given and published notice of the Action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court; and, if taken as true, the allegations set out in the FAC are sufficient to state a claim for forfeiture of the defendant real property.

#### B. Disposition of Forfeited Defendant Asset

8. Upon entry of the [Proposed] Consent Judgment, all right, title, and interest of the Qubaisi Claimants and the Board of Managers of Walker Tower in the defendant real property shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Stipulation.

#### C. Released Funds

9. The [Proposed] Consent Judgment provides that in consideration of the government's release of the total sum of USD $870,000.00, without interest (the "Released Funds"), the Qubaisi Claimants shall forfeit to the government any right, title or interest in the defendant assets in both this Action and the Laurel Way Action.

10. The Released Funds shall be drawn from a portion of the funds held in the United States Marshals Service's Seized Asset Deposit Fund ("SADF"), representing the net sales proceeds from the sale of the defendant real property in the Laurel Way Action,

4

and shall be paid to one or more account(s) as directed by Troutman Sanders LLP ("Troutman Sanders"), who shall provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents. The payment of the Released Funds shall be made to Troutman Sanders no later than 30 days from the sale of the defendant real property in this Action.

11. The government agrees that it shall not now nor in the future institute any action against Troutman Sanders, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released Funds, nor any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds preceding the date of its receipt of the Released Funds.

12. Upon the sale of the defendant real property, all outstanding real property taxes and condominium/homeowner fees (also known as common charges), late fees, interest charges, and attorneys' fees assessed, billed, incurred or otherwise due to the Board of Managers of Walker Tower from June 1, 2016 to the close of escrow shall be paid out of the gross proceeds of the sale of the defendant real property, separate and apart from the payment of the Released Funds to counsel for the Qubaisi Claimants. No portion of the Released Funds shall be applied to satisfy all or part of any debts or obligations owed by the Qubaisi Claimants to the Board of Managers of Walker Tower, and the Board of Managers of Walker Tower hereby releases the Qubaisi Claimants from any and all claims, actions, or liabilities arising out of or related to the defendant real property, including any claim for unpaid common charges, late fees, interest charges, attorneys' fees and costs that may be asserted on behalf of the Board of Managers of Walker Tower against the Qubaisi Claimants, on the express condition that the Board of Managers of Walker Tower's claim is paid in full.

//

//

### D. Other Terms

13. The Claimants, and each of them, agree that none will contest or assist any other individual or entity in contesting the forfeiture of the defendant real property or proceeds of its sale.

14. By the signatures of their attorneys hereunder, the Qubaisi Claimants and the Board of Managers of Walker Tower release the government, its agencies, agents, officers, and attorneys, including employees and agents of the Federal Bureau of Investigation, Internal Revenue Service, and the Department of Justice, from any and all claims, actions, or liabilities arising out of or related to this action, including any claim for unpaid common charges, late fees, interest charges and attorneys' fees or costs that may be asserted on behalf of said Claimants against the government, whether pursuant to 28 U.S.C. § 2465 or otherwise. If any Claimant submitted a petition for remission in this action, such petition is hereby withdrawn, and the Claimants waive any rights any of them may have, individually or collectively, to seek remission or mitigation of the forfeiture of the defendant real property or the proceeds of its sale.

15. The Parties stipulate and agree that the government may request production of documents and/or information relating to the defendant real property for purposes of management and liquidation, and that the Qubaisi Claimants shall make good faith efforts to produce any such documents and/or information in their possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the government's receipt.

16. The Parties stipulate and agree that the Court's entry of the respective [Proposed] Consent Judgment and execution of said Judgment shall constitute the final and complete satisfaction of all claims asserted by the Parties in this action.

17. Should any dispute arise about the interpretation of or compliance with the terms of this Stipulation or resulting Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the Parties be unable to resolve a dispute, either party may move the Court to resolve the dispute and to impose any

remedy this Court deems necessary to enforce the terms of this Stipulation and [Proposed] Consent Judgment.

18. The Parties agree that this Stipulation is entered into for the sole purpose of serving as a comprehensive resolution agreement forever resolving the competing interests of the Parties in this action, so as to avoid the expenses and risks associated with continued litigation. Each of the Parties shall bear its own fees and costs in connection with the action in a manner consistent with the terms of the Stipulation.

//

//

//

19. There was reasonable cause for the institution of this action. Entry of the [Proposed] Judgment shall constitute a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: May 6, 2020

Respectfully submitted,

DEBORAH CONNOR
Chief, MLARS

NICOLA T. HANNA
United States Attorney

　　/s/*Barbara Levy*
MICHAEL R. SEW HOY
JOHN J. KUCERA
Assistant United States Attorneys

BARBARA Y. LEVY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: May 6, 2020

　　/s/(per e-mail confirmation)
PETER N. VILLAR
SHARIE A. BROWN
Troutman Sanders LLP
Attorneys for Claimants
212 West 18th Street LLC, Atlantic Property Trust, and Minor Children Beneficiaries through their guardian

Dated: May 6, 2020

　　/s/(per e-mail confirmation)
DAVID KETTEL
Theodora Oringher PC
Attorneys for Claimant
Board of Managers of the Walker Tower Condominium, a/k/a Residential Section of the Walker Tower Condominium