JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED IN NEW YORK, NEW YORK.

Defendant.

---

212 WEST 18th STREET LLC, ATLANTIC PROPERTY TRUST, GUARDIAN AD LITEM FOR MINOR CHILDREN BENEFICIARIES, and BOARD OF MANAGERS OF THE WALKER TOWER CONDOMINIUM, A/K/A RESIDENTIAL SECTION OF THE WALKER TOWER CONDOMINIUM,

Claimants.

No. 2:16-CV-5376-DSF (PLAx)

**CONSENT JUDGMENT OF FORFEITURE**

[This Consent Judgment is case-dispositive]

**I. INTRODUCTION**

1. Plaintiff United States of America (“United States” or the “government”); claimants 212 West 18th Street LLC, Atlantic Property Trust, and Minor Children

Beneficiaries[1] through their guardian Safeya Ahmed Kulaib Al Hameli ("S.A.K.A.") (collectively, the "Qubaisi Claimants"); and claimant Board of Managers of the Walker Tower Condominium, a/k/a Residential Section of the Walker Tower Condominium ("Board of Managers of Walker Tower"), have made a stipulated request (the "Stipulation") for the entry of this Consent Judgment, which disposes of this action.

2. From 2016 through 2019, the government commenced more than thirty related civil forfeiture cases in the Central District of California against a wide variety of real and personal property defendants located in the United States and abroad, including the instant action (the "Action"). On July 20, 2016, the government commenced this Action (Docket Number ("DN") 1) alleging that the Qubaisi Claimants acquired the defendant real property through or in connection with the alleged illicit conduct of Khadem Abdulla Al Qubaisi ("Qubaisi"). The legal description of the defendant real property attached to the Stipulation of the Parties is hereby incorporated by this reference as though set out in its entirety. A First Amended Complaint ("FAC") was filed on August 4, 2017. (DN 55). Notice was given and published according to law. The Board of Managers of Walker Tower filed a verified claim in response to the Complaint on October 3, 2016 (DN 16), an answer to the Complaint on October 14, 2016 (DN 28), and a verified claim in response to the FAC on October 11, 2017 (DN 63). The Qubaisi Claimants filed a verified claim in response to the Complaint on October 7, 2016 (DN 18), an answer to the Complaint on October 28, 2016 (DN 38), a verified claim in response to the FAC on October 11, 2017 (DN 64), and an answer to the FAC on November 10, 2017 (DN 67). Aside from the Qubaisi Claimants and the Board of Managers of Walker Tower, no other individual or entity has filed a claim or answer in the Action, and the time for doing so has expired.

[1] Pursuant to Fed. R. Civ. P. 5.2 and Local Rule 5.2-1, the Minor Children Beneficiaries are identified by their initials Mo.Q., Ab.Q., Al.Q., and Ma.Q.

3. On July 3, 2019, this Court entered an Order authorizing an interlocutory sale of the defendant real property. (DN 88). An Amended Order for Interlocutory Sale was entered on March 19, 2020 (DN 106).

4. On November 14, 2019, the government filed a notice recognizing the interest of the Board of Managers of Walker Tower in the defendant real property. (DN 91).

5. Pursuant to the parties' Stipulation as defined in paragraph 1 above, this Consent Judgment comprehensively resolves all competing interests in this Action.[2]

**II. FINDINGS**

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

**Jurisdiction**

6. For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and over the subject matter of this Action. The government has given and published notice of this Action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court; and, if taken as true, the allegations set out in the FAC are sufficient to state a claim for forfeiture of the defendant real property. All potential claimants to the defendant real property other than the Qubaisi Claimants and the Board of Managers of Walker Tower are deemed to have admitted the allegations of the Complaint.

