DEBORAH CONNOR, Chief
Money Laundering and Asset Recovery Section (MLARS)
MARY BUTLER, Chief, International Unit
WOO S. LEE, Deputy Chief, International Unit
BARBARA Y. LEVY, Trial Attorney
JOSHUA L. SOHN, Trial Attorney
JONATHAN BAUM, Sr. Trial Attorney
Criminal Division
United States Department of Justice
  1400 New York Avenue, N.W., 10th Floor
  Washington, D.C. 20530
  Telephone: (202) 514-1263
  Email: Woo.Lee@usdoj.gov
NICOLA T. HANNA
United States Attorney
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
MICHAEL SEW HOY (CBN: 243391)
Assistant United States Attorneys
Asset Forfeiture Section
  312 North Spring Street, 14th Floor
  Los Angeles, California 90012
  Telephone: (213) 894-3391/3314
  Facsimile: (213) 894-0142
  Email: John.Kucera@usdoj.gov
       Michael.R.Sew.Hoy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>        Defendant. | No. 2:16-CV-5376-DSF-PLA<br><br>GOVERNMENT'S *EX PARTE* APPLICATION TO UNSEAL DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[PROPOSED ORDER LODGED CONTEMPORANEOUSLY HEREWITH; DECLARATION OF MICHAEL R. SEW HOY FILED UNDER SEPARATE COVER] |

Plaintiff United States of America, by and through its counsel of record, hereby applies to this Court *ex parte* to unseal the Declaration of Emily Beare (the "Beare Declaration") (DN 100); the Supplemental Declaration of Emily Beare in support of the Notice of Joint *Ex Parte* Application to Amend Order for Interlocutory Sale and Substitute Res ("Supplemental Beare Declaration") (DN 102); and the Declaration of David Kettel in Support of Joint Ex parte Application to Amend Order for Interlocutory Sale and Substitute Res ("Kettel Declaration") (DN 104) (collectively the "Declarations"). A proposed order unsealing the Declarations is being lodged concurrently with this application.

The government also intends to file an *ex parte* application for an Order enforcing the Consent Judgment of Forfeiture (the "Application to Enforce") imminently. The application will seek to enforce this Court's Consent Judgment (DN 110) and permit the government to sell the Defendant Real Property on June 30, 2020 to a third-party purchaser. Claimant Board of Managers of the Walker Tower Condominium, a/k/a Residential Section of the Walker Tower Condominium (the "Board") seeks to preclude this sale based upon certain rights that the Board claims it continues to maintain in this asset. Because the facts stated in the Declarations are material for purposes of assessing the propriety and merits of the government's Application to Enforce, and the underlying reasons for sealing the Declarations in the first instance are no longer valid, the government respectfully requests that these Declarations be unsealed so that, among other things, the government may cite to and describe these facts in support of its Application to Enforce.

On June 24, 2020, counsel for the United States notified counsel for the Board of the government's intention to file this ex parte application to unseal the Declarations and requested that the Board provide its position by June 25, 2020. As of time of this filing, the government has received no response from the Board.

Counsel for claimants 212 West 18th Street LLC, Atlantic Property Trust, and Minor Children Beneficiaries, through their guardian Safeya Ahmed Kulaib Al Hameli

(collectively, the "Qubaisi Claimants") was provided with notice of the government's intent to file this ex parte application to unseal the Declarations and counsel for Qubaisi Claimants, Sharie Brown, responded that the Qubaisi Claimants do not oppose this application.

Counsel for the Board of Managers are: David Kettel, Theodora Oringher PC, 1840 Century Park East, Suite 500, Los Angeles, California, Telephone: (310) 557-2009, E-mail: dkettel@tocounsel.com, and David Berkey, Gallet Dreyer & Berkey, LLP, 845 Third Avenue, 5th Floor, New York, New York 10022, Telephone: (212) 935-3131, E-mail: dlb@gdblaw.com.

Counsel for the Qubaisi Claimants are: Sharie A. Brown, Troutman Sanders LLP, 401 9th Street, NW, Suite 1000, Washington, D.C. 20004-2134, Telephone: (202) 274-2950, E-mail: sharie.brown@troutmansanders.com and Peter N. Villar, Troutman Sanders LLP, 5 Park Plaza, Suite 1400, Irvine, CA 92614, Telephone: (949) 622-2700, E-mail: peter.villar@troutmansanders.com.

///

///

1      The government submits the attached memorandum of points and authorities and
2 Declaration of Michael R. Sew Hoy in support of this application to unseal the
3 Declarations.

4   Dated: June 25, 2020                       Respectfully submitted,

DEBORAH CONNOR
Chief, MLARS

NICOLA T. HANNA
United States Attorney

   /s/*Michael R. Sew Hoy*
MICHAEL R. SEW HOY
JOHN J. KUCERA
Assistant United States Attorneys

BARBARA Y. LEVY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

By this application, the United States of America ("the government") requests that the Court unseal the Declarations of Emily Beare (DN 100 and 102) and David Kettel (DN 104)(collectively the "Declarations") that was previously filed under seal in support of the Notice of Joint *Ex Parte* Application to Amend Order for Interlocutory Sale and Substitute Res filed by the United States and the Board.

Federal courts are empowered to seal documents in appropriate circumstances. Cf. Fed. R. Crim. P. 6(e)(4) (sealing of indictments). The Supreme Court has noted that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). The Ninth Circuit has held on at least two occasions that district courts have the inherent power to seal affidavits filed with search warrants in appropriate circumstances. Offices of Lakeside Non-Ferrous Metals, Inc. v. United States, 679 F.2d 779 (9th Cir. 1982); United States v. Agosto, 600 F.2d 1256 (9th Cir. 1979).

At the time the government applied to seal the Declarations, it was in the process of selling the defendant property and the disclosure of the potential selling price and other sales information contained in the Declarations could have potentially affected the closing price, and jeopardize the closing, of the defendant property. (DN. 95 Sew Hoy Decl. ¶ 4.)

On or about May 13, 2020, the Government and a potential purchaser executed a sale contract and set a closing date for June 30, 2020. The purchaser also provided a deposit to the government in connection with the sale. As such, the original concerns the government had to seal the Declarations are no longer relevant. Furthermore, much of the information relating to the sales price for the defendant real property has already been publicized in the media, including in an article in *The Wall Street Journal* in which the Board's counsel made statements potentially inconsistent with the Board's prior representations to this Court. See "The Justice Department Inked a Deal to Sell 1MDB

Penthouse for 64% Off. The Condo Board is Fighting Back," *Wall Street Journal* (Jun. 17, 2020), located at https://www.wsj.com/articles/the-justice-department-inked-a-deal-to-sell-1mdb-penthouse-for-64-off-the-condo-board-is-fighting-back-11592427639 (attached as Exhibit A).

///

///

Accordingly, based upon the above, the government requests that the court enter the proposed order lodged herewith unsealing the Declarations of Emily Beare (DN 100 and 102) and David Kettel (DN 104).

Dated: June 25, 2020

Respectfully submitted,

DEBORAH CONNOR
Chief, MLARS

NICOLA T. HANNA
United States Attorney

  /s/*Michael R. Sew Hoy*
MICHAEL R. SEW HOY
JOHN J. KUCERA
Assistant United States Attorneys

BARBARA Y. LEVY
Trial Attorney, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7