# EXHIBIT A

PART 1

**EXHIBIT D-2**

==================================================

**RESIDENTIAL BYLAWS**

**OF**

**WALKER TOWER CONDOMINIUIM**
**210 WEST 18TH STREET**
**NEW YORK, NEW YORK 10011**

==================================================

## INDEX TO BYLAWS

ARTICLE 1     GENERAL ................................................................................................. 1
    Section 1.1     Purpose ................................................................................ 1
    Section 1.2     Definitions ........................................................................... 1
    Section 1.3     Applicability of Residential Bylaws ................................... 1
    Section 1.4     Application of Residential Bylaws ...................................... 1
    Section 1.5     Principal Office of the Residential Section ......................... 1

ARTICLE 2     RESIDENTIAL BOARD ....................................................................... 2
    Section 2.1     General ................................................................................ 2
    Section 2.2     Status of the Residential Board ........................................... 2
    Section 2.3     Principal Office of the Residential Board ............................ 2
    Section 2.4     Powers and Duties of the Residential Board ....................... 2
    Section 2.5     Certain Limitations on the Powers of the Residential Board ..... 6
    Section 2.6     Exercise and Delegation of Powers and Duties .................. 7
    Section 2.7     Number, Election and Qualification of Members ............... 8
    Section 2.8     Term of Office of Members ................................................ 8
    Section 2.9     Removal and Resignation of Members ................................ 8
    Section 2.10    Vacancies ............................................................................ 9
    Section 2.11    Organizational Meeting of the Residential Board .............. 9
    Section 2.12    Regular Meetings of the Residential Board ........................ 9
    Section 2.13    Special Meetings of the Residential Board ......................... 9
    Section 2.14    Waiver of Notice of Meetings ............................................ 9
    Section 2.15    Quorum of the Residential Board ....................................... 10
    Section 2.16    Conduct of Meetings .......................................................... 10
    Section 2.17    Decisions by the Residential Board .................................... 10
    Section 2.18    Compensation of Members ................................................. 10
    Section 2.19    Common or Interested Members of the Residential Board ..... 10
    Section 2.20    Indemnification .................................................................. 11

ARTICLE 3     OFFICERS .............................................................................................. 11
    Section 3.1     General ................................................................................ 11
    Section 3.2     President .............................................................................. 12
    Section 3.3     Vice President ..................................................................... 12
    Section 3.4     Secretary ............................................................................. 12
    Section 3.5     Treasurer ............................................................................. 12
    Section 3.6     Election, Term of Office and Qualification of Officers ...... 12
    Section 3.7     Removal and Resignation of Officers ................................. 13
    Section 3.8     Vacancies ............................................................................ 13
    Section 3.9     Compensation of Officers .................................................. 13
    Section 3.10    Indemnification of Officers ................................................ 13

ARTICLE 4     RESIDENTIAL UNIT OWNERS .......................................................... 13
    Section 4.1     Annual Meetings of the Residential Unit Owners .............. 13
    Section 4.2     Special Meetings of the Residential Unit Owners .............. 13
    Section 4.3     Place of Meetings ............................................................... 13
    Section 4.4     Notice of Meetings ............................................................. 13
    Section 4.5     Quorum of the Residential Unit Owners ............................ 14
    Section 4.6     Conduct of Meetings .......................................................... 14
    Section 4.7     Order of Business ............................................................... 14
    Section 4.8     Voting ................................................................................. 15
    Section 4.9     Election of Members of the Residential Board ................... 15

SS7570.DOC

Section 4.10      Action Without a Meeting .................................................................. 16
Section 4.11      Title to Residential Units ................................................................... 16
Section 4.12      Contractual Liability of Residential Unit Owners .............................. 17
Section 4.13      Representation of the Residential Boards ........................................... 17

ARTICLE 5      OPERATION OF THE PROPERTY                                                  17
Section 5.1      Maintenance and Repairs .................................................................... 17
Section 5.2      Alterations, Additions, Improvements, or Repairs in and to Residential Units .............. 19
Section 5.3      Alterations, Additions, or Improvements to the Residential Common Elements ........... 22
Section 5.4      Insurance ............................................................................................ 22
Section 5.5      Casualty or Condemnation .................................................................. 24
Section 5.6      Use of the Residential Section ............................................................ 25
Section 5.7      Use of the Residential Units ................................................................ 26
Section 5.8      Use of the Residential Common Elements ........................................... 27
Section 5.9      Intentionally Omitted ......................................................................... 28
Section 5.10      Rights of Access ................................................................................. 28
Section 5.11      Modification of the Residential Rules and Regulations ....................... 29
Section 5.12      Real Estate Taxes ............................................................................... 29
Section 5.13      Fuel .................................................................................................... 29
Section 5.14      Water Charges and Sewer Rents ......................................................... 29
Section 5.15      Electricity ........................................................................................... 30
Section 5.16      Record and Audits .............................................................................. 30

ARTICLE 6      RESIDENTIAL COMMON CHARGES                                                 30
Section 6.1      Determination of Common Expenses and Fixing of Common Charges ................. 30
Section 6.2      Payment of Common Charges .............................................................. 32
Section 6.3      Statement of Residential Common Charges ......................................... 34
Section 6.4      Intentionally Omitted ......................................................................... 34
Section 6.5      Default in Payment of Residential Common Charges ........................... 34

ARTICLE 7      SELLING AND LEASING OF RESIDENTIAL UNITS AND ASSIGNMENT OF
ANCILLARY AMENITY LICENSES                                                                  35
Section 7.1      General ............................................................................................... 35
Section 7.2      Right of First Refusal ......................................................................... 35
Section 7.3      Acceptance of Offer ............................................................................ 37
Section 7.4      Failure to Accept Offer ....................................................................... 37
Section 7.5      Termination of, and Exceptions to, the Right of First Refusal .............. 38
Section 7.6      No Severance of Ownership ................................................................ 39
Section 7.7      Payment of Residential Common Charges ........................................... 39
Section 7.8      Power of Attorney .............................................................................. 40
Section 7.9      Gifts and Devises, Etc. ....................................................................... 40
Section 7.10      Commencement of Time ..................................................................... 40
Section 7.11      Costs and Expenses ............................................................................ 40

ARTICLE 8      MORTGAGING OF RESIDENTIAL UNITS                                            40
Section 8.1      General ............................................................................................... 40
Section 8.2      Restrictions on Mortgaging ................................................................. 40
Section 8.3      Notice of Unpaid Common Residential Charges and Default ................ 41
Section 8.4      Performance by Permitted Mortgagees ................................................ 41
Section 8.5      Examination of Books ......................................................................... 41
Section 8.6      Consent of Mortgagees; Designation of Mortgage Representatives ....... 41

ARTICLE 9      CERTAIN REMEDIES                                                            42

Section 9.1     Self Help ........................................................................................... 42
Section 9.2     Abatement and Enjoinment .............................................................. 43
Section 9.3     Remedies Cumulative ....................................................................... 43
Section 9.4     Costs and Expenses ........................................................................... 43
Section 9.5     Condominium Board .......................................................................... 43

ARTICLE 10   ARBITRATION                                                                          44
Section 10.1    Procedure ........................................................................................... 44
Section 10.2    Variation by Agreement .................................................................... 44
Section 10.3    Binding Effect .................................................................................... 44
Section 10.4    Costs and Expenses ........................................................................... 44

ARTICLE 11   NOTICES                                                                              44
Section 11.1    General ............................................................................................... 44
Section 11.2    Waiver of Service of Notice .............................................................. 45

ARTICLE 12   AMENDMENTS TO RESIDENTIAL BYLAWS                                                    45
Section 12.1    General ............................................................................................... 45
Section 12.2    Special Amendments .......................................................................... 46

ARTICLE 13   FURTHER ASSURANCES                                                                  46
Section 13.1    General ............................................................................................... 46
Section 13.2    Failure to Deliver or Act ................................................................... 46

ARTICLE 14   MISCELLANEOUS                                                                       47
Section 14.1    Inspection of Documents ................................................................... 47
Section 14.2    Waiver ................................................................................................ 47
Section 14.3    Conflict .............................................................................................. 47
Section 14.4    Severability ........................................................................................ 47
Section 14.5    Successors and Assigns ...................................................................... 47
Section 14.6    Gender ................................................................................................ 47
Section 14.7    Captions .............................................................................................. 47
Section 14.8    Consents ............................................................................................. 47
Section 14.9    Certain References ............................................................................. 48
Section 14.10   Restrictions ........................................................................................ 48
Section 14.11   Verizon Special Rights ...................................................................... 48

ARTICLE 15   TAX STATUS AS A HOMEOWNERS ASSOCIATION                                              48
Section 15.1    General ............................................................................................... 48
Section 15.2    Organization ....................................................................................... 48
Section 15.3    Inurement ........................................................................................... 48
Section 15.4    Residential Use ................................................................................... 48

ADDENDUM 1 TO THE RESIDENTIAL BYLAWS    RESIDENTIAL RULES AND
REGULATIONS                                                                                     110

## RESIDENTIAL BYLAWS

### ARTICLE 1
### GENERAL

Section 1.1        *Purpose.*  The purpose of these Residential Bylaws is to set forth the rules and procedures concerning exclusively the conduct of the affairs of the Residential Section of the Condominium; the Condominium Bylaws annexed to the Declaration as Exhibit D-1 detail the rules and procedures concerning the conduct of the affairs of the Condominium as a whole.  The Residential Section, these Residential Bylaws and the Residential Rules and Regulations annexed hereto as Addendum 1 shall be subject to the provisions of the Declaration, the Condominium Bylaws and the Condominium Rules and Regulations; and, as provided (and subject to any express provision to the contrary) therein, the rights of the Residential Unit Owners with respect to the Condominium, the Condominium Board and the other Unit Owners shall generally only be enforced by the Residential Board on behalf of the Residential Unit Owners. In the event of any inconsistency between the Declaration, the Condominium Bylaws and/or the Condominium Rules and Regulations, on the one hand, and these Residential Bylaws and/or the Residential Rules and Regulation, on the other hand, the Declaration, the Condominium Bylaws and/or the Condominium Rules and Regulations, as the case may be, shall prevail, provided that the provisions of this sentence shall not be construed to expand the rights or limit the obligations or liabilities of the Residential Unit Owners or the Residential Board under these Residential By-Laws and/or the Residential Rules and Regulations. Notwithstanding the foregoing, as between the Residential Board and the Residential Unit Owners these Residential Bylaws shall govern and control.  An individual Residential Unit Owner shall have no standing to raise any inconsistency between the Declaration, the Condominium Bylaws and/or the Condominium Rules and Regulations, on the one hand, and these Residential Bylaws and/or the Residential Rules and Regulation, on the other hand.

Section 1.2        *Definitions*.  All capitalized terms used in these Residential Bylaws that are not otherwise defined in any of the Articles hereof shall have the meanings set forth in the Declaration, unless the context in which the same are defined in any of the Articles hereof shall have the meanings ascribed to them in such Articles, unless the context in which the same are used shall otherwise require.  Each of the aforedescribed capitalized terms shall be applicable to singular and to plural nouns, as well as to verbs of any tense.

Section 1.3        *Applicability of Residential Bylaws*.  These  Residential Bylaws are applicable solely to the Residential Section and to the use and occupancy thereof.

Section 1.4        *Application of Residential Bylaws*.  All present and future Residential Unit Owners, mortgagees, lessees, sublessees and Occupants of Residential Units, and employees and guests of Residential Unit Owners, as well as all other Persons who may use the Residential Section, are and shall be subject to the Declaration, the Condominium Bylaws and the Rules and Regulations annexed thereto, these Residential Bylaws and the Residential Rules and Regulations annexed hereto, as each of the same may be amended from time to time.  The acceptance of a deed or other instrument of conveyance, or the succeeding to title to, or the execution of a lease or sublease for, or the act of occupancy of, a Residential Unit shall constitute an agreement that the provisions of the Declaration, the Condominium Bylaws and Rules and Regulations annexed thereto, these Residential Bylaws and the Residential Rules and Regulations annexed hereto, as each of the same may be amended from time to time, are accepted, ratified and will be complied with.

Section 1.5        *Principal Office of the Residential Section*.  The principal office of the Residential Section shall be located either within the Property or at such other place reasonably convenient thereto as may be designated from time to time by the Residential Board.

# ARTICLE 2

## RESIDENTIAL BOARD

**Section 2.1**      *General.*  As more particularly set forth in Sections 2.4, 2.5 and 2.6 hereof, the affairs of the Residential Section shall be governed by the Residential Board.  In exercising its powers and performing its duties under these Residential Bylaws, the Residential Board shall act as, and shall be, the Agent of the Residential Unit Owners, subject to, and in accordance with, the terms of the Condominium Declaration, the Condominium Bylaws and these Residential Bylaws.

**Section 2.2**      *Status of the Residential Board.*  Unless and until the Residential Board shall incorporate in accordance with the terms of Section 2.4 hereof, the Residential Board shall have, to the extent permitted by Law, the status conferred upon unincorporated associations under, or pursuant to, the terms of the General Association Law of the State of New York.  If the Residential Board shall incorporate in accordance with the terms of Section 2.4 hereof, the Residential Board shall have, to the extent permitted by Law, the status conferred upon it under, or pursuant to, the terms of the applicable statutes of the State of New York.  In either event, however, the Residential Board shall also have the status conferred upon it under, or pursuant to, the terms of the Condominium Act. The term "Law" as used in these Residential Bylaws shall mean the laws and ordinances of any or all of the Federal, New York State, New York City, County and Borough governments, including, without limitation, the Buildings Department, the Landmarks Preservation Commission, the rules, regulations, orders and directives of any or all departments, subdivisions, bureaus, agencies, or offices thereof or of any other governmental, public or quasi-public authorities having jurisdiction over the Property and/or the Condominium and/or the direction of any public officer pursuant to Law which are applicable at the time in question.

**Section 2.3**      *Principal Office of the Residential Board.*  The principal office of the Residential Board shall be located either within the Property or at such other place reasonably convenient thereto as may be designated from time to time by the Residential Board.

**Section 2.4**      *Powers and Duties of the Residential Board*

    (A)      The Residential Board shall have all of the powers and duties necessary for, or incidental to, the administration of the affairs of the Residential Section, provided, however, that the Residential Board shall not have such powers and duties that by Law, or pursuant to the terms of the Declaration, the Condominium Bylaws or these Residential Bylaws, may not be delegated to the Residential Board by the Residential Unit Owners.  Without intention to limit the generality of the foregoing in any respect, the Residential Board shall have the following specific powers and duties:

    (i)      to operate, maintain, repair, restore, add to, improve, alter and replace the Residential Common Elements and the Residential Limited Common Elements, including, without limitation, as the Residential Board shall deem necessary or proper in connection therewith, (a) the purchase and leasing of supplies, equipment and material and (b) the employment, compensation and dismissal of personnel.

    (ii)      to acquire, in the name of the Residential Board or its designee, corporate or otherwise, and on behalf of the Residential Unit Owners, all rights, titles and interests in real and personal property deemed necessary or proper by the Residential Board for use in connection with the ownership and operation of the Residential Section.

    (iii)      to maintain complete and accurate books and records with respect to the finances and the operation of the Residential Section, including without limitation: (a) detailed accounts, in chronological order, of receipts and expenditures affecting the Residential Section;

(b) detailed books of account of the Residential Board; (c) other financial records, as well as other books of account of the Residential Section, as may be required to be kept pursuant to the terms of these Residential Bylaws; and (d) minutes and other records of all meetings held pursuant to the terms of these Residential Bylaws.

(iv)   to adopt a budget for the Residential Section for each fiscal year thereof, setting forth, without limitation: (a) a detailed accounting of the anticipated Residential Common Expenses for the ensuing fiscal year and (b) a detailed projection of all sources and amounts of income necessary to discharge the same.

(v)   to approve the amount and the means and methods of payment of, and collection of, the Residential Common Charges and Special Assessments to be levied against Residential Unit Owners and to remit to the Condominium Board the Residential Section's allocated share of the Common Charges.

(vi)   to borrow money on behalf of the Residential Section in accordance with Section 339-jj of the Real Property Law when required in connection with the operation, maintenance, repair, restoration, improvement, alteration and replacement of the Residential Common Elements and the Residential Limited Common Elements, provided, however, that: (a) the affirmative consent of at least 66 2/3% of the Members of the Residential Board shall be required for the borrowing of any sum in excess of $500,000 in any one fiscal year (regardless of the balance of any loans outstanding from previous fiscal years); (b) with respect to the operation, maintenance, repair, restoration, improvement, alteration and replacement of the Residential Common Elements and/or the Residential Limited Common Elements, the affirmative consent of at least 66 2/3% in aggregate Residential Common Interest of all Residential Unit Owners, shall be required for the borrowing of any sum in excess of $500,000 in any one fiscal year (regardless of the balance of any loans outstanding from previous fiscal years); (c) no lien to secure repayment of any sum borrowed may be created on any Residential Unit or its Appurtenant Interests without the consent of the owner of such Residential Unit; and (d) the documentation executed in connection with any such borrowing shall provide that, if any sum borrowed by the Residential Board pursuant to this subparagraph (vi) shall not be repaid by the Residential Board, any Residential Unit Owner who pays to the creditor thereunder such proportion of the then outstanding indebtedness represented or secured thereby as such Residential Unit Owner's Residential Common Interest bears to the aggregate Residential Common Interests of all Residential Unit Owners, shall be entitled to obtain from the creditor a release of any judgment or other lien that the said creditor shall have filed, or shall have the right to file against such Residential Unit Owner's Unit.  Notwithstanding the foregoing, the borrowing of money by the Residential Board on behalf of the Residential Section when required solely in order to meet the General Common Expenses allocated to the Residential Section by the Condominium Board as more fully set forth in Article 6 herein shall not require the consent of the Residential Unit Owners.

(vii)   to open and maintain bank accounts on behalf of the Residential Section for the purposes, among other things, of depositing all funds received by the Residential Unit Owners, including without limitation, that portion of the General Common Expenses allocated to the Residential Section and to designate the signatories required therefor which shall at no time be less than two and that each check drawn on such account shall need at least two signatures. The Condominium Board shall have a security interest and lien on  that portion of such bank account in an amount not to exceed any outstanding General Common Expenses allocated to the Residential Section.

(viii)   to use the Residential Common Charges and Special Assessments collected from Residential Unit Owners, as well as all other funds held by the Residential Board or received in connection with the operation of the Residential Section, for the administration of the Residential Section, including, without limitation:  (a) the payment of Residential Common Expenses, (b) the making of restorations, additions, alterations and improvements to the Residential Common Elements and the Residential Limited Common Elements and (c) the payment of the General Common Charges to the Condominium Board.

(ix)   to obtain insurance for the Residential Section, including the Residential Units, pursuant to the terms of Section 5.4 hereof.

(x)   to adjust and settle claims under insurance policies obtained pursuant to the terms of Section 5.4 hereof, and to execute and deliver releases upon such adjustment and settlement provided the loss is limited solely to the Residential Section.

(xi)   to make, or to contract with others for the making of, repairs, maintenance, additions and improvements to, and alterations, restorations and replacements of, the Residential Section after damage or destruction by fire or other casualty, or as a result of condemnation or eminent domain proceedings, all in accordance with the terms of these Residential Bylaws.

(xii)   to obtain and keep in force fidelity bonds (or similar bonds or insurance), in amounts deemed appropriate by the Residential Board, for:  (a) all Members of the Residential Board; (b) all officers and employees of the Residential Board and the Residential Section; and (c) the Managing Agent for the Residential Section, and the premiums on all such fidelity bonds shall constitute a part of the Residential Common Expenses.

(xiii)   to accept the surrender of any Residential Unit pursuant to the terms of paragraph (C) of Section 6.2 hereof, in the name of the Residential Board (or, if required by Law, in the name of the Condominium Board as nominee for the Residential Board), or its designee, corporate or otherwise, and on behalf of all Residential Unit Owners.

(xiv)   to purchase, lease, or otherwise acquire Residential Units offered for sale, lease or assignment by their owners, in the name of the Residential Board (or, if required by Law, in the name of the Condominium Board as nominee for the Residential Board) or its designee, corporate or otherwise, and on behalf of all Residential Unit Owners but only with the consent of a Majority of Residential Unit Owners.

(xv)   to purchase Residential Units at foreclosure or other judicial sales, in the name of the Residential Board (or, if required by Law, in the name of the Condominium Board as nominee for the Residential Board) or its designee, corporate or otherwise and, on behalf of all Residential Unit Owners but only with the consent of a Majority of Residential Unit Owners.

(xvi)   to sell, lease, license, mortgage and otherwise deal with Residential Units acquired by, and to sublease Residential Units leased by, the Residential Board or its designee, corporate or otherwise, on behalf of all Residential Unit Owners, provided, however, that the Residential Board or its designees shall in no event be entitled to vote the interest appurtenant to any such Residential Unit.

(xvii)   to adopt and amend the Residential Rules and Regulations and to levy and authorize collection of fines against Residential Unit Owners for violations of the Residential Rules and Regulations and these Residential Bylaws (any such fines and fees shall be deemed to

constitute Residential Common Charges payable by Residential Unit Owners of the Residential Unit against which they are levied).

(xviii)   to enforce by legal means the terms, covenants and conditions contained in the Condominium Documents and to bring or defend against any proceedings that may be instituted on behalf of, or against, the Residential Unit Owners.

(xix)   to incorporate, to the extent and in the manner provided in the Condominium Act, provided, however, that the certificate of incorporation and bylaws of any such resulting corporation or the articles of organization and operating agreement of such resulting limited liability company, as the case may be, shall conform as closely as practicable to the provisions of the Declaration, these Residential Bylaws and, to the extent applicable, the Condominium Bylaws, and the provisions of the Declaration, these Residential Bylaws and, to the extent applicable, the Condominium Bylaws, shall control in the event of any inconsistency or conflict between the provisions thereof and the provisions of such certificate of incorporation and Bylaws or articles of organization and operating agreement as applicable, and any such certificate, bylaws, articles and agreement shall in all events be subject and subordinate in all respects to the Declaration, the Condominium Bylaws (to the extent same are applicable), and these Residential Bylaws.

(xx)   to organize corporations, limited liability companies, and/or other entities, to act as the designees of the Residential Board with respect to such matters as the Residential Board may determine, including, without limitation, in acquiring title to, or leasing of, Residential Units and in acquiring rights, titles and interests in real and personal property for use in connection with the operation of the Residential Section.

(xxi)   to execute, acknowledge and deliver:   (a) any and all declarations (including a declaration of single zoning lot) or other instrument solely affecting the Residential Section that the Residential Board deems necessary or appropriate to comply with any Law applicable to the maintenance, demolition, construction, alteration, repair, or restoration of the Residential Section and (b) any consent, covenant, restriction, easement, or declaration solely affecting the Residential Section that the Residential Board deems necessary or appropriate.

(xxii)   to prepare, execute, acknowledge and record on behalf of all Residential Unit Owners, as their attorney in fact, coupled with an interest, a restatement of these Residential Bylaws, whenever, in the Residential Board's estimation, it is advisable to consolidate and restate all amendments, modification, additions and deletions theretofore made to the same.

(xxiii)   to prepare, execute, acknowledge and institute on behalf of all Residential Unit Owners, as their attorney-in-fact, coupled with an interest, protests of real property tax assessments and tax certiorari proceedings with respect to all Residential Units and to assess any costs incurred thereby as a Residential Common Expense.

(xxiv)   to commence summary eviction proceedings in the name of or on behalf of the Residential Board and/or a Residential Unit Owner or Residential Unit Owners, as the case may be, against an authorized guest and/or a Tenant of a Residential Unit Owner if such authorized guest and/or Tenant does not conform to the Rules and Regulations annexed to the Condominium Bylaws and the Residential Rules and Regulations, annexed hereto as Addendum 1, as such Residential Rules and Regulations may at any time and from time to time, be modified, amended or added to in accordance with the terms of these Residential Bylaws.   All costs in connection with the removal of the authorized guest and/or Tenant, including reasonable attorney's fees, shall be borne by the Residential Unit Owner.

(xxv)    to impose move-in fees and charges and transfer fees in connection with the sale or lease of a Residential Unit, provided no such fees or charges or other conditions of transfer or lease may be imposed upon Principal Unit Owner or its designee.

(xxvi)    to acquire, finance the acquisition of, and maintain the Resident Manager's Unit and otherwise deal in any way with respect to such Resident Manager's Unit, including without limitation the execution, replacement or refinance of the purchase money mortgage(s) and note(s) with respect to the acquisition of such Resident Manager's Unit from the Principal Unit Owner including, without limitation, the right to (i) assign to the Principal Unit Owner or its designee and/or the institutional lender as additional collateral for the loan, the Residential Section's rights in and to receive future income of all types, including the common charges; (ii) create a security interest in, assign, pledge, mortgage or otherwise encumber funds or other real or personal property that it holds; (iii) agree to increase Residential Common Charges to the extent necessary to pay the amounts due under the loans; and (iv) agree that Residential Common Charges be treated as trust funds to the extent necessary to make required payments to either the Principal Unit Owner or its designee or the institutional lender.

(xxvii)    to carry out any other duties imposed upon the Residential Board pursuant to the Declaration, the Condominium Bylaws and these Residential Bylaws.

(B)    The Residential Board shall be responsible for carrying out the duties imposed upon it under the Condominium Documents regardless of whether a Residential Unit is vacant or occupied by the owner thereof or by a permitted lessee or other permitted occupant.

Section 2.5    *Certain Limitations on the Powers of the Residential Board.*

(A)    Notwithstanding anything to the contrary contained in these Residential Bylaws, so long as Principal Unit Owner shall continue to own at least 25% in both number and aggregate Residential Common Interests of all Residential Units , but in no event later than 5 years after the First Residential Unit Closing, the Residential Board may not, without Principal Unit Owner's prior written consent (but subject in any event to any requirements of the Condominium Documents):

(i)    make any addition, alteration, or improvement to the Residential Section, unless the same shall be required by Law;

(ii)    assess any Residential Common Charges or Special Assessments for the creation or replacement of, or the addition to, all or any part of a reserve, contingency, or surplus fund;

(iii)    increase or decrease the number of, or change the kind of employees hired for the Residential Section from those described in the First Years Budget set forth in the Offering Plan;

(iv)    enter into any service or maintenance contracts for work or otherwise contract for work or otherwise provide services in excess of those described the First Year's Budget set forth in the Offering Plan, except as is required to reflect normal annual increases in operating services incurred in the ordinary course of business;

(v)    borrow money on behalf of the Residential Unit Owners; or

(vi)    exercise a right of refusal to lease or purchase a Residential Unit.

The written consent of Principal Unit Owner shall not be necessary to perform any function or take any action described in clauses (i) through (vi) above, if, and only if, the performance of such

action or the carrying out of such action is necessary (and no other alternative is available) to enable the Residential Board to: (i) comply with Law; or (ii) remedy any notice of violation; (iii) remedy any work order of the Condominium's insurer; or (iv) comply with its obligations (or the obligations of the Residential Unit Owners) under the Condominium Documents or (iv) make any repair, replacement and/or installation which is necessary for the preservation or safety of the Building or the safety of its occupants.

Section 2.6    *Exercise and Delegation of Powers and Duties.*

(A)    Any act within the power of the Residential Board to perform, and deemed necessary or desirable to be performed by the Residential Board pursuant to these Residential Bylaws, the Declaration or the Condominium Bylaws, shall be performed by the Residential Board or shall be performed on its behalf and at its direction by the agents, employees, or designees of the Residential Board.

(B)    The Residential Board may appoint an Executive Committee by duly adopted resolution, which Executive Committee shall have, and may exercise, all of the powers of the Residential Board, subject to both the exceptions and limitations as the Residential Board may from time to time deem appropriate, during the intervals between the meetings of the Residential Board.  In addition, the Residential Board may from time to time appoint, by duly adopted resolutions, such other committees as the Residential Board may deem appropriate to perform such duties and services as the Residential Board shall direct, each of which committees shall have, and may exercise, all of the powers delegated to it in its enabling resolution, subject, however, to the exceptions and limitations contained in paragraph (D) of this Section 2.6.

(C)    The Residential Board may employ a Managing Agent to serve at a compensation approved by the Residential Board and to perform such duties and services as the Residential Board shall direct.  Subject to the exceptions and limitations contained in paragraph (D) of this Section 2.6, the Residential Board may delegate to the Managing Agent any of the powers granted to the Residential Board in these Residential Bylaws.  No such delegation shall release the Residential Board from its obligations and liabilities under the Condominium Documents.

(D)    Notwithstanding anything to the contrary contained in this Section 2.6, the Executive Committee and the Managing Agent shall neither have nor be entitled to exercise, and the Condominium Board shall not delegate to either of them or to any other committee, the powers or duties described in subparagraphs (ii), (iv), (v), (vi), (xiii), (xiv), (xv), (xvi) and (xvii) of paragraph (A) of Section 2.4 hereof.  In addition, neither the Managing Agent nor any of the committees described in paragraph (B) of this Section 2.6 shall have, or be entitled to exercise, any of the powers of the Residential Board, except to the extent permitted by Law.

(E)    For convenience of operation of the Residential Section, the Residential Board may, with the consent of the Condominium Board or as otherwise provided for in the Declaration or Bylaws, designate the Condominium Board to act as its agent with respect to any matter the determination of which is entitled to be made by the Residential Board and, in connection with such designation, may execute, acknowledge and deliver any application, instrument or document, including, without limitation, any power of attorney or indemnification from liability that such designated party may request.

(F)    Any action required or permitted to be taken pursuant to the provisions of these Residential Bylaws, the Condominium Bylaws or the Declaration by the Residential Board may, solely if and to the extent required by any applicable Law, be taken by the Residential Board (upon not less than five (5) business days prior written notice to the Condominium Board in accordance with the Condominium Bylaws) in the name of the Condominium Board which shall, upon request, execute, acknowledge and deliver any and all such instruments, documents or applications specifically required by applicable law to be in the name of the Condominium Board (copies of which shall be provided to the Condominium Board together with the aforementioned notice); provided, however, that the Residential Board shall, subject to the provisions of Section 2.20 of these Residential Bylaws, indemnify and hold harmless the Condominium Board and the

Verizon Units Owner from any expense or liability thereof or therefrom, and each Residential Unit Owner hereby releases the Condominium Board and the Verizon Units Owner from and against all claims and liability arising out of any action taken by the Residential Board pursuant to this Section 2.6 F.

Section 2.7    *Number, Election and Qualification of Members*. Until the first annual meeting of the Residential Unit Owners held pursuant to the terms of Section 4.1 hereof, the Residential Board ("Residential Board") shall consist of 3 individuals, all of which are to be designated from time to time by the Principal Unit Owner . From and after the first annual meeting of the Residential Unit Owners and for so long as the Principal Unit Owner continues to own at least 1 Unsold Residential Unit, the Residential Board shall consist of 5 individuals who shall be elected and/or designated in accordance with the terms of these Residential Bylaws by the Residential Unit Owners (including Principal Unit Owner) (collectively, the "Members"). Except for Members designated by Principal Unit Owner pursuant to the terms of this Section 2.7 or of Section 2.10 or 4.9 hereof, all Members of the Residential Board shall be either: (i) individual Residential Unit Owners or adult family members of an individual Residential Unit Owner; or (ii) individual Listed Mortgagees; or (iii) officers, directors, shareholders, partners, principals, employees, or beneficiaries of corporations, partnerships, fiduciaries, or any other entities that are Residential Unit Owners or Listed Mortgagees. After the Initial Control Period, a majority of the Members of the Residential Board must be owner-occupants of the Residential Section who are unrelated to the Principal Unit Owner or its principals. In addition, no individual may be elected to serve on the Residential Board, (nor may continue to serve on the Residential Board) if the Residential Board and/or the Condominium Board has perfected a lien against such Residential Unit and the amount necessary to release such lien has not been paid at the time of such election, or so long as such lien remains unpaid. In no event may more than one individual of a designated Residential Unit serve on the Residential Board or as an officer of the Residential Board at the same time during the term of office. In addition, 2 of the Members of the Residential Board shall also serve as the representatives of the Residential Section on the Condominium Board, as herein described designated as provided in Section 4.13 hereof.

Section 2.8    *Term of Office of Members*. The term of office of the 3 Members of the Residential Board designated by the Principal Unit Owner prior to the first annual meeting of the Residential Unit Owners shall expire when the 5 individuals to be elected and/or designated at such meeting are so elected and qualified or designated, as the case may be. The term of office of each of the 5 individuals elected and qualified or designated, as the case may be, at the first annual meeting of the Residential Unit Owners pursuant to the terms of Section 4.9 hereof, shall be fixed at 1 year. Notwithstanding anything to the contrary contained in this Section 2.8, however, each Member of the Residential Board shall serve until a successor shall be elected and qualified or designated, as the case may be.

Section 2.9    *Removal and Resignation of Members*.

(A)    Any Member of the Residential Board who was elected thereto either by the Residential Unit Owners, pursuant to the terms of Section 4.9 hereof, or by the Residential Board, pursuant to the terms of Section 2.10 hereof, may be removed from office, with or without cause, by a vote of a Majority of Residential Unit Owners. Any Member of the Residential Board who was designated as such by the Principal Unit Owner pursuant to the terms of Section 2.7, 2.10, or 4.9 hereof, may be removed, with or without cause, only by the Principal Unit Owner. If any Member of the Residential Board who was designated by the Principal Unit Owner is removed, the successor shall also be designated by the Principal Unit Owner. Any Member of the Residential Board whose proposed removal is to be acted upon at a meeting of the Residential Unit Owners shall be given prior written notice thereof and an opportunity to be present and heard thereat.

(B)     Any Member of the Residential Board may resign such Member's membership at any time by giving written notice thereof to the Residential Board.  In addition, any Member of the Residential Board who shall cease to be qualified for membership pursuant to the terms of Section 2.7 hereof shall be deemed to have resigned such Member's membership effective as of the date upon which such qualification shall cease.  Any Member of the Residential Board who also serves on the Condominium Board and is removed for cause from the Condominium Board shall be deemed, ipso facto, to have been removed for cause from the Residential Board.

Section 2.10     *Vacancies.*

(A)     Any vacancy on the Residential Board that is caused by the removal, resignation, or death of a Member who was elected thereto by the Residential Unit Owners shall be filled by an individual who is qualified to be a Member pursuant to the terms of Section 2.7 hereof and who is elected by a vote of the majority of the Members of the Residential Board elected or designated by the Residential Unit Owners then in office. A special meeting of the Residential Board shall be held for the purpose of filling any such vacancy promptly after the occurrence thereof, and the election held thereat shall be effective to fill such vacancy even if the number of Members present at such meeting shall not constitute a quorum.

(B)     Any vacancy on the Residential Board that is caused by the removal, resignation, or death of a Member who was designated as such or elected by the Principal Unit Owner shall be filled by an individual designated by the Principal Unit Owner.

(C)     Each Member of the Residential Board who is elected thereto or designated as such to fill a vacancy pursuant to the terms of paragraph (A) or (B), respectively, of this Section 2.10 shall serve as a Member of the Residential Board for the remainder of the term of the Member replaced and until a successor shall be selected and qualified at the appropriate annual meeting of the Residential Unit Owners pursuant to the terms of Section 4.9 hereof.

Section 2.11     *Organizational Meeting of the Residential Board.*  The first meeting of the Residential Board following each annual meeting of the Residential Unit Owners shall be held within 20 days of such annual meeting, at such time and place as shall be both fixed informally by a majority of the Members of the Residential Board and designated by the Secretary in a written notice given to all Members thereof by personal delivery, mail, or telegram not later than 5 business days prior to such date.  At such meeting, the officers of the Residential Board shall be elected.

Section 2.12     *Regular Meetings of the Residential Board.*  Regular meetings of the Residential Board may be held at such time and place as shall be determined from time to time by a majority of the Members thereof, provided that at least 4 such meetings shall be held during each fiscal year.  Written notice of all regular meetings of the Residential Board shall be given by the Secretary to each Member thereof by personal delivery, mail, overnight courier, facsimile or e-mail, at least 5 business days prior to the day named for such meeting.

Section 2.13     *Special Meetings of the Residential Board.*  The President may call a special meeting of the Residential Board whenever the President deems the same to be necessary or desirable. However, the President shall call such a meeting upon the written request of 3 or more Members of the Residential Board.  Written notice of all special meetings shall be given by the Secretary to each Member thereof by personal delivery, mail, overnight courier, facsimile, or e-mail at least 3 business days prior to the day named for such meeting, which notice shall state the time, place and purpose of the meeting.

Section 2.14     *Waiver of Notice of Meetings.*  Any Member of the Residential Board may, at any time, waive notice of any meeting thereof in writing, and such waiver shall be deemed equivalent to the giving of notice.  Attendance by a Member of the Residential Board at any meeting thereof shall constitute a

waiver by the Member of notice of the time and place thereof.  If all of the Members of the Residential Board are present at any meeting thereof, no notice of such meeting shall be required and any business may be transacted at such meeting.

Section 2.15    *Quorum of the Residential Board*.  A quorum of the Residential Board is required to be present at a Residential Board meeting in order to make any determination or to transact any business.  To constitute a quorum of the Residential Board, attendance of a majority of all of the Members of the Residential Board will be required for any business relating to the Residential Section, the Residential Common Expenses, or all or a portion of the Residential Units.

In connection therewith, one or more Members of the Residential Board may participate in any meeting thereof by means of a conference telephone or similar communications equipment permitting all individuals participating in the meeting to hear each other at the same time, and such participation shall constitute presence at such a meeting for all purposes.  If, at any meeting of the Residential Board, there shall be less than a quorum present, a majority of the Members of the Residential Board in attendance may adjourn the meeting from time to time.  At any such adjourned meeting at which a quorum is present, any business that might have been transacted at the meeting originally called but for the lack of a quorum may be transacted without further notice.

Section 2.16    *Conduct of Meetings*.  The President shall preside at all meetings of the Residential Board, and the Secretary shall faithfully record the minutes thereof, which minutes shall include the full text of all resolutions duly adopted by the Residential Board and a record of all transactions and proceedings occurring thereat.  The then current edition of Robert's Rules of Order, or any other rules of procedure from time to time acceptable to a majority of the Residential Board, shall govern the conduct of the meetings of the Residential Board unless the same shall be in conflict with the terms of these Residential Bylaws, or the Condominium Act.

Section 2.17    *Decisions by the Residential Board*.  Except as otherwise provided in the Declaration or these Residential Bylaws, the vote of a majority of the Members attending a duly constituted meeting of the Residential Board at which a quorum is present shall decide all matters on behalf of the Residential Board.

Alternatively, any decision that is required or permitted to be made by the Residential Board may be made without a meeting thereof if all of the Members of the Residential Board shall individually or collectively consent in writing to such decision, and all such written consents shall be duly filed by the Secretary of the Condominium in the minutes of the Residential Board.

Section 2.18    *Compensation of Members*.  No Member of the Residential Board shall receive any compensation for acting as such.

Section 2.19    *Common or Interested Members of the Residential Board*.  Each Member of the Residential Board shall perform duties, and shall exercise powers, in good faith and with a view to the interests of the Residential Section. To the extent permitted by Law, no contract or other transaction between the Residential Board and either (i) any of its Members or (ii) any corporation, partnership, fiduciary, firm, association, or other entity in which any of the Members of the Residential Board are officers, directors, employees, partners, fiduciaries, beneficiaries, or principals, or are otherwise interested, pecuniarily or otherwise, shall be deemed either void or voidable because either (a) any such Member of the Residential Board was present at the meeting or meetings of the Residential Board during which such contract or transaction was discussed, authorized, approved, or ratified, or (b) the vote of any such Member was counted for such purpose, provided, however, that either:  (x) the fact thereof is disclosed to, or known by, the Residential Board or a majority of the Members thereof and noted in the minutes thereof, and the Residential Board shall authorize, approve, or ratify such contract or transaction in good faith by a vote of a majority of

the entire Residential Board, less the number of such Members; or (y) the fact thereof is disclosed to, or known by, a Majority of Residential Unit Owners, and a Majority of Residential Unit Owners shall authorize, approve, or ratify such contract or transaction.

Any such Member of the Residential Board may be counted in determining the presence of a quorum of any meeting of the Residential Board that authorizes, approves, or ratifies any such contract or transaction, but no such Member shall be entitled to vote threat to authorize, approve, or ratify such contract or transaction.

Section 2.20    *Indemnification.*

2.20-1   Indemnification of Members and Officers.

2.20-1.1 To the extend permitted by Law, the Members of the Residential Board shall have no personal liability with respect to any contract, act or omission of the Residential Board or of any managing agent or manager in connection with the affairs or operation of the Residential Section (except in their capacities as Residential Unit Owners) and the liability of any Residential Unit Owner with respect thereto shall be limited as set forth in Section 4.12 hereof.  Every contract made by the Residential Board or by such managing Agent or manager shall state that it is made by the Residential Board or the managing agent or manager, only as agent for all Residential Unit Owners and that the Members of the Residential Board or the managing agent or manager shall have no personal liability thereon (except, with respect to Memberts of the Residential Board, in their capacities as Residential Unit Owners).  Any such contract may also provide that it covers the assets, if any, of the Residential Board.  To the extent permitted by Law, the Members of the Residential Board shall have no liability to Residential Unit Owners except that a Member of the Residential Board shall be liable for such Member's own bad faith or willful misconduct.  All Residential Unit Owners shall jointly and severally, to the extent of their respective interests in their Residential Units and their appurtenant Residential Common Interests, indemnify each Member of the Residential Board against any liability or claim except those arising out of such Member's own bad faith or willful misconduct.  The Residential Board may contract or effect any other transaction with any Member of the Residential Board, any Residential Unit Owner, the Principal Unit Owner or any affiliate of any of them without incurring any liability for self-dealing, except in cases of bad faith or willful misconduct.

2.20-1.2 Neither the Residential Board nor any Member thereof shall be liable for either:

(i)    any failure or interruption of any utility or other services to be obtained by, or on behalf of, the Residential Board or to be paid for as a Residential Common Expense except when any such failure or interruption is cause by the acts of bad faith or willful misconduct of the Residential Board or any Member thereof; or

(ii)    any injury, loss or damage to any individual or property, occurring in or upon either a Residential Unit or the Residential Common Elements and either: (a) caused by the elements, by any Residential Unit Owner, or by any other Person; (b) resulting from electricity, water, snow, or ice that may leak or flow from a Residential Unit or any portion of the Residential Common Elements; or (c) arising out of theft or otherwise.

# ARTICLE 3

# OFFICERS

Section 3.1    *General.*  The principal officers of the Residential Section shall be the President, the Vice President, the Secretary and the Treasurer, all of whom shall be elected by the Residential Board.  The Residential Board may appoint an Assistant Treasurer, an Assistant Secretary and such other officers as in its

discretion may be necessary or desirable. Nothing herein shall preclude any officer of the Residential Section from also being an officer of the Condominium Board, or any officer of the Condominium Board from also being an officer of the Residential Section, if otherwise qualified under the terms of these Residential Bylaws and the Condominium Bylaws, as applicable. Unless prohibited by applicable Law, any two or more offices of the Residential Section may be held by the same person. All agreements, contracts, deeds, leases, checks and other instruments of the Residential Section shall be executed, upon the direction of the Residential Board, by any two officers of the Residential Section or by such lesser number of officers or by such other person or persons as may be designated from time to time by the Residential Board. In addition to the foregoing, the Residential Board may authorize the managing agent or manager serving on its behalf to execute checks, provided that the expenditures, and the managing agent's or manager's paying for same, have been approved in advance by resolution of the Residential Board or have been authorized by two officers of the Residential Section.

Section 3.2    *President*.  The President of the Residential Section shall be the chief executive officer of the Residential Section and shall preside at all meetings of the Residential Unit Owners and of the Residential Board. The President shall have all of the general powers and duties that are incident to the office of president of a stock corporation organized under the Business Corporation Law of the State of New York (hereinafter referred to as the "BCL"), including, but not limited to, the power to appoint the members of all committees created by the Residential Board from amongst the Residential Unit Owners from time to time as the President may decide, in the President's discretion, are appropriate to assist in the conduct of the affairs of the Residential Section.

Section 3.3    *Vice President*.  The Vice President of the Residential Section shall take the place of the President and perform the President's duties whenever the President shall be absent or unable to act. If both the President and the Vice President are unable to act, the Residential Board shall appoint some other Member of the Residential Board to act in the place of the President on an interim basis. The Vice President shall also perform such other duties as shall be imposed upon the Vice President from time to time by the Residential Board or by the President.

Section 3.4    *Secretary*.  The Secretary of the Residential Section shall keep the minutes of all meetings of the Residential Unit Owners and of the Residential Board. The Secretary shall have charge of such books and papers as the Residential Board shall direct and, in general, shall perform all of the duties that are incident to the office of secretary of a stock corporation organized under the BCL.

Section 3.5    *Treasurer*.  The Treasurer of the Residential Section shall have the care and custody of the funds and securities of the Residential Section and shall be responsible for keeping full and accurate financial records and books of account thereof, showing all receipts and disbursements necessary for the preparation of all required financial data. The Treasurer shall be responsible for the deposit of all funds and other securities in the name of the Residential Board or in the name of the managing agent in such depositories as may from time to time be designated by the Residential Board and, in general, shall perform all of the duties incident to the office of treasurer of a stock corporation organized under the BCL.

Section 3.6    *Election, Term of Office and Qualification of Officers*.  Each of the officers of the Residential Section shall be elected annually by a majority vote of all Members of the Residential Board taken at the organizational meeting thereof and at any other meeting as may be required to fill a vacancy thereof, and shall serve at the pleasure of the Residential Board. The President, Vice President, and the Treasurer shall be elected from amongst the Members of the Residential Board. Such officers need not be Residential Unit Owners and need not have any interest in the Residential Section if they are designated by the Principal Unit Owner. Such officers must be Residential Unit Owners if they are elected by the other Residential Unit Owners. The other officers of the Residential Board need not be Residential Unit Owners and need not have any interest in the Residential Section.

Section 3.7      *Removal and Resignation of Officers*.  Any officer of the Residential Section may be removed from office, with or without cause, by an affirmative vote of a majority of the Members of the Residential Board.  Any officer who was designated by the Principal Unit Owner, may be removed, with or without cause, only by the Principal Unit Owner.  If any officer who was designated by the Principal Unit Owner is removed, the successor shall also be designated by the Principal Unit Owner.  In addition, any officer may resign at any time by giving written notice to the Residential Board.  Finally, if the President, Vice President, or the Treasurer of the Residential Section shall cease to be or shall be suspended as a Member of the Residential Board during their term of office, such officer shall be deemed to have resigned office effective upon the date upon which the membership shall cease.

Section 3.8      *Vacancies*.  Any vacancy in an office shall be filled by a majority vote of the Members of the Residential Board at any regular meeting of the Residential Board or at a special meeting thereof called for such purpose.

Section 3.9      *Compensation of Officers*.  No officer of the Residential Section shall receive any compensation from the Condominium for acting as such.

Section 3.10      *Indemnification of Officers*.  Each officer shall be indemnified as set forth in Section 2.20.

## ARTICLE 4

## RESIDENTIAL UNIT OWNERS

Section 4.1      *Annual Meetings of the Residential Unit Owners*.   The first annual meeting of the Residential Unit Owners shall be held approximately 30 days after the later to occur of (i) the second anniversary of the First Closing; or (ii) the Closing of Title with Purchasers under the Offering Plan of Residential Units representing at least 50% in number of all Residential Units offered for sale.  At such meeting, a 5 Member Residential Board shall be elected, as provided both in this Article 4 and in Article 2 hereof.  Thereafter, annual meetings of the Residential Unit Owners shall be held on or about the anniversary date of the first annual meeting of the Residential Unit Owners.  At each such subsequent meeting, the Residential Unit Owners (including the Principal Unit Owner) shall elect successors to the Members of the Residential Board whose term of office expires on the day of such meeting and shall transact such other business as may properly come before such meeting.

Section 4.2      *Special Meetings of the Residential Unit Owners*.  The President shall call a special meeting of the Residential Unit Owners whenever so directed by a duly adopted resolution of the Residential Board or upon receipt by the Secretary of a petition calling for such a meeting signed by Residential Unit Owners having, in the aggregate, not less than 40% of the Residential Common Interest.  Each such resolution or petition shall set forth, in reasonable detail, the purposes for calling such a meeting, and no business shall be transacted at such special meeting except business reasonably related to such stated purposes.

Section 4.3      *Place of Meetings*.  Meetings of the Residential Unit Owners shall be held at the principal office of the Residential Section or at such other suitable and convenient place in the Borough of Manhattan as may be designated by the Residential Board.

Section 4.4      *Notice of Meetings*.

(A)      The Secretary of the Residential Section shall give notice of each annual or special meeting of the Residential Unit Owners to all Residential Unit Owners then of record entitled to vote at such

meeting, which notice shall set forth the purpose, time and place of such meeting.  Such notice may be given to any Residential Unit Owner by personal delivery, mail, or telegram addressed to the Residential Unit Owner's address at the Property, not less than 10 nor more than 40 days prior to the day fixed for the meeting.  Any Residential Unit Owner may designate an address for the giving of notice other than such Residential Unit Owner's address at the Property by giving written notice thereof to the Secretary of the Residential Section not less than 10 days prior to the giving of notice of the applicable meeting.

(B)     If the business to be conducted at any meeting of the Residential Unit Owners shall include the consideration of a proposed amendment to the Declaration, these Residential Bylaws, or the Condominium Bylaws, the notice of such meeting shall be mailed to all Residential Unit Owners at least 30 days prior to the day fixed for such meeting and shall be accompanied by a copy of the text of such proposed amendment.

Section 4.5     *Quorum of the Residential Unit Owners*.  Except as otherwise provided in these Bylaws, the presence, in person or by proxy, of Residential Unit Owners owning Residential Units to which 40% or more of the aggregate Residential Common Interest shall constitute a quorum at all meetings of the Residential Unit Owners.  If, at any meeting of the Residential Unit Owners, there shall be less than a quorum present, a majority of the Residential Unit Owners present at such meeting, either in person or by proxy, may adjourn the meeting to a time not less than 48 hours from the time fixed for the original meeting.

Section 4.6     *Conduct of Meetings*.  The President shall preside at all meetings of the Residential Unit Owners, and the Secretary shall faithfully record the minutes thereof, which minutes shall include the full text of all resolutions duly adopted by the Residential Unit Owners and a record of all transactions and proceedings occurring thereat.  The then current edition of Robert's Rules of Order, or any other rules of procedure acceptable to a majority of the Residential Unit Owners present at any meeting, in person or by proxy, shall govern the conduct of the meetings of the Residential Unit Owners, unless the same shall be in conflict with the terms of the these Residential Bylaws or the Condominium Act.  All votes of the Residential Unit Owners shall be tallied by the persons appointed by the presiding officer of the meeting.

Section 4.7     *Order of Business*.  The order of business at all regular meetings of the Residential Unit Owners shall be as follows:

(A)     Roll call;

(B)     Proof of notice of meeting;

(C)     Reading of the minutes of the preceding meeting (unless waived);

(D)     Reports of officers of the Residential Section;

(E)     Reports of Members of the Residential Board;

(F)     Reports of committees;

(G)     Election of inspectors of election (when so required);

(H)     Election of Members of the Residential Board (when so required);

(I)     Unfinished business; and

(J)     New business.

The order of business at meetings of Residential Unit Owners can be adjusted in the sole discretion of the Residential Board.