# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>              v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br>    Defendant. | CV 16-5376 DSF (PLAx)<br><br>Order GRANTING IN PART and DENYING IN PART Ex Parte Application to Unseal Documents (111) |

The United States has moved to unseal certain filings in this case related to the sale of the res real property. Claimant Board of Mangers of the Walker Tower Condominium opposes the application.

The Board fails to provide any valid reason why the documents at issue should stay under seal. One reason given is "the likelihood that the other Walker Tower condominium owners will lose millions of dollars of equity if PH1 is sold . . . at a price that is substantially below the fair market value." This has nothing to do with the confidentiality, or lack thereof, of the documents at issue. The other reason given is that "the Government's true motivation for wanting to unseal the subject declarations is to litigate the current dispute in the media and protect itself from further public criticism that it struck a bad deal . . . and, if the current contract closes, it will harm victims who could have recovered more funds had the government done a better job marketing the property and negotiating the sale price after it had rejected several much higher offers in 2019." How making the documents at issue public "protect[s] [the government] from further public criticism that it struck a bad deal" is not explained and certainly not self-evident.

However, the Court is concerned that the interests of declarant Emily Beare have not been adequately addressed by either party. Beare, the broker retained to sell the property. provided a supplemental declaration with her detailed analysis of the high-end New York residential real estate market. It appears that unsealing this supplemental declaration could prejudice Beare in future transactions and it will not be unsealed.

The ex parte application is GRANTED IN PART and DENIED IN PART. The Clerk is ordered to unseal docket numbers 100 and 104. Docket number 102 will remain under seal absent a further showing by the government.

IT IS SO ORDERED.

Date: June 30, 2020

*Dale S. Fischer*

Dale S. Fischer
United States District Judge