# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>　　　　v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br>　　Defendant. | CV 16-5376 DSF (PLAx)<br><br>Order DENYING Ex Parte Application for Stay Pending Appeal (Dkt. No. 127) |

　　Claimant The Board of Managers of the Walker Tower Condominium has moved, ex parte, to stay the Court's July 27, 2020 Order Granting Motion to Enforce Judgment.  The government opposes the ex parte application.

　　The Court finds that there is not a sufficient basis for relief on an expedited basis because any exigency that may exist was caused by the Board's delay.  The Board's potential desire for a stay should have been evident during the merits briefing on the motion to enforce judgment, and there is no reason that the Board should not have at least been preparing to seek a stay should it lose that motion.  At the very least, a motion for a stay could have been filed at any point after July 27.  Nonetheless, the Board waited until August 13 to file, ex parte, for a stay, only one day prior to the scheduled closing date for the sale of the Property.  This also provided the government with only one day to respond rather than the one week it would have had with a regularly scheduled motion.

　　The Court also declines to issue a stay on the merits of the ex parte application.  "A plaintiff seeking a preliminary injunction must

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011).  Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135 (internal quotation marks omitted).

The Court finds that there are serious questions going to the merits of the case.  While the Court obviously disagreed with the Board's argument, it is not a simple or clear-cut issue, and the Board may prevail on appeal.

However, the Court does not believe that there is a substantial likelihood of irreparable harm to the Board.  The Board argues that its right of first refusal would be completely and irreparably destroyed if the Property were to be transferred to the government's buyer.  But the Board's issue with the sale and its desire to use the right of first refusal is purely monetary. The Board does not want to take ownership of the Property.  It wants to prevent the sale of the Property to the government's buyer because of the arm's-length price that the government has procured in the open market. The Property would be transferred to the Board's "designee," who will pay the same nominal sale price as the government's buyer but will also provide $2.5 million to the Board for the privilege.  The claimed loss is the $2.5 million, which can obviously be compensated, and the supposed diminishment in value of the other properties in the building by having the Property sold at the government's price. But the Board's price is the same as the

government's price, so it is unclear why one allegedly low sales price is better than the other.

The Board's potential sale is also premised on the Board's buyer relisting the Property for sale at a far higher price than the government was able to obtain after the Property spent months on the market being sold by a very experienced and reputable broker. The Court is very skeptical that there is any legally compensable harm created by an inability to pretend that your property is worth more than it actually is on the open market, let alone irreparable harm from losing that ability. It is also relevant to again note that the Board had previously agreed to an interlocutory sale in a price range that includes the government's sale price. This adds to the Court's skepticism that the Board would suffer actual harm, irreparable or otherwise, from the government's sale of the Property other than the loss of the $2.5 million fee.

For similar reasons, the balance of the equities weighs against a stay. The Board's potential irreparable harm is, at best, flimsy and speculative. On the other hand, the potential harm to the government and the government's buyer from granting a stay is obvious and immediate. It is very unlikely that the buyer will agree to hold off the transaction until the resolution of the appeal in this case. And, in fact, the government has indicated that the buyer is unwilling to even put off the closing date for a short period. This means that a grant of the requested stay will essentially give the Board what it wants to get from its appeal – the failure of the government's sale at the government's negotiated price. What the Board lost on the merits of the motion to enforce judgment, it should not be able to gain by achieving a stay of the Court's order in favor of the government.

The public interest also weighs against a stay. There is a public interest in the government being able to sell properties acquired through the forfeiture process. If the Board is able to delay or scuttle such a sale after a buyer has spent time, effort, and money to come within a day of closing on a forfeited property, it may discourage other potential buyers of forfeited properties and lower the prices the government is able to obtain. In addition, there is the possibility of

litigation between the government and the government's buyer, plus the diminishment of the value the government can obtain from the Property due to continued accumulation of taxes and fees during the pendency of the appeal.

The ex parte application for a stay pending appeal is DENIED.

IT IS SO ORDERED.

Date: August 18, 2020

                                                  Dale S. Fischer
                                                  United States District Judge