**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff-Appellee,<br><br>  v.<br><br>BOARD OF MANAGERS OF THE WALKER TOWER CONDOMINIUM, AKA Residential Section of the Walker Tower Condominium,<br><br>         Claimant-Appellant,<br><br> and<br><br>S. A.K.A.; et al.,<br><br>         Claimants,<br><br>  v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>         Defendant. | No.   20-55781<br><br>D.C. No.<br>2:16-cv-05376-DSF-PLA<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 9, 2021
Pasadena, California

Before:  WATFORD and BUMATAY, Circuit Judges, and FREUDENTHAL,[**] District Judge.

The United States initiated this civil forfeiture action against a Walker Tower condominium located in New York, New York.  The Board of the Walker Tower association entered a consent judgment with the government, agreeing to surrender "all right, title, and interest" in the property.  When the government sought to sell the property to a third party, the Board attempted to invoke its right of first refusal ("ROFR") as provided by the condominium's bylaws.

After the United States moved to enforce the consent judgment, the district court held that the Board had forfeited its ROFR.  The district court denied the Board's request to stay its order.  The Board did not request a stay before this court.  The government proceeded to sell the property to a third party.  The Board appealed.  Having completed the sale, the United States now argues the appeal is moot.  We agree.

Article III jurisdiction must exist "at all stages of review, not merely at the time the complaint is filed."  *Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012) (simplified).  And jurisdiction is lost "if no present controversy

---

[**]    The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

exists as to which an appellate court can grant effective relief." *Id.* That is the case here. Even if the consent judgment did not extinguish its ROFR, the Board would not be able to exercise that right because the sale has already occurred. *See In Def. of Animals v. U.S. Dep't of Interior*, 648 F.3d 1012, 1013 (9th Cir. 2011) (per curiam) (appeal to prevent roundup of wild horses moot where roundup had already been conducted).

The Board argues that the appeal is not moot because there are still potential avenues for relief. But before the district court, the Board moved only for a declaration that its ROFR survived the consent judgment and for an order directing the government to close the sale with the Board's designee. The sale is complete, however, and the harm to the Board cannot be "undone" by granting the Board's requested relief. *Am. Horse Prot. Ass'n, Inc. v. Watt*, 679 F.2d 150, 151 (9th Cir. 1982) (per curiam). As the Board conceded, any relief must now be sought in state court. This appeal is therefore moot.

When an appeal becomes moot, our "ordinary practice" is to vacate the order or judgment being appealed. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 482 (1990); *see United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950) ("When that procedure is followed, the rights of all parties are preserved[.]"). Accordingly, we

**VACATE** the district court's order granting the government's motion to enforce the consent judgment and **DISMISS** the appeal.[1]

---

[1] We also grant the Board's unopposed motion for judicial notice (Dkt. No. 40), and the government's motion to file a late response to the Board's motion (Dkt. No. 45).