7. This Consent Judgment does not constitute a finding of guilt, fault, liability and/or any form of wrongdoing on the part of the Qubaisi Claimants. Furthermore, the U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, shall be bound by the terms of this Consent

---

[2] Contemporaneously with the stipulation in this Action, the government and the Qubaisi Claimants filed a similar (and related) Stipulation and [Proposed] Judgment in the related action entitled *United States v. Real Property Located in Beverly Hills, California*, CV 16-5379 DSF (PLAx) (the "Laurel Way Action").

Judgment and the doctrines of *res judicata* and collateral estoppel. The entry of this Consent Judgment shall resolve all of the government's asset forfeiture actions or proceedings relating to the defendant real property as they relate to the Qubaisi Claimants, arising from any acts or omissions alleged in the Action, or any related action. Nothing in this Consent Judgment constitutes a waiver or release by the government of criminal claims. The defendant real property shall be disposed of as provided herein.

**Disposition of Forfeited Defendant Asset**

8. Upon entry of this Consent Judgment, all right, title, and interest of the Qubaisi Claimants and the Board of Managers of Walker Tower in the defendant real property shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Order.

**Released Funds**

9. As consideration for the Qubaisi Claimants' forfeiture of the defendant assets in this Action and the Laurel Way Action, the Qubaisi Claimants shall be paid the total sum of USD $870,000.00, without interest (the "Released Funds"), as described below.

10. The Released Funds shall be drawn from a portion of the funds held in the United States Marshals Service's Seized Asset Deposit Fund ("SADF"), representing the net sales proceeds from the sale of the defendant real property in the Laurel Way Action, and shall be paid to one or more account(s) as directed by Troutman Sanders LLP ("Troutman Sanders"), who shall provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents. The payment of the Released Funds shall be made to Troutman Sanders no later than within thirty days of the sale of the defendant real property in this Action.

11. The government agrees that it shall not now or in the future institute any action against Troutman Sanders, or seek the seizure, freezing, return, forfeiture, or

restraint of any kind of any of the Released Funds, or any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds preceding the date of its receipt of the Released Funds.

12. Upon the sale of the defendant real property, all outstanding real property taxes and condominium/homeowner fees (also known as common charges), late fees, interest charges, and attorneys' fees assessed, billed, incurred or otherwise due to the Board of Managers of Walker Tower from June 1, 2016 to the close of escrow shall be paid out of the gross proceeds of the sale of the defendant real property, separate and apart from the payment of the Released Funds to counsel for the Qubaisi Claimants. No portion of the Released Funds shall be applied to satisfy all or part of any debts or obligations owed by the Qubaisi Claimants to the Board of Managers of Walker Tower, and the Board of Managers of Walker Tower hereby releases the Qubaisi Claimants from any and all claims, actions, or liabilities arising out of or related to the defendant real property, including any claim for unpaid common charges, late fees, interest charges, attorneys' fees and costs that may be asserted on behalf of the Board of Managers of Walker Tower against the Qubaisi Claimants, on the express condition that the Board of Managers of Walker Tower's claim is paid in full.

**Other Terms**

13. The Claimants, and each of them, shall not contest or assist any other individual or entity in contesting the forfeiture of the defendant real property or proceeds of its sale.

14. There was reasonable cause for the institution of this action, and this Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

15. The government may request production of documents and/or information relating to the defendant real property for purposes of management and liquidation, and the Qubaisi Claimants shall make good faith efforts to produce any such documents and/or information in their possession, or otherwise request that third parties in

possession of such documents and/or information make them readily available for the government's receipt.

16. Should any dispute arise about the interpretation of or compliance with the terms of this Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the Parties be unable to resolve this dispute, the Parties may move this Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

17. Each of the Parties shall bear its own fees and costs in connection with this Action in a manner consistent with the terms of this Consent Judgment.

DATED: May 6, 2020

Dale S. Fischer
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DEBORAH CONNOR
Chief, MLARS

NICOLA T. HANNA
United States Attorney

/s/ *Barbara Levy*
MICHAEL R. SEW HOY
JOHN J. KUCERA
Assistant United States Attorneys
BARBARA Y. LEVY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